FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
NOV 27 2017
JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF ARKANSAS

### WESTERN DIVISION 4

JAMES ANDREW TANNER                                        **PLAINTIFF**

vs.                                    No. 4:17-CV-780 SWW

KURT ZIEGENHORN IN HIS INDIVIDUAL CAPACITY,

COLONEL BILL BRYANT IN HIS OFFICIAL                    **DEFENDANTS**

CAPACITY AS HEAD OF THE ARKANSAS

STATE POLICE, AN AGENCY OF THE

STATE OF ARKANSAS; WILLIAM "BILL"

SADLER IN HIS INDIVIDUAL CAPACITY;

JOHN AND JANE DOE 1-5, INDIVIDUALLY

AND IN THEIR OFFICIAL CAPACITY.

### CIVIL RIGHTS COMPLAINT AND REQUEST FOR JURY TRIAL

COMES NOW the Plaintiff, JAMES ANDREW "DREW" TANNER, by and through his

attorney of record, William Whitfield Hyman of King Law Group, PLLC, and for his Section 1983 and

1988 Civil Rights Complaint against Colonel Bill Bryant in his Official Capacity as head of the Arkansas

State Police, Kurt Ziegenhorn in his individual capacity, William "Bill" Sadler in his individual capacity,

and John and Jane Doe 1-5 in their official and individual capacity, would state and allege the following:

PARTIES This case assigned to District Judge Wright

and to Magistrate Judge Ray

1.   Plaintiff James Andrew Tanner (hereafter referred to as "Drew")  is an adult citizen and resident of Searcy, White County, Arkansas, in the Eastern District of Arkansas, Western Division 4, who at all material times herein did reside at 815 West Cherry, Searcy, Arkansas 72143.

2.   Defendant Colonel Bill Bryant is the administrative head of the Arkansas State Police, an agency of the State of Arkansas. He works at 1 State Police Plaza Dr, Little Rock, AR 72209.

3.   Kurt Ziegenhorn, an Arkansas resident and a State Trooper, is, and was during all relevant times, in the employ of the Arkansas State Police, an agency of the state of Arkansas. He resides at 3205 North Washington, Forrest City, Arkansas 72335.

4.   Defendant William "Bill" Sadler in his official and individual capacity, and John and Jane Doe 1-5 in their official and individual capacity. Bill Sadler is the Custodian of Records for purposes of the Arkansas Freedom of Information Act at the Arkansas State Police, and John and Jane Doe 1-5 due to their capacity as administrators of the Arkansas State Police's official Facebook page.  It is believed Defendant Bill Sadler also administers the Arkansas State Police's official Facebook page in some capacity.  He works at 1 State Police Plaza Dr, Little Rock, AR 72209.

5.   Bill Sadler and Defendants John Doe 1-5, employees of the ASP, because of their enforcement actions complained about in this action against the Plaintiff, are accordingly liable to Plaintiffs for damages and other relief as set forth in this Complaint.

6.   Plaintiff has reviewed all documents available to him and has made a diligent and good faith efforts to ascertain said persons' full names and identities; however, Plaintiff has been

unable to ascertain the identities of said John/Jane Doe Defendants because Defendant Arkansas State Police has violated Arkansas Freedom of Information laws by denying Plaintiff's requests for said information. The names, capacities, and relationships of defendants named as Doe Defendants will be alleged by amendment to this Complaint when they are revealed and thus properly identified.

7.   Plaintiffs reserve the right to amend this Complaint to add such parties as his true identities and capacities are ascertained through discovery or otherwise.

**JURISDICTION AND VENUE:**

8.   This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, 2201, and 2202, and supplemental, collateral and pendant jurisdiction of the state causes of action. This Court has personal jurisdiction over Defendants Trooper Kurt Ziegenhorn, Bill Sadler, as they are residents of the State of Arkansas and work for the Arkansas State Police, as it is a government entity, more specifically an agency of the State of Arkansas.

9.   This Court also has personal jurisdiction over each of the Defendants because they, inter alia, acted under the color of laws, policies, customs, and/or practices of the State of Arkansas and/or within the geographic confines of the State of Arkansas.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

**FIRST AND SECOND CAUSE OF ACTION:**

*Violation of State and Federal Freedom of Speech and Due Process Rights*

11. Every paragraph in this complaint is incorporated as though fully stated herein.

12. Just as the First Amendment has been held to protect television, radio, and other

3

developments in technology, online speech, including those comments posted and shared through Facebook, must be protected from Government infringement under the First Amendment. Trooper Ziegenhorn compelled Mr. Tanner to speak on November 29th, 2014, and December 3rd, 2014. Ziegenhorn compelled Mr. Tanner to speak his name, and also compelled him to declare whether or not he was carrying a weapon.

13. Defendants John Doe, Jane Doe, and Bill Sadler's actions in arbitrarily deleting comments and banning users, such as Drew Tanner, from participating on the ASP's official Facebook page, which was designed as an open public forum, is a violation of the First and Fourteenth Amendment to the United States Constitution and the current cause of action is within this Court's jurisdiction pursuant to 42 U.S.C. § 1983 and 1985. Compelling speech is also a First amendment violation. This was a violation of his statutory rights under A.C.A. § 16-123-101, 102, 103, 104, and 105 to not be wrongfully deprived of any rights by another who is working under color of any statute, ordinance, regulation, custom, or usage of a political subdivision of the State of Arkansas. In this instance, the Defendants violated the Plaintiff's free speech rights under the Arkansas Constitution, Article II Section 6.

14. Drew Tanner had his Facebook comments deleted in February and September 2016, and was subsequently blocked from the official ASP Facebook page. Screenshots of some of those comments and conversations with the administrators are attached as Plaintiff's Exhibit A.

15. In response to Mr. Tanner's official complaints lodged against Trooper Ziegenhorn, Ziegenhorn stalked Mr. Tanner, unlawfully detained and searched Mr. Tanner, and instituted criminal proceedings against Mr. Tanner.

16. The First amendment to the US Constitution and Article II Section 6 of the Arkansas

4

Constitution protects Mr. Tanner's freedom to speak out about and complain about the actions of government employees. Mr. Ziegenhorn's actions in regard to Mr. Tanner violated Mr. Tanner's rights.

### THIRD AND FOURTH CAUSE OF ACTION:

*Violation of State and Federal Due Process and Equal Protection Violation*

17. Every paragraph in this complaint is incorporated as though fully stated herein.

18. Plaintiff's comments were deleted and their participation banned without any explanation. Those comments and Drew's conversation with the administrators of the Facebook page are attached as Plaintiff's Exhibit A and fully incorporated herein.

19. Plaintiff's have no means to appeal the deletion and/or ban or seek relief from a higher authority.

20. According to a FOIA request denial by Bill Sadler, no policies or procedures had been developed or promulgated to help guide the decisions and actions of the ASP's Facebook fan page administrator at the time of the blocking and deleting of comments.

21. The ASP have since developed an Unconstitutional policy on it's face and as applied to the Plaintiff. The Policy is attached as Plaintiff's Exhibit B and fully incorporated herein.

22. The actions described herein amount to a clear and present danger to civil liberties; and importantly, Defendants have failed to establish and provide the necessary safeguards of due process required when dealing with fundamental rights. The actions complained herein infringe upon the civil rights guaranteed by the First and Fourteenth Amendment to the United States Constitution and must be found unconstitutional and the current cause of action is within this Court's jurisdiction pursuant to 42 U.S.C. § 1983 and 1985. This was a violation of his

statutory rights under A.C.A. § 16-123-101, 102, 103, 104, and 105 to not be wrongfully

deprived of any rights by another who is working under color of any statute, ordinance,

regulation, custom, or usage of a political subdivision of the State of Arkansas. In this instance,

the Defendants violated the Plaintiff's due process rights under the Arkansas Constitution,

Article II Section 8.

## FIFTH AND SIXTH CAUSE OF ACTION:

*Violation of State and Federal Right to Bear Arms, Right to be Free From Unreasonable*

*Searches and Seizures*

23. Every paragraph in this complaint is incorporated as though fully stated herein.

24. During the November 29th, 2014 incident and the December 3rd, 2014 incident Drew

Tanner was detained solely for the reason that he possessed or may have possessed a firearm.

Additionally, this had a chilling effect on Drew's right to bear arms.

25. This was a violation of Drew's natural right to bear arms, outlined under the 2nd

Amendment to the United States Constitution, and Article II Section 5 of the Arkansas

Constitution. These are viable causes of action under 42 U.S.C. § 1983 and 1985 as well as

A.C.A. § 16-123-101, 102, 103, 104, and 105.

26. On November 29th, December 3rd, and January 17th of 2015 Andrew Tanner was

unlawfully detained, arrested, and searched without reasonable suspicion or without probable

cause. Twice by Trooper Ziegenhorn who was acting under the color of law, and once by the

Searcy Police Officers while executing a warrant that was requested by Trooper Ziegenhorn for

the November 29th, 2014 incident. Once Mr. Tanner was arrested, he spent several hours in

jail, had to bond out, and had to hire an attorney in order to defend himself from the baseless

charge of "Obstructing Governmental Operations."

27. Trooper Ziegenhorn's actions during these three incidents violated the Plaintiff's 4th and 14th amendment rights to the United States Constitution to be free from unlawful and unreasonable seizures, arrests, and detentions, and under the Arkansas Constitution, Article II Section 15 that protects Plaintiff from the same unreasonable searches and seizures.

## SEVENTH AND EIGHTH CAUSE OF ACTION:

### *Malicious Prosecution and Abuse of Process*

28. Every paragraph in this complaint is incorporated as though fully stated herein.

29. Trooper Ziegenhorn committed the tort of Malicious Prosecution against James Andrew Tanner when he filled out a warrant for arrest that lacked probable cause on Mr. Tanner that omitted key facts of their interaction, causing the Plaintiff damages in the form of attorney's fees, appeal fees, bonding fees, missed work, and other extemporaneous fees.

30. Trooper Ziegenhorn pursued Mr. Tanner's criminal charges as a result of his dislike of Mr. Tanner, in response to Mr. Tanner's official complaints lodged with Ziegenhorn's employer, and other reasons.

31. Mr. Tanner was found not guilty of all charges. Trooper Ziegenhorn was not even based out of that local Troop, he stalked Mr. Tanner all the way from his home base in Forrest City, Arkansas. This is evidence that Trooper Ziegenhorn was using this process to harass Mr. Tanner. This Court has pendent jurisdiction over the state law subject matter of this suit and the parties herein.

32. The elements of Malicious Prosecution under Arkansas law are:

(1) a proceeding instituted or continued by the defendant against the plaintiff;

(2) termination of the proceeding in favor of the plaintiff;

(3) absence of probable cause for the proceeding;

(4) malice on the part of the defendant; and

(5) damages.

33. Defendant instituted and continued a proceeding against the Plaintiff; the proceedings ended in Plaintiff's favor; there was no probable cause for the proceedings Defendant instigated against Plaintiff; Defendant acted with malice and Plaintiff was damaged.

34. The elements of Abuse of Process are:

(1) damages;

(2) that defendant set in motion a legal proceeding directed at plaintiff;

(3) that the proceeding was used to accomplish an ulterior purpose for which it was not designed;

(4) that defendant willfully used process in a manner not proper in the regular conduct of the proceeding; and

(5) that defendant's acts were a proximate cause of plaintiff's damages.

35. Plaintiff suffered damages; Defendant set in motion legal proceedings directed at Plaintiff; the Defendant acted retributively in instigating these proceedings against Plaintiff after Plaintiff's lodging official complaints against Defendant; Defendant willfully used this process in a manner not proper in the regular conduct of the proceeding as evidenced by Defendant's stalking of Plaintiff; and, Defendant's acts are the proximate cause of Plaintiff's damages.

### NINTH CAUSE OF ACTION:

*Arkansas Freedom of Information Act Violations*

36. Every paragraph in this complaint is incorporated as though fully stated herein. Plaintiff brings this action, an appeal from the denial of rights pursuant to the Arkansas Freedom of Information Act of 1967, as amended, Ark. Code Ann. § 25-19-101 et seq. ("FOIA").

37. Defendant, The Arkansas State Police and it's Public Information Officer Bill Sadler, is a government entity located in Pulaski County, Arkansas.

38. William "Bill" Sadler is employed as the Public Information Officer of the Arkansas State Police. He is the custodian of the records at issue in this FOIA action.

39. This action to enforce compliance with FOIA is properly filed in this Court.  See Ark. Code Ann. § 25-19-107(a) ("Any citizen denied the rights granted to him or her by this chapter may appeal immediately from the denial to the ... circuit court of the residence of the aggrieved party, if the State of Arkansas or a department, agency, or institution of the state is involved..").

40.  This Court has pendent, collateral, and supplemental jurisdiction over the subject matter of this suit and the parties herein.

41. Venue in this Court is proper.

42. Defendant Sadler received and denied seven (7) freedom of information act requests from Plaintiff Tanner, in violation of Arkansas law.

43. Those Freedom of Information Act Requests and their denials are attached as Plaintiff's Exhibit C and fully incorporated herein.

44. First FOIA request dated Nov. 21, 2016 - requested all Reports for Drew's second incident with Ziegenhorn.

45. Second FOIA request dated Dec. 3, 2016 - requested all emails sent by Ziegenhorn between Nov 29, 2014 and Dec 3, 2016.

9

46. Third FOIA request dated Dec. 5, 2016 - requested all reports regarding second incident, emails regarding the incident, and a request for the official Facebook policy regarding the official Facebook group for the ASP.

47. Fourth FOIA request dated Dec. 7, 2016 - this was the same request as Dec 5, 2016.

48. Fifth FOIA request dated Jan. 20, 2017 - Any reports involving the Arkansas State Police and Mr. Tanner.

49. Sixth FOIA request dated Jan. 27, 2017 - All communications regarding Mr. Tanner's requests for public records.

50. Seventh FOIA request dated Nov. 21st, 2017 - seeking all of Trooper Ziegenhorn emails from November 29th, 2014 to November 21st, 2017.

## TENTH CAUSE OF ACTION:

### *Conspiracy to Interfere with Civil Rights*

51. Every paragraph in this complaint is incorporated as though fully stated herein. The defendants, Bill Sadler, Kurt Ziegenhorn, and John and Jane Does 1-5 conspired to deprive Drew of his rights, a cause of action viable under 42 U.S. Code § 1985 "Conspiracy to interfere with civil rights" and "Civil Conspiracy" under Arkansas common law.

52. By denying Drew's FOIA requests, blocking Drew from the Arkansas State Police Facebook page, and deleting Drew's Facebook comments, Bill Sadler and John and Jane Doe 1-5 used their position in government to stifle Drew's attempt to inform and enrage the public about the unlawful actions of Ziegenhorn. This was violation of Drew's 1st and 14th amendment rights to freedom of speech, equal treatment under the law, and due process.

53. Defendant Ziegenhorn violated Drew's civil rights as outlined earlier in this complaint,

and conspired with others to do so.

## ELEVENTH CAUSE OF ACTION:

### *Arkansas Civil Action by Crime Victim Statute, Perjury*

54. Every paragraph in this complaint is incorporated as though fully stated herein. Defendant Ziegenhorn perjured himself in his testimony in White County District Court when describing the November 29th, 2014 incident and interactions with Drew generally. These perjurious statements cost Drew attorney's fees, appeal fees and costs, as well as lost wages.

55. Perjury is a class C felony. See A.C.A. § 5-53-102. "A person commits perjury if in an official proceeding he or she knowingly: (1) Makes a false material statement under an oath required or authorized by law;... or (3) Makes a false unsworn declaration under the Uniform Unsworn Foreign Declarations Act, § 16-2-201 et seq."

56. Victims of felonies may sue the perpetrator under A.C.A. § 16-118-107.

## TWELFTH CAUSE OF ACTION:

### *FALSE ARREST AND FALSE IMPRISONMENT*

57. Every paragraph in this complaint is incorporated as though fully stated herein. Defendant Ziegenhorn committed the tort of false arrest against Drew on November 29th, December 3rd, and January 17th.

58. The elements of False Arrest are: (1) the defendant intentionally and unlawfully exercised force, or the threat of force, to restrain or confine the plaintiff; (2) the confinement compelled the plaintiff to stay or to go somewhere for an appreciable time; (3) the plaintiff did not consent to the confinement; and (4) the plaintiff suffered injury, damage or harm as a result of the confinement. False arrest is a type of false imprisonment arrest occurs under the pretense

of legal authority.

## BRIEF STATEMENT OF THE FACTS:

59. A brief statement of the facts is attached and fully incorporated herein.

WHEREFORE, Plaintiffs pray for the following relief:

1. That a jury be empaneled to decide contested factual issues in this matter.

2. Declaratory judgment that Defendant's administration of their Facebook fan page and the policies governing its use violate the First Amendment of the United States Constitution.

3. Declaratory judgment affirming that Defendants' administration of the Facebook fan page and the policies, customs and/or practices governing this administration violate the Fourteenth Amendment of the United States Constitution.

4. A permanent restraining order compelling Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, to restore Plaintiffs' deleted posts; to permit Plaintiffs to participate in the forum discussions; and restraining Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction from banning not only Plaintiffs but any person for political speech made on the ASP facebook page and/or from removing protected speech from the Facebook page.

5. Preliminary and/or permanent injunctive relief compelling Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, to restore Plaintiffs' deleted posts; to permit Plaintiffs to participate in the forum discussions; and restraining Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction from banning not

only Plaintiffs but any person for political speech made on the ASP Facebook page and/or from removing protected speech from the Facebook page.

6. Such other and further relief, including injunctive relief, against all Defendants, as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable;

7. Drew Tanner's attorney's fees regarding his criminal defense, court costs, appeal fees, certified copy fees, lost wages, emotional damages, pain and suffering, nominal damages, costs, punitive damages, nominal damages, and other damages not heretofore calculated or conceived.

8. Attorney's fees, statutory fees and costs pursuant to 42 U.S.C. § 1988 and A.C.A. § 16-118-107.

Respectfully submitted,

James Andrew Tanner

*Plaintiff*

By:_____

William Whitfield Hyman, ARKBAR2013237

King Law Group, PLLC

300 N. Sixth Street

Fort Smith Arkansas, 72901

P: (479) 782-1125 F: (479) 316-2252

*Attorney for Plaintiff*

## VERIFICATION

I, JAMES ANDREW TANNER, state on oath that I have read the above and foregoing pleading, facts, exhibits, attachments, statements and allegations contained therein are true and correct to the best of my knowledge and belief.

JAMES ANDREW TANNER

Subscribed and sworn to before me, the undersigned Notary Public, on this ___ day of November, 2017.

Notary

"OFFICIAL SEAL"
AMY BROWN
WHITE COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires May 1, 2025
Commission No. 12693969

14









## Timeline Photos

**Brenda Foster Trice**
So proud to have you for my brother

**Debi Sandefur**
You've sure came a long way from clear creek. So proud of you. Proud of Matthew too, I think he is following in some pretty good footsteps.

**Drew Tanner**
I have this guy's autograph. He supports crooked cops, so that makes him a crooked cop in my book. He needs to be held accountable as well if he is going to support the unlawful actions of his officers.
**https://www.facebook.com/photo.php?fbid=10101962485275777&set=p.10101962485275777&type=3&theater**

This guy sucks

---

**Arkansas State Police** — Typically replies within an hour — MANAGE

> You can't go around deleting comments from your Facebook page. As a government entity, you are restricted by the 1st Amendment. You need to follow the law or get a new job. You give the good cops a bad name with your blatant disregard for the rights of citizens. The Arkansas State Police needs a complete overhaul on personnel, as you are one of the worst law enforcement departments in the state.

> We do not live in a fascist police state.

Drew, we understand that you are entitled to your opinion, and you are welcome to repost your comment. We however would strongly appreciate if you would not be so disrespectful to one of our own. As an agency we strive to keep citizens safe and uphold the laws of this state, and if you have suggestions on how we can approach that a different way than we do, please elaborate.

> It's not about my opinion, it's about my rights. As a government entity, you are restricted by the Constitution. If I want to be disrespectful to any of your troopers or to your agency, I can do that, and you can't stop me. Doing so is a violation of the First Amendment. If you would like to start respecting my rights, then maybe I would be a little more respectful in my comments. Until then, go screw yourselves and have a bad day. Fascists.

---

**Arkansas State Police** — Typically replies within an hour — MANAGE

> a complete overhaul on personnel, as you are one of the worst law enforcement departments in the state.

> We do not live in a fascist police state.

Drew, we understand that you are entitled to your opinion, and you are welcome to repost your comment. We however would strongly appreciate if you would not be so disrespectful to one of our own. As an agency we strive to keep citizens safe and uphold the laws of this state, and if you have suggestions on how we can approach that a different way than we do, please elaborate.

> It's not about my opinion, it's about my rights. As a government entity, you are restricted by the Constitution. If I want to be disrespectful to any of your troopers or to your agency, I can do that, and you can't stop me. Doing so is a violation of the First Amendment. If you would like to start respecting my rights, then maybe I would be a little more respectful in my comments. Until then, go screw yourselves and have a bad day. Fascists.

> And I already reposted my comment, saying the same thing I said before. I don't care if you don't appreciate it, because your opinion is worthless to me.

---

**Arkansas State Police** — Typically replies within an hour — MANAGE

> http://www.hawaiifreepress.com/ArticlesMain/tabid/56/ID/12959/HPD-Ordered-to-Pay-31K-over-Censored-Facebook-Comments.aspx

Fr

HPD Ordered to Pay $31K over Censored Facebook Comments > Hawaii Free Press

> http://truthvoice.com/2015/05/man-successfully-sues-san-diego-after-sheriffs-department-censors-facebook-posts/

---

**Arkansas State Police** — Typically replies within six hours — MANAGE

Man Successfully Sues San Diego After Sheriff's Department Censors Facebook Posts

> Stop being fascist authoritarians. I don't care if you like what I say or not, I have the right to say it.

You are welcome to post any opinion you want. If you use profanity again I will ban you. There lots of families and children that follow our site. You may no care about them, we do.

> Go Fuck Yourself. Fascist Pig.

> My post now says "douchebag" you lawless jackasses.

---

## Photos from Arkansas State Polic...

**Drew Tanner**
So handcuffing someone and detaining them without any probable cause, stealing from them, then letting them go is taught in this class, or is that something that DOUCHEBAG Ziegenhorn learned on his own?

**Cathy Shelly Mullis**
I'm happy for them but I was wondering why they all have shaved heads? Is that a requirement?

**Paul Allen Wilkerson**
In the midst of everything our law enforcement is going thru....it takes real courage to stand up and say "I will protect you and your rights". So I just want to say thank you to these courageous "soon to be super heroes"...you are admired from afar by many. You all will be in our prayers as you continue to learn and then put that learning to action.

**View 2 previous replies**

**Larry Gleghorn** 35 years behind a behind a badge 3 years sheriff...

**Michelle Smith Couch**
No words to describe how Proud I am of my Son who is one of the recruits!

**Denise Mcclain** My brother is a trooper and my son is BPD welco.

**Ed Garner**
"Community Servant Day" at Bible Baptist Church in Jacksonville on 9/11 ... all troopers welcome!

**Larry Gleghorn**

---

295

**Drew Tanner**
Just don't be like that douche, Trooper Ziegenhorn.
Like · Reply

**Karen Smith**
Congrats, thank you and safety all ways. God first, family then job. Such an undertaking. So glad to know you and Emilie Williams.
Like · Reply

**Denise Mcclain**
And then driving them to the capital to graduate. Congrats everyone.
Like · Reply

**Adrian Ray**
Outstanding!
Like · Reply

**Wilma Smith**
May God be with them.
Like · Reply

**Cathy Daniell Butler**
Congratulations and prayers for safety for all of you ... Say a prayer every day when you get in that car
Like · 1 · Reply

**Adam Borden**
Thank god for our ARKANSAS STATE TROOPERS. Good job guys.
Like · Reply

**Johnny Miller**
I'm sure they are ready!!
Like · Reply

---

315

**Drew Tanner**
Just don't be like that fascist pig, Trooper Ziegenhorn.

**Karen Smith**
Congrats, thank you and safety all ways. God first, family then job. Such an undertaking. So glad to know you and Emilie Williams.

**Denise Mcclain**
And then driving them to the capital to graduate. Congrats everyone.

**Adrian Ray**
Outstanding!

**Wilma Smith**
May God be with them.

**Cathy Daniell Butler**
Congratulations and prayers for safety for all of you ... Say a prayer every day when you get in that car

**Adam Borden**
Thank god for our ARKANSAS STATE TROOPERS. Good job guys.

**Johnny Miller**
I'm sure they are ready!!

Plaintiff's Exhibit A

Welcome to the Official Facebook Page of the Arkansas State Police.
With your support, we strive to provide proactive safety messages, community event information, unique insights and pictures of ASP events. We will also post other pertinent news in an effort to keep you informed and safe.

We ask you for your continued support by sharing our page with your family and friends as we move forward committed to public safety and protecting the great State of Arkansas.

ARKANSAS STATE POLICE FACEBOOK
TERMS AND CONDITIONS

This is the official Facebook page of the Arkansas State Police. The purpose of the Arkansas State Police Facebook page is to permit authorized employees of the Department to provide the public with information concerning the Arkansas State Police's mission, goals, programs, activities, events, news, stories, photographs, and videos and to disseminate other information and material intended to increase public awareness of and enhance respect for the Arkansas State Police and its members and employees. Please note that this is a purposefully controlled online site established for this limited purpose, NOT A PUBLIC FORUM. All postings/comments are, in addition to being governed by the terms and conditions established by Facebook, subject to the following terms and conditions established by the Arkansas State Police:
• BEFORE SUBMITTING/POSTING A COMMENT ON THIS PAGE, YOU MUST REVIEW AND AGREE TO THE TERMS AND CONDITIONS OF FACEBOOK AND THE TERMS AND CONDITIONS ESTABLISHED BY THE ARKANSAS STATE POLICE.
o A submission/posting on this page shall constitute acknowledgement and acceptance of these terms and conditions
• DO NOT USE THIS PAGE TO REPORT A CRIME OR SUSPICIOUS ACTIVITY OR TO SEEK ANY EMERGENCY PUBLIC SAFETY SERVICES
o In case of EMERGENCY or if you need police assistance, use your phone to dial 911
o To report a crime or suspicious activity, use your phone to dial 911 or call the local police or ASP Troop location for your part of the state.

• ALL COMMENTS submitted/posted to this page are actively monitored and reviewed by the Arkansas State Police. The Arkansas State Police reserve the right to restrict, remove, or delete any posting/comment that is contrary to and/or inconsistent with the purpose of the page or in violation of the applicable terms and conditions. The Arkansas State Police Facebook page is not appropriate for and is not intended to accommodate comments unrelated to the purpose of the page or particular postings authorized by the Department. Consistent with the purpose of this page, prohibited content includes but is not limited to the following:
o Comments not topically related to a particular posting authorized by the Arkansas State Police;
o Comments in support of or in opposition to candidates seeking election to office, political parties or organizations, political campaigns, and/ or ballot measures;
o Comments that include or constitute abusive, profane, threatening, insulting, false, defamatory, slanderous, libelous, hateful, harassing or stalking, racist, sexist, misogynistic, bigoted, homophobic, vulgar, obscene, violent, pornographic or sexual, inappropriate or offensive, and/or criminal or unlawful language or content;
o Comments that constitute, include, promote, foster, or perpetuate disparagement or discrimination of persons on the basis of race, color, religious creed, national origin, ancestry or ethnicity, sex, gender identity, sexual orientation, handicap or disability, and/or age;
o Comments that constitute or include solicitation of commerce or promotion and/or advertisement of/for a business or commercial transaction, including but not limited to "spam" and other commercial content submitted/posted by individuals, groups, entities, or automatic software programs;
o Comments that constitute, conduct, solicit, promote, encourage or incite criminal or illegal activity or comments that otherwise incite imminent lawless action;

Plaintiff's Exhibit B

o Comments that constitute or include a threat to public safety or security and/or that may compromise or tend to compromise public safety or security;
o Comments that constitute or include an inappropriate and/or unauthorized disclosure of *personal data or private/personal information about any individual; and*
o Comments that constitute or include copyrighted or trademarked material and/or content that violates the legal ownership interest of another party, submitted or posted without proper authorization/consent.

• ONLY COMMENTS consistent with these terms and conditions, as determined by the Arkansas State Police and those terms and conditions established by Facebook are welcome.

• The Arkansas State Police DOES NOT ALLOW THE POSTING OF PHOTOGRAPHS, VIDEOS, AUDIO RECORDINGS (and/or similar media) OR LINKS TO OTHER PAGES OR WEBSITES by anyone other than an authorized employee of the Arkansas State Police. The posting of such content/material/information/media is, except when posted by an authorized employee of the Department, STRICTLY PROHIBITED. If posted/submitted, such content/material/information/media shall be restricted, removed, and/or deleted.
• IF YOU HAVE A PHOTOGRAPH,VIDEO, OR AUDIO RECORDING (and/or similar media) you want share with the Arkansas State Police or think the Arkansas State Police would like to share on this page, please submit the content in a private Facebook message.
• ONLY INDIVIDUALS, GROUPS AND ENTITIES accepting and complying with, the applicable terms and conditions established by Facebook and the Arkansas State Police are welcome. While this page is open for public inspection, only authorized users of Facebook are permitted to submit/post a comment. The Arkansas State Police reserve the right to restrict, remove and/or block any person, group, or entity submitting and/or repeatedly submitting comment(s)/posting(s) *contrary to or inconsistent with the purpose of the page*, not topically related to particular postings authorized by the Department, and/or that are in violation of the applicable terms and conditions.

ADDITIONAL TERMS AND CONDITIONS
o This page and its content are actively monitored and managed by the Arkansas State Police.
•          If you are looking for more information about the State Police, please http://asp.arkansas.gov/
•          o "Friending," "liking," and/or similar exchanges/actions between Arkansas State Troopers/civilian employees and a Facebook user does not indicate endorsement of that user's actions or comments.
o Comments posted on this page by visitors on the Arkansas State Police Facebook page DO NOT reflect the opinion(s) of the Department. The Arkansas State Police neither endorse nor oppose, by its actions or inactions related to restriction, removal or deletion of submissions/postings, the comments/content submitted/posted by others. Commenters alone are responsible for their comments, usernames, *and/or any information or content they place or attempt to place on this page.*
o All postings on this page are voluntary, and made at your own risk. By using or accessing Facebook and this page, you are, in addition to accepting the terms and conditions for use established by Facebook and the Arkansas State Police, also accepting the practices described in the Facebook Data Use Policy. For more information on Facebook's Data Use Policy, go to http://www.facebook.com/policy.php.

 Gmail

Drew Tanner <drwtanner@gmail.com>

## tanner_foia requests_01272017

**Bill Sadler** <bill.sadler@asp.arkansas.gov>                    Fri, Jan 27, 2017 at 12:35 PM
To: Drew Tanner <drwtanner@gmail.com>

Arkansas Code Annotated §25-19-105(d)(1)(C) states, "A custodian is not required to compile information or create a record in response to a request" and ACA §25-19-105(a) (1)(C) states, "The request shall be sufficiently specific to enable the custodian to locate the records with reasonable effort".

**Bill Sadler**

**Arkansas State Police  -  Public Information Officer**

**One State Police Plaza Drive - Little Rock, Arkansas  72209**

**(501) 618-8230  -  http://www.asp.state.ar.us/**

**From:** Drew Tanner [mailto:drwtanner@gmail.com]
**Sent:** Friday, January 27, 2017 12:19 PM
**To:** Bill Sadler
**Subject:** FOIA Request

Mr Sadler

I, James A. Tanner request copies of all communications sent and received by all persons regarding all requests for public records made by me. Specifically, requests made on November 21, 2016, December 3, 2016, December 5, 2016, December 7, 2016, and January 20, 2017. Included with the copies of each communication, I request the name(s) of any person(s) who received and/or sent each communication regarding the aforementioned requests,

James Tanner.

*Plaintiff's Exhibit C*

 Gmail

**Drew Tanner <drwtanner@gmail.com>**

___

## tanner_searcy incident_01232017

___

**Bill Sadler** <bill.sadler@asp.arkansas.gov>           Mon, Jan 23, 2017 at 3:08 PM
To: Drew Tanner <drwtanner@gmail.com>

       The Arkansas State Police has complied with your request. See Arkansas Code Annotated §25-19-105 (a)(1)(A) which states, "Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records."

**Bill Sadler**

**Arkansas State Police - Public Information Officer**

**One State Police Plaza Drive - Little Rock, Arkansas  72209**

**(501) 618-8230 - http://www.asp.state.ar.us/**

**From:** Drew Tanner [mailto:drwtanner@gmail.com]
**Sent:** Monday, January 23, 2017 2:52 PM
**To:** Bill Sadler
**Subject:** Re: tanner_searcy incident_01202017

       Are you saying that there aren't any reports to release? Meaning your department had interactions with me on 2 different occasions, including a uniformed trooper placing me in handcuffs and confiscating my CHCL, and subsequently me being arrested for action involving those interactions and no reports were filed by the trooper?

       Or are you saying you are denying the release of those reports because they are included in a file that is a personnel and evaluation records?

On Fri, Jan 20, 2017 at 2:33 PM, Drew Tanner <drwtanner@gmail.com> wrote:

It was a different request,  worded similarly. You should actually read it.

On Jan 20, 2017 12:38 PM, "Bill Sadler" <bill.sadler@asp.arkansas.gov> wrote:

Mr. Tanner the request submitted today (January 20. 2017) was answered in correspondence directed to you on November 28, 2016 (see attached).


**Bill Sadler**

**Arkansas State Police  -  Public Information Officer**

**One State Police Plaza Drive - Little Rock, Arkansas  72209**

**(501) 618-8230  -  http://www.asp.state.ar.us/**


**From:** Drew Tanner [mailto:drwtanner@gmail.com]
**Sent:** Friday, January 20, 2017 11:44 AM
**To:** Bill Sadler
**Subject:** FOIA request.


January 20, 2017.

Mr. Bill Sadler
Public Information
1 State Police Plaza Drive
Little Rock Ar, 72209

Dear Mr. Sadler
    I, James A. Tanner, request any and all information including but not limited to reports filed, dispatch logs, radio chatter, dashcam footage, motor vehicle records, emails, texts, and all other records regarding incidents involving your department and myself (James Tanner) on Saturday, November 29, 2014 and Wednesday December 3, 2014. at a Walmart in Searcy, Ar, and all other records the Arkansas State Police has involving me. I request all information be delivered electronically to this email (drwtanner@gmail.com) and physical copies mailed to 815 W Cherry Ave, Searcy, Ar. 72143. In lieu of physical copies, I can provide a USB drive to store copies of the records and make physical copies myself.
    I would appreciate notification of receipt of this request and an estimated time of compliance.

        If this request is denied, please mail a certified copy of the denial to my address.


Sincerely,
James A. Tanner

 Gmail

**Drew Tanner <drwtanner@gmail.com>**

## tanner_ziegenhorn_folo ii_01022017

**Bill Sadler** <bill.sadler@asp.arkansas.gov>                                    Mon, Jan 2, 2017 at 3:31 PM
To: Drew Tanner <drwtanner@gmail.com>

It appears the total number of records identified through your request of December 5, 2016 may well exceed 8,000 to 10,000 pages.  An estimate of the total number is presently unavailable.  The vast majority of the records is attributed to emails identified through the public records request.


Consistent with Arkansas public records laws, a copying fee of 5-cents per page will need to be collected in advance. (*See Arkansas Code Annotated §25-19-105(d)(3) with respect to copying costs).


Furthermore, in accordance with ACA §25-19-109(b)(1)(2), you will be expected to pay an hourly rate not to exceed the salary of the lowest paid employee assigned to the task for copying and redaction which is expected to consume possibly one month or longer.


Again, the costs will need to be collected in advance.  Preliminary estimates indicate the charges could well exceed $1,250 - $1,500.


Before proceeding I will need to be provided assurances you wish to proceed.  Meanwhile, I will attempt to produce a better estimate of costs.


**Bill Sadler**

**Arkansas State Police  -  Public Information Officer**

**One State Police Plaza Drive - Little Rock, Arkansas  72209**

**(501) 618-8230  -  http://www.asp.state.ar.us/**

 Gmail                                    **Drew Tanner <drwtanner@gmail.com>**

---

## tanner_ziegenhorn_folo

**Bill Sadler** <bill.sadler@asp.arkansas.gov>                    Wed, Dec 14, 2016 at 6:42 AM
To: Drew Tanner <drwtanner@gmail.com>

Mr. Tanner I was contacted by Trooper Chapman on Tuesday afternoon reporting to me your telephone call.

For your convenience I have attached a copy of my response to you sent on December 7th.

Aside from emails, no records have been identified in a search that is applicable to your request.

Meanwhile, the Arkansas Department of Information Systems is searching state computer servers for emails that may be applicable to your request.

Once a final report is received from DIS, work will begin to review the emails and apply redactions as prescribed by Arkansas laws.

**Bill Sadler**

**Arkansas State Police  - Public Information Officer**

**One State Police Plaza Drive - Little Rock, Arkansas  72209**

**(501) 618-8230  -  http://www.asp.state.ar.us/**

**From:** Drew Tanner [mailto:drwtanner@gmail.com]
**Sent:** Wednesday, December 07, 2016 6:56 PM
**To:** Bill Sadler
**Subject:** FOIA Request

December 7, 2016

Mr. Bill Sadler
Public Information
1 State Police Plaza Drive
Little Rock Ar, 72209

Dear Mr. Sadler

      I recently made a FOIA request regarding an incident on "Wednesday December 4, 2014" which contained an error in the date of the incident referred to. It should have read "December 3, 2014". Here is a copy of the request with the corrections made,which I am making again for the correct date, for your record. I apologize for any inconvenience.

      I, James A. Tanner, request any and all information including but not limited to reports filed, dispatch logs, radio chatter, dashcam/MVR footage, emails, texts, and all records regarding the actions of Trooper Kurt Ziegenhorn on Wednesday December 3, 2014. Specifically, but not limited to, an incident at approximately 1:40 pm at a Walmart in Searcy, Ar.

   I also request all emails sent and received to and from Trooper Ziegenhorn between the dates of November 29, 2014 and today, December 5, 2016.

   I also request a copy of any policy and procedures regarding the Arkansas State Police Facebook page, and a list of people with administrative access to the page during the week of September 11-17, 2016, with dates and times every person was accessing that page in an administrative capacity.

   I request all information be delivered electronically to this email (drwtanner@gmail.com) and physical copies mailed to 815 W Cherry Ave, Searcy, Ar. 72143.

   I would appreciate notification of receipt of this request and an estimated time of compliance.

Sincerely,
James A. Tanner

📄 **tanner_ziegenhorn_dis_email_facebook_12072016.pdf**
   90K

 **Gmail**                                 **Drew Tanner <drwtanner@gmail.com>**

## Fwd: tanner_ziegenhorn_12072016

**Drew Tanner** <drwtanner@gmail.com>                    Sat, Jul 29, 2017 at 8:49 PM
To: william.hyman@gmail.com

———— Forwarded message ————
From: "Bill Sadler" <bill.sadler@asp.arkansas.gov>
Date: Dec 7, 2016 1:25 PM
Subject: tanner_ziegenhorn_12072016
To: "Drew Tanner" <drwtanner@gmail.com>
Cc:

   This correspondence should serve to acknowledge a request from the Arkansas State
Police has been directed to the Arkansas Department of Information Systems seeking
1.) an assessment of records that may exist in the form of emails sent or received by
Arkansas State Trooper Kurt Ziegenhorn and 2.) identify any applicable costs in
downloading records that may be identified.

   The search for emails is based on your request as defined in correspondence
directed to my office on December 5, 2016.   Once DIS officials respond with an
assessment, I will update you on a projected timeline to obtain the emails that may be
located.   I should further remind you that any emails that are retrieved will have to be
inspected for redactions consistent with ACA §25-19-105.   You will also be apprised of
any projected costs applied consistent with the aforementioned statues.

   Your December 5th email also identifies records which you previously requested on
November 28, 2016.   Specifically you've ask for, "all information including but not limited
to reports filed, dispatch logs, radio chatter, dashcam/MVR footage, emails, texts, and
all records regarding the actions of Trooper Kurt Ziegenhorn on Wednesday December
4, 2014."   I direct your attention to my previous response dated November 28, 2016.

   As to your latest request, specifically related to Facebook records, no records exist.


**Bill Sadler**

**Arkansas State Police  -  Public Information Officer**

**One State Police Plaza Drive - Little Rock, Arkansas 72209**

(501) 618-8230 - http://www.asp.state.ar.us/

**From:** Drew Tanner [mailto:drwtanner@gmail.com]
**Sent:** Monday, December 05, 2016 6:34 PM
**To:** Bill Sadler
**Subject:** FOIA Request.

December 5, 2016

Mr. Bill Sadler
Public Information
1 State Police Plaza Drive
Little Rock Ar, 72209

Dear Mr. Sadler

     I, James A. Tanner, request any and all information including but not limited to reports filed, dispatch logs, radio chatter, dashcam/MVR footage, emails, texts, and all records regarding the actions of Trooper Kurt Ziegenhorn on Wednesday December 4, 2014. Specifically, but not limited to, an incident at approximately 1:40 pm at a Walmart in Searcy, Ar.

     I also request all emails sent and received to and from Trooper Ziegenhorn between the dates of November 29, 2014 and today, December 5, 2016.

     I also request a copy of any policy and procedures regarding the Arkansas State Police Facebook page, and a list of people with administrative access to the page during the week of September 11-17, 2016, with dates and times every person was accessing that page in an administrative capacity.

     I request all information be delivered electronically to this email (drwtanner@gmail.com) and physical copies mailed to 815 W Cherry Ave, Searcy, Ar. 72143.

     I would appreciate notification of receipt of this request and an estimated time of compliance.

Sincerely,
James A. Tanner

 Gmail

Drew Tanner <drwtanner@gmail.com>

## tanner_drew_ziegenhorn_12062016

**Bill Sadler** <bill.sadler@asp.arkansas.gov>                                      Tue, Dec 6, 2016 at 8:00 AM
To: Drew Tanner <drwtanner@gmail.com>

Your request was received, however, the Arkansas State Police is not in custodianship of emails.  All emails of this agency are in the custody of the Arkansas Department of Information Systems.  A request will be made to determine if any records exist.

If any emails are obtained through DIS, the records will have to be reviewed for applicable redactions pursuant to the statutes under ACA §25-19-105.

With respect to you other requests, a search is underway for any applicable records.

Until records are located, and reviewed for possible redactions, I cannot offer you at this time any accurate expectation of when an affirmative response may be available.

**Bill Sadler**

**Arkansas State Police  - Public Information Officer**

**One State Police Plaza Drive - Little Rock, Arkansas  72209**

**(501) 618-8230 - http://www.asp.state.ar.us/**

**From:** Drew Tanner [mailto:drwtanner@gmail.com]
**Sent:** Monday, December 05, 2016 6:34 PM
**To:** Bill Sadler
**Subject:** FOIA Request.

December 5, 2016

Mr. Bill Sadler

 Gmail

**Drew Tanner <drwtanner@gmail.com>**

## tanner_ziegenhorn_chcl incident_11282016

**Bill Sadler** <bill.sadler@asp.arkansas.gov>
To: Drew Tanner <drwtanner@gmail.com>

Mon, Nov 28, 2016 at 3:12 PM

Mr. Tanner your email of November 21, 2016 has been received and consideration given to your request for copies of particular records.

Specifically you've asked to be provided reports, logs, "radio chatter", "dashcam/MVR" video, emails, and text associated with an incident that occurred at a place of business on December 4, 2014.

A search of department records that may meet the criteria for release as prescribed under Arkansas Code Annotated §25-19-105 has failed to produce an affirmative response.

The search, however, did identify a handwritten complaint you composed and directed by telephone facsimile to the Arkansas State Police Office of Professional Standards. The original copy appears to have been transmitted from a device identified as Harp's (Grocery).

The complaint against Trooper Ziegenhorn was determined to be unfounded and therefore any of the records contained in the file would be exempt (not to be released), other than the original copy which you hold. ACA §25-19-105(c)(1) states, "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."

Additionally a memorandum written by Trooper Ziegenhorn relating to a concealed handgun license you held is exempt pursuant to ACA §25-19-105(b)(19). The statute lists particular records considered exempt that are associated with a concealed handgun licensee. In part the statute reads, "Records pertaining to the issuance, renewal, expiration, suspension, or revocation of a license to carry a concealed handgun . . ." It is

my understanding from state police attorneys, a copy of the memorandum which was part of a filing with the Pulaski County Circuit Court was obtained by your legal counsel during the course of your appeal hearing and is part of the court record.

**Bill Sadler**

**Arkansas State Police  -  Public Information Officer**

**One State Police Plaza Drive - Little Rock, Arkansas  72209**

**(501) 618-8230  -  http://www.asp.state.ar.us/**

**From:** Drew Tanner [mailto:drwtanner@gmail.com]
**Sent:** Monday, November 21, 2016 6:58 PM
**To:** Bill Sadler
**Subject:** FOIA request

November 21, 2016

Mr. Bill Sadler
Public Information
1 State Police Plaza Drive
Little Rock Ar, 72209

Dear Mr. Sadler

    I, James A. Tanner, request any and all information including but not limited to reports filed, dispatch logs, radio chatter, dashcam/MVR footage, emails, texts, and all records regarding the actions of Trooper Kurt Ziegenhorn on Wednesday December 4, 2014. Specifically, but not limited to, an incident at approximately 1:40 pm at a Walmart in Searcy, Ar. I request all information be delivered electronically to this email (drwtanner@gmail.com) and physical copies mailed to 815 W Cherry Ave, Searcy, Ar. 72143.
    I would appreciate notification of receipt of this request and an estimated time of compliance.

Sincerely,
James A. Tanner