IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES ANDREW TANNER                                             PLAINTIFF

v.                      CASE NO. 4:17-CV-780 SWW

KURT ZIEGENHORN, IN HIS INDIVIDUAL
CAPACITY; COLONEL BILL BRYANT, IN HIS
OFFICIAL CAPACITY AS HEAD OF THE ARKANSAS
STATE POLICE, AN AGENCY OF THE STATE OF
ARKANSAS; WILLIAM SADLER, IN HIS INDIVIDUAL
CAPACITY; JOHN AND JANE DOE 1-5, INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITIES             DEFENDANTS

JOINT FEDERAL RULE OF CIVIL PROCEDURE 26(f) REPORT

The parties, by and through their counsel, William Whitfield Hyman for the Plaintiff and Assistant Attorney General William Bird, for the Defendants, submit the following information in compliance with Fed. R. Civ. P. 26(f) and Local Rule 26.1.

1. **Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a).**

RESPONSE: No.

2. **Date when mandatory disclosures were or will be made.**

RESPONSE: On or before March 8, 2018.

3. **Subjects on which discovery may be needed.**

RESPONSE: By executing this Report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein, or (2) be

required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein. Subject to the foregoing, Plaintiff will seek details involving all aspects of the Defendants' denials of Plaintiff's allegations; witnesses- expert and lay; depositions and discovery requests from Defendants' witnesses and/or employees; and any other documents or other areas that may become evident during discovery. Defendants plan to conduct discovery regarding the Plaintiff and the allegations in his complaint, Defendants' defenses, and Plaintiff's damages and mitigation of damages.

4. **Whether any party will likely be requested to disclose or produce information from electronic or computer-based media. If so:**

RESPONSE: Plaintiff and Defendants anticipate seeking disclosure of computer-based information. As such, the parties further state:

    a. **whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;**

RESPONSE:It is anticipated that the sought disclosures will be data reasonably available to Plaintiff and Defendant

    b. **the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;**

RESPONSE: The parties are unable to determine if such production will be required, but if such production becomes necessary, the parties will timely inform the Court.

     **c.**    **the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;**

RESPONSE: Without waiving appropriate objections, information that is stored electronically will be provided in the format in which it is ordinarily kept or in a reasonably useable form in accordance with Fed. R. Civ. P. 34(b).

     **d.**    **whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise; and**

RESPONSE: Unknown. Parties specifically request that all potentially discoverable data be preserved from alteration or destruction in the ordinary course of business or otherwise.

     **e.**    **other problems which the parties anticipate may arise in connection with electronic or computer-based discovery**

RESPONSE: None at this time.

**5.**    **Date by which discovery should be completed.**

RESPONSE: January 21, 2019

**6.**    **Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.**

RESPONSE: The parties consent to the electronic service of Initial Disclosures, Interrogatories, Requests for Production of Documents, Requests for Admissions, and Notices of Deposition, as well as Responses to Interrogatories, Requests for Production of Documents, and Requests for Admission, at the e-mail addresses at which they receive ECF filings in this case.

7. **Any Orders, e.g. protective orders, which should be entered.**

RESPONSE: Without waiving the right to seek the entry of any order, including a protective order, in the future, at this time the parties are not aware of any specific orders which should be entered by the Court.

8. **Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

RESPONSE: No.

9. **Any objections to the proposed trial date.**

RESPONSE: No.

10. **Proposed deadline for joining other parties and amending the pleadings.**

RESPONSE: October 22, 2018

11. **Proposed deadline for completing discovery.**

RESPONSE: January 21, 2019

12. **Proposed deadline for filing motions.**

RESPONSE: February 19, 2019

                    Respectfully submitted,

                    KING LAW GROUP, PLLC
                    Attorneys at Law
                    300 N. Sixth Street
                    Fort Smith, AR 72901
                    479-782-1125  Office
                    479-316-2252  Facsimile
                    Attorney for the Plaintiff

By:    /s/ William Whitfield Hyman
                    William Whitfield Hyman, ABN 2013237
                    hyman@arkansaslawking.com

AND

                    William C. Bird III
                    Assistant Attorney General
                    Office of the Arkansas Attorney General
                    323 Center St., Ste. 200
                    Little Rock, AR 72201
                    ph. 501-682-1317
                    fax 501-682-2591

                    /s/ William C. Bird III
                    William C. Bird III, ABN 2005149
                    william.bird@arkansasag.gov