**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION 4**

**JAMES ANDREW TANNER**                                        **PLAINTIFF**

**vs.**                        **No. 4:17-CV-00780-DPM**

**KURT ZIEGENHORN IN HIS INDIVIDUAL CAPACITY,
COLONEL BILL BRYANT IN HIS OFFICIAL                DEFENDANTS
CAPACITY AS HEAD OF THE ARKANSAS
STATE POLICE, AN AGENCY OF THE
STATE OF ARKANSAS; WILLIAM "BILL"
SADLER IN HIS INDIVIDUAL CAPACITY; MIKE KENNEDY,
ELIZABETH CHAPMAN, JOHN AND JANE DOE 1-3,
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY.**

<u>**FIRST AMENDED CIVIL RIGHTS COMPLAINT
AND REQUEST FOR JURY TRIAL**</u>

      COMES NOW the Plaintiff, JAMES ANDREW "DREW" TANNER, by and through his attorney of record, William Whitfield Hyman of King Law Group, PLLC, and for his Section 1983 and 1988 Civil Rights Complaint against Colonel Bill Bryant in his Official Capacity as head of the Arkansas State Police, Kurt Ziegenhorn in his individual capacity, William "Bill" Sadler in his individual capacity, Mike Kennedy in his individual capacity, Elizabeth Chapman in her individual capacity, and John and Jane Doe 1-3, in their official and individual capacity, would state and allege the following:

**PARTIES:**

1. Plaintiff James Andrew Tanner (hereafter referred to as "Drew") is an adult citizen and resident of Searcy, White County, Arkansas, in the Eastern District of Arkansas, Western Division 4, who at all material times herein did reside at 815 West Cherry, Searcy, Arkansas 72143.

2.  Colonel Bill Bryant is the administrative head of the Arkansas State Police, an agency of the State of Arkansas. He works at 1 State Police Plaza Dr, Little Rock, AR 72209, and is being sued in his official capacity as such.

3.  Kurt Ziegenhorn, an Arkansas resident and a State Trooper, is, and was during all relevant times, in the employ of the Arkansas State Police, an agency of the state of Arkansas. He resides at 3205 North Washington, Forrest City, Arkansas 72335.

4.  Defendant William "Bill" Sadler in his individual capacity, Mike Kennedy in his individual capacity, Elizabeth Chapman in her individual capacity, and John and Jane Doe 1-3 in their official and individual capacity. Bill Sadler is the Custodian of Records for purposes of the Arkansas Freedom of Information Act at the Arkansas State Police. Mike Kennedy and Elizabeth Chapman are administrators of the Arkansas State Police's official Facebook page.  They all work at 1 State Police Plaza Dr, Little Rock, AR 72209.

5.  Bill Sadler, Mike Kennedy, and Elizabeth Chapman are employees of the Arkansas State Police, because of their enforcement actions complained about in this action against the Plaintiff, are accordingly liable to Plaintiffs for damages and other relief as set forth in this Complaint.

6.  Plaintiff has reviewed all documents available to him and has made a diligent and good faith efforts to ascertain said persons' full names and identities; however, Plaintiff has been unable to ascertain the identities of said John/Jane Doe Defendants. The names, capacities, and relationships of defendants named as Doe Defendants will be alleged by amendment to this Complaint when they are revealed and thus properly identified.  Plaintiff reserves the right to amend this complaint as more information becomes available to him.

2

7. Plaintiffs reserve the right to amend this Complaint to add such parties as his true identities and capacities are ascertained through discovery or otherwise.

## JURISDICTION AND VENUE:

8. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, 2201, and 2202, and supplemental, collateral and pendant jurisdiction of the state causes of action. This Court has personal jurisdiction over Defendants Trooper Kurt Ziegenhorn, Bill Sadler, Mike Kennedy, and Elizabeth Chapman, as they are residents of the State of Arkansas and work for the Arkansas State Police, as it is a government entity, more specifically an agency of the State of Arkansas.

9. This Court also has personal jurisdiction over each of the Defendants because they, inter alia, acted under the color of laws, policies, customs, and/or practices of the State of Arkansas and/or within the geographic confines of the State of Arkansas.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

## Brief Statement of Facts

11. On November 29th, 2014, Drew Tanner was openly carrying a pistol while shopping at Wal-Mart in Searcy, Arkansas when a man clad in only a gray t-shirt and blue jeans began stalking toward him. That man approached Drew and inquired as to which law enforcement agency he was with. Drew responded that he was not with a law enforcement agency, then that man forcefully grabbed Drew by the arm said "State Police. Identify yourself." Drew would later learn that man was none other than defendant Kurt Ziegenhorn, an off-duty trooper based out of a different Troop than the one that is responsible for Searcy. Drew was alarmed at Ziegenhorn's unprovoked hostility and did not see anything visually identifying

Ziegenhorn as a Trooper.  Drew wriggled from Ziegenhorn's repressive grasp and made a panicked call to 911.  In his 911 call, Drew identified himself while retreating to safety toward the exit. The 911 dispatcher told Drew to stay in the building and wait for Searcy Police Department officers to arrive. During this time, Ziegenhorn eventually produced a badge that had been previously covered up by his shirt to the employees and the manager of the Wal-Mart. The manager then informed Drew, in contradiction to Wal-Mart's official policy, that Wal-Mart did not allow open carry of firearms in the store.  Drew complied but Ziegenhorn insisted on escorting Drew outside of the Wal-Mart where he proceeded to further detain Drew. During this detention Ziegenhorn yelled and hurled profanities while placing his finger within inches of Drew's face and cornering Drew against a wall. During this time, Defendant Ziegenhorn asserted, "I don't care who the fuck you think you are, when a fucking Trooper asks you to identify yourself, you fucking do it, is that clear?" (paraphrased). Once the Searcy police officers arrived, Mr. Tanner identified himself to them and answered their questions. Due to Ziegenhorn's outrageous behavior during the November 29th, 2014, encounter, Drew called Ziegenhorn's Troop and asked how to lodge an official complaint against Ziegenhorn with the Arkansas State Police. Mr. Tanner mailed in that complaint in the following days, however that initial complaint was mysteriously never received.

12. Drew also emailed Wal-Mart corporate, and was able to get confirmation and clarification that Wal-Mart did in fact allow open carry in their stores. On December 3rd, 2014, with this email in hand, Drew returned to the Searcy Wal-Mart (unarmed this time) to speak with the manager and inform him of Wal-Mart's official policy. Ziegenhorn, cloaked in the authority

of the Arkansas State Police in full uniform, arrived at Wal-Mart within 30 seconds. What Ziegenhorn was doing there is still unclear, as he is assigned to the Troop based out of Forrest City, nearly an hour and a half from Searcy. Ziegenhorn claims he was there to return a pair of glasses that his son had broken, and that he was there to pick up a pair of repaired glasses for his son, which are contradictory statements and Ziegenhorn has no receipts, credit card statements, or other proof that either of these things happened. Ziegenhorn has a history of stalking those that have filed official complaints against him, the other person Ziegenhorn has stalked was a Rev. Al Broadbent. What we do know is that Ziegenhorn applied for an arrest warrant for Drew that same day, December 3rd, 2014.  Drew alleges that Ziegenhorn was stalking him. While Drew was waiting in line at customer service to converse with the manager, Ziegenhorn marched up to Drew and in a typical 1940s fashion and demanded, "Mr. Tanner, are you carrying a weapon today?" Drew politely responded that he did not have to answer that question.  Ziegenhorn relentlessly repeated his question and finally stated that he was going to give Drew "one last chance" to answer this question before he was arrested. Under duress, Drew eventually capitulated and admitted that he was not armed. Then Ziegenhorn demanded Drew produce his identification, despite having already addressed Drew by name. Drew responded that he did not have to produce his identification because the Ziegenhorn knew who he was.  Ziegenhorn then handcuffed Drew, searched his person, confirmed he was not armed, and escorted him outside to a patrol car. Defendant Ziegenhorn then detained Mr. Tanner for approximately 30 minutes and confiscated Drew's Concealed Handgun License before releasing Mr. Tanner without any charges.  Ziegenhorn never requested that Drew produce his Concealed Handgun License so that Ziegenhorn could

confiscate it, Ziegenhorn simply handcuffed Drew and took the card. That same day,
Defendant Ziegenhorn filed a request for an arrest warrant for Drew for the charge of
Obstructing Governmental Operations and Carrying a Weapon.  Because of the December
3rd, 2014, incident, Drew lodged another official complaint against Defendant Ziegenhorn.
The warrant that Ziegenhorn requested was signed by a judge on January 16, 2015 and
executed by the Searcy Police on January 17, 2015 at which point Drew was taken to the jail
and later released.  After being forced through months of proceedings, bearing the cost of an
attorney to represent him, Drew was eventually found not guilty of all charges in White
County Circuit Court.

13. Ziegenhorn applied for a warrant with misleading information on December 3rd, 2014 which
resulted in Drew Tanner's January 17th, 2015 arrest. In Ziegenhorn's request for a warrant
against Mr. Tanner, Ziegenhorn claimed that "There is good reason to believe that the above
named person has committed the offense of 5-73-120 and 5-54-102..." 5-54-102 in this
context would mean that Drew  "Knowingly obstructs, impairs, or hinders the performance
of any governmental function;" or "Falsely identifies himself or herself to a law enforcement
officer or a code enforcement officer." Which Drew did not do. In 5-73-120, Mr. Tanner
would have had to been carrying a loaded pistol with the intent to use the weapon unlawfully
against another person, and not been carrying under any of the permissible exceptions to the
statute. There is no way for Ziegenhorn to be able to make any of those 5-73-120
determinations based on his interaction with Drew. Ziegenhorn also stated that "he identified
himself as Trooper Ziegenhorn and then asked Mr. Tanner for his name and ID." That is
false, Ziegenhorn said "State Police Identify yourself," and failed to give his name or the

reason for the detention until much later. Ziegenhorn failed to mention that Mr. Tanner was already detained at the time of this question and that there was no probable cause or reasonable suspicion that a crime had been committed or that a crime was about to be committed.

14. At a trial in White County District Court Trooper Ziegenhorn perjured himself multiple times. For example, Ziegenhorn testified "As he [Drew] approached the area I was standing." Which was false, Mr. Ziegenhorn approached Mr. Tanner while Mr. Tanner was standing still. Mr. Ziegenhorn testified that he asked Drew "which department are you with?" and that Drew condescendingly replied "I ain't with nobody." Drew actually calmly responded that he was "Not with any department." At that point, Ziegenhorn testified that he identified himself as Trooper Ziegenhorn with the Arkansas State Police and asked Mr. Tanner for identification. That was also false. Mr. Ziegenhorn shouted, "STATE POLICE, IDENTIFY YOURSELF" and grabbed Mr. Tanner by the wrist and elbow. Mr. Ziegenhorn also testified that Mr. Tanner "reached his hand down toward his pistol," causing Ziegenhorn to grab Drew by the elbow and wrist. However, Mr. Tanner's hands were stationary and did not move before Mr. Ziegenhorn grabbed Mr. Tanner's arm. Additionally, Mr. Ziegenhorn testified his badge was visible during this time and before the interaction, clipped just below his firearm, however it was not visible until Mr. Ziegenhorn pulled it out after Drew backed away from Ziegenhorn.  Ziegenhorn also testified that when he identified himself as Kurt Ziegenhorn with the Arkansas State Police and asked Mr. Tanner for his ID that Mr. Tanner responded a "condescending sense" copping an attitude and saying, "I don't have to show you nothing," and at that point Drew dropped his right hand down and that Drew had his pistol on his right

side. Ziegenhorn claims this prompted him to grab Drew by the wrist and elbow.   Drew's

tone was normal during this interaction and void of any attitude.

15. The prosecutor used Ziegenhorn's warrant application and testimony from White County

District Court as well as reliance on equally false memos by Ziegenhorn to continue to

prosecute Mr. Tanner in White County Circuit Court. Mr. Tanner was found "not guilty" of

all charges on November 13th, 2015.

16. The Arkansas State Police "ASP" operates an official social media page at the website

https://www.facebook.com/ARStatePolice/ . This page clearly purports to be "the official

Facebook page of the Arkansas State Police" and, while claiming not to be a "public forum,"

still invites comments from the general public. Therefore, it is at least a limited public forum.

In February 2016, the Arkansas State Police decided to recognize the excellence of one of

their officers. Drew, a follower of the page, recognized the name as one of the men who had

conducted the internal investigation and found that Ziegenhorn had done nothing wrong.

Drew decided to take to social media to inform the public of the corruption in the ASP. Drew

stated, "I have this guy's autograph...this guy sucks" and attached a picture of the notice to

the comment. Attached in Plaintiff's Exhibit 1 and fully incorporated herein. Despite

affirmatively opening this page for discourse and commentary, The Arkansas State Police

deleted Drew's comments from this government-run Facebook page without notice. On

September 14th, 2016 two identical comments were deleted by the Arkansas State Police:

"Just don't be like that douche, Trooper Ziegenhorn." When Drew realized his comments had

been deleted, he sent the Facebook page several links to successful lawsuits against

government agencies for deleting Facebook comments. The administrator responded and said

that they had deleted the messages due to the profanity. Then Drew posted ""Just don't be like that fascist pig, Trooper Ziegenhorn." Moreover, in these specific instances, because Mr. Tanner criticized the ASP in his comments and did not express a viewpoint aligned with the department, the ASP has banned and "blocked" Drew from participating in the forum. These comments were related to Drew's mistreatment by Ziegenhorn and the inaction of the Arkansas State Police to punish their trooper's poor conduct. No notice or opportunity to be heard or appeal these decisions were ever provided to Drew. However, the Arkansas State Police currently allows other foul language and racist comments to be posted to their page.

See Plaintiff's Exhibit 2, which is incorporated as if stated herein.

17. In an attempt to investigate all of these civil rights violations, Drew has sent seven Arkansas Freedom of Information Act Requests to the Arkansas State Police's Custodian of Records, Bill Sadler. All those requests have been denied except one, in which Defendant Bill Sadler claimed to want to charge Mr. Tanner thousands of dollars to respond to the request to pay for the redaction costs, in contradiction with Arkansas law. On December 7th, 2016 Mr. Tanner sent a Freedom of Information Act request to Bill Sadler asking for any records of the policies, procedures, and administrators for the ASP Facebook page during the week of September 11-17, 2016. Defendant Sadler responded that no such records existed. Social media, in our current age, is a very common activity that the people engage in to communicate with others, share ideas, protest, lobby, and generally express their views on topics to others. In fact, over 2 billion people actively used Facebook for purposes such as these per month in 2017. See: https://techcrunch.com/2017/06/27/facebook-2-billion-users/

18. In some instances, government entities may determine the type of forum they want to create. Here the ASP, using the social media site Facebook.com, initially created a forum open to the

public. As of October 9th, 2017, the ASP has created a policy that attempted to turn the page

into a limited public forum by stating:

> "Please note that this is a purposefully controlled online site established for this
> limited purpose, NOT A PUBLIC FORUM. All postings/comments are, in addition to
> being governed by the terms and conditions established by Facebook, subject to the
> following terms and conditions established by the Arkansas State Police…Comments not
> topically related to a particular posting authorized by the Arkansas State
> Police...Comments that include or constitute abusive, profane, threatening, insulting,
> false, defamatory, slanderous, libelous, hateful, harassing or stalking...vulgar, obscene,
> violent...inappropriate or offensive, and/or criminal or unlawful language or content..."

However, those terms and conditions are not on the Arkansas State Police Facebook page as of

September 20th, 2018. Alternatively, even if ASP did not intend to create a traditional public

forum, their policies and procedures would still fail under the rules and tests promulgated for

non-traditional public forums; the ASP allows some comments, but not others, even when they

are within the scope of the initial topic presented by the agency themselves. During testimony

regarding the denial of a Freedom of Information Act request in a different Arkansas Freedom of

Information on March 3rd, 2017, Bill Sadler admitted that there was no investigation into the

factual basis for his FOIA denials.  Mr. Sadler testified that he did not even know whether the

criminal cases that were the subject of the FOIA were part of an undisclosed or open

investigation and was even unsure of many of the charges surrounded FOIA'd information. He

specifically replied that "I am not privy to those investigations or those questions."

## Counts 1 Through 14:

### *Injunctive Relief Against State of Arkansas For Violations of Freedom of Speech*

### *Rights*

### Count 1:

19. Every paragraph in this complaint is incorporated as though fully stated herein.

20. This count is brought against Separate Defendant the State of Arkansas, by and through the administrative head of the Arkansas State Police, Col. Bill Bryant so that they court may enter an injunction against Col. Bill Bryant ordering him to direct employees of the Arkansas State Police to unblock Drew Tanner from participation in the Official Arkansas State Police Facebook page so that he may continue commenting and seeing posts.

21. Employees of the Arkansas State Police (Separate Defendants Mike Kennedy and Elizabeth Chapman) who while acting under the color of law as employees of the Arkansas State Police, banned the Plaintiff from participation in a government owned and controlled Facebook page, in violation of the Plaintiff's First and Fourteenth Amendment rights protected under the United States Constitution.

22. Just as the First Amendment has been held to protect television, radio, and other developments in technology, online speech, including those comments posted and shared through Facebook, must be protected from Government infringement under the First Amendment and Fourteenth Amendment to the United States Constitution and this cause of action is within this Court's jurisdiction pursuant to and brought under 42 U.S.C. § 1983 and 1985.

23. The Arkansas State Police is a government agency of the State of Arkansas.

24. The Arkansas State Police used government resources to create and manage the Arkansas State Police Facebook page.

25. Many Facebook users comment and post on the Arkansas State Police Facebook page, and the Arkansas State Police encourage and generally allow public participation.

26. In September 2016, Separate Defendant Mike Kennedy ordered that Andrew James Tanner be blocked or "banned" from participation in the official Arkansas State Police Facebook

page after Drew continued to post negative comments about employees of the Arkansas State Police on the page.

27. The Arkansas State Police Facebook page was designed as an open public forum, (or at the very least a limited public forum) even if the Arkansas State Police Claim otherwise.

28. Drew Tanner had his Facebook comments hidden in February and September 2016 by the orders of Separate Defendant Mike Kennedy, and Drew was subsequently blocked from participating in the official ASP Facebook page due to additional orders given by Kennedy.

29. Drew Tanner's comments were protected speech under the First Amendment.

30. Drew's comments included some of the following phrases: ""Just don't be like that douche, Trooper Ziegenhorn." "Just don't be like that fascist pig, Trooper Ziegenhorn." "I have this guy's autograph. He supports crooked cops, so that makes him a crooked cop in my book. He needs to be held accountable as well if he is going to support the unlawful actions of his officers... This guy sucks." In addition to this final comment, Drew provided a link to an image that contained a decision by Mike Foster clearing Separate Defendant Ziegenhorn of any wrongdoing in an internal investigation initiated by a complaint by Drew Tanner.

31. Drew does not have many of his comments saved verbatim, as they were hidden from his view before he could get a screenshot of them because he did not realize they would be censored.

32. In the midst of having his comments hidden, Mr. Tanner informed the person deleting the comments that what they were doing was illegal and provided links to news sources reporting several other successful lawsuits against police departments that had deleted comments.

33. Screenshots of some of those comments and conversations with the administrators are attached as Plaintiff's Exhibit 1 which is fully incorporated as if stated herein.

34. At no time during Drew's commenting did the Arkansas State Police have "policies and procedures" or "terms and conditions" visible on the page for using the Arkansas State Police Facebook page, however terms and conditions were developed, written, and published sometime after Drew was blocked from participation in the page in September 2016.

35. The minimum age to use Facebook is 13 years old.

## Count 2:

36. Every paragraph in this complaint is incorporated as though fully stated herein.

37. This count is brought against Separate Defendant the State of Arkansas, by and through the administrative head of the Arkansas State Police, Col. Bill Bryant so that they court may enter an injunction against Col. Bill Bryant compelling him to order employees of the Arkansas State Police to restore Drew Tanner's comment to a post on the official Arkansas State Police Facebook page.

38. Employees of the Arkansas State Police (Separate Defendants Mike Kennedy and Elizabeth Chapman) who while acting under the color of law as employees of the Arkansas State Police, hid a comment from the Plaintiff on the official Arkansas State Police Facebook Page, in violation of the Plaintiff's First and Fourteenth Amendment rights protected under the United States Constitution.

39. This cause of action is within this Court's jurisdiction pursuant to and brought under 42 U.S.C. § 1983 and 1985.

40. On February 18th, 2016, the Arkansas State Police decided to recognize the excellence of one of their officers, a Mike Foster, on their official Facebook page.

41. Drew, a follower of the page, recognized the name "Mike Foster" as one of the men who had conducted the internal investigation of Separate Defendant Ziegenhorn, the conclusion of which was that Ziegenhorn had done nothing wrong.

42. Drew decided to take to social media to inform the public of the inadequacies of the Arkansas State Police (ASP). In a comment underneath this picture, Drew stated "I have this guy's autograph. He supports crooked cops, so that makes him a crooked cop in my book. He needs to be held accountable as well if he is going to support the unlawful actions of his officers.... [link to image of letter from Mike Foster] This guy sucks." Drew attached a picture of the notice from Mike Foster to this comment (Hereinafter referred to as "Comment Number 1").

43. Without warning or a chance to appeal, Drew's Comment Number 1 was subsequently hidden from view, however the post by the Arkansas State Police remained visible to everyone (except those who may be blocked from participation in the page, such as Mr. Tanner is now).

44. At this point, there were no "terms and conditions" of using the Arkansas State Police Facebook page or "policies and procedures" in place for deleting comments from the page.

45. The Arkansas State Police do not consider the word "sucks" to be an obscene or vulgar word.

46. As stated in their Response to Plaintiff's Interrogatory Number 22 propounded to Separate Defendant the State of Arkansas: "ASP has not posted obscene or vulgar words on its Facebook Page."

47. An Arkansas State Police Post from 5/21/2017 reads in part: "Earlier tonight I was involved in a collision in the Bella Vista area. I was not at [sic] hurt, but it was the type of situation that just kind of ***sucks*** for everyone." Emphasis added. See Plaintiff's Exhibit 2.

48. Plaintiff requests injunctive relief to restore this hidden comment about Mike Foster, and for attorney's fees and costs.

**Count 3:**

49. Every paragraph in this complaint is incorporated as though fully stated herein.

50. This count is brought against Separate Defendant the State of Arkansas, by and through the administrative head of the Arkansas State Police, Col. Bill Bryant so that they court may enter an injunction against Col. Bill Bryant ordering him to order employees of the Arkansas State Police to restore Drew Tanner's comment to a post on the official Arkansas State Police Facebook page.

51. Employees of the Arkansas State Police (Separate Defendants Mike Kennedy and Elizabeth Chapman) who while acting under the color of law as employees of the Arkansas State Police, hid a comment from the Plaintiff on the official Arkansas State Police Facebook Page, in violation of the Plaintiff's First and Fourteenth Amendment rights protected under the United States Constitution.

52. This cause of action is within this Court's jurisdiction pursuant to and brought under 42 U.S.C. § 1983 and 1985.

53. In February or March of 2016, the Arkansas State Police posted about a little-known statute on their official Facebook page.

54. In response Drew posted on their page: "Are you familiar with 5-54-122(c)(1)(b)? Because one of your troopers committed this crime, you know who it is." Hereinafter, this comment will be referred to as "Comment Number 2."

55. Drew's Comment Number 2 was a reference to Ziegenhorn's false statements against Drew in various reports and testimony.

15

56. Drew's Comment Number 2 was subsequently hidden from view.

57. Plaintiff requests injunctive relief to restore this hidden Comment Number 2, and attorney's fees and costs.

**Count 4:**

58. Every paragraph in this complaint is incorporated as though fully stated herein.

59. This count is brought against Separate Defendant the State of Arkansas, by and through the administrative head of the Arkansas State Police, Col. Bill Bryant so that they court may enter an injunction against Col. Bill Bryant ordering him to order employees of the Arkansas State Police to restore Drew Tanner's comment to a post on the official Arkansas State Police Facebook page.

60. Employees of the Arkansas State Police (Separate Defendants Mike Kennedy and Elizabeth Chapman) who while acting under the color of law as employees of the Arkansas State Police, hid a comment from the Plaintiff on the official Arkansas State Police Facebook Page, in violation of the Plaintiff's First and Fourteenth Amendment rights protected under the United States Constitution.

61. This cause of action is within this Court's jurisdiction pursuant to and brought under 42 U.S.C. § 1983 and 1985.

62. On September 14th, 2016 on a post about a new recruit class, at 7:03 p.m. "Just don't be like that douche, Trooper Ziegenhorn." This comment will hereinafter be referred to as "Comment Number 3."

63. Drew's comment was a reference to Ziegenhorn's treatment of him and is protected speech.

64. Drew's Comment Number 3 was subsequently hidden from view.

65. Plaintiff requests injunctive relief to restore this hidden comment about Trooper Ziegenhorn, and attorney's fees and costs.

**Count 5:**

66. Every paragraph in this complaint is incorporated as though fully stated herein.

67. This count is brought against Separate Defendant the State of Arkansas, by and through the administrative head of the Arkansas State Police, Col. Bill Bryant so that they court may enter an injunction against Col. Bill Bryant ordering him to order employees of the Arkansas State Police to restore Drew Tanner's comment to a post on the official Arkansas State Police Facebook page.

68. Employees of the Arkansas State Police (Separate Defendants Mike Kennedy and Elizabeth Chapman) who while acting under the color of law as employees of the Arkansas State Police, hid a comment from the Plaintiff on the official Arkansas State Police Facebook Page, in violation of the Plaintiff's First and Fourteenth Amendment rights protected under the United States Constitution.

69. This cause of action is within this Court's jurisdiction pursuant to and brought under 42 U.S.C. § 1983 and 1985.

70. On September 14th, 2016 on a post about a new recruit class, at 7:31 p.m. "Just don't be like that fascist pig, Trooper Ziegenhorn." This comment will hereinafter be referred to as "Comment Number 4."

71. Drew's comment was a reference to Ziegenhorn's treatment of him and altered because his previous comment had been removed because a message from an administrator claimed that "douche" was profanity.

72. Drew's comment was subsequently hidden from view.

17

73. Plaintiff requests injunctive relief to restore this hidden comment about Trooper Ziegenhorn, and for attorney's fees and costs.

**Count 6:**

74. Every paragraph in this complaint is incorporated as though fully stated herein.

75. This count is brought against Separate Defendant the State of Arkansas, by and through the administrative head of the Arkansas State Police, Col. Bill Bryant so that they court may enter an injunction against Col. Bill Bryant ordering him to order employees of the Arkansas State Police to restore Drew Tanner's comment to a post on the official Arkansas State Police Facebook page.

76. Employees of the Arkansas State Police (Separate Defendants Mike Kennedy and Elizabeth Chapman) who while acting under the color of law as employees of the Arkansas State Police, hid a comment from the Plaintiff on the official Arkansas State Police Facebook Page, in violation of the Plaintiff's First and Fourteenth Amendment rights protected under the United States Constitution.

77. This cause of action is within this Court's jurisdiction pursuant to and brought under 42 U.S.C. § 1983 and 1985.

78. On September 14th, 2016 on a post about a new recruit class, at 7:50 p.m. "Just don't be like that fascist pig, Trooper Ziegenhorn, aka douchebag." This comment will now be referred to as "Comment Number 5."

79. Drew's comment was out of frustration of his other comments being deleted.

80. Drew's comment was subsequently hidden from view.

81. Plaintiff requests injunctive relief to restore this hidden comment about Trooper Ziegenhorn, and for attorney's fees and costs.

18

**Count 7:**

82. Every paragraph in this complaint is incorporated as though fully stated herein.

83. This count is brought against Separate Defendant the State of Arkansas, by and through the administrative head of the Arkansas State Police, Col. Bill Bryant so that they court may enter an injunction against Col. Bill Bryant ordering him to order employees of the Arkansas State Police to restore Drew Tanner's comment to a post on the official Arkansas State Police Facebook page.

84. Employees of the Arkansas State Police (Separate Defendants Mike Kennedy and Elizabeth Chapman) who while acting under the color of law as employees of the Arkansas State Police, hid a comment from the Plaintiff on the official Arkansas State Police Facebook Page, in violation of the Plaintiff's First and Fourteenth Amendment rights protected under the United States Constitution.

85. This cause of action is within this Court's jurisdiction pursuant to and brought under 42 U.S.C. § 1983 and 1985.

86. On September 14th, 2016 on a post about a new recruit class, at 9:51 p.m., Drew commented: "So handcuffing someone and detaining them without any probable cause, stealing from them, then letting them go is taught in this class or is that something that DOUCHEBAG Ziegenhorn learned on his own?" This comment will hereinafter be referred to as "Comment Number 6."

87. Drew's comment was out of frustration of his other comments being deleted and he wanted to express his unhappiness with Ziegenhorn's treatment of him and the subsequent ASP response (or lack thereof).

88. Drew's comment was subsequently hidden from view, and Plaintiff was blocked from participation in the official Facebook Page.

89. Plaintiff requests injunctive relief to restore this hidden comment about Trooper Ziegenhorn, and attorney's fees and costs.

**Count 8:**

90. Every paragraph in this complaint is incorporated as though fully stated herein.

91. This count is brought against Separate Defendant the State of Arkansas, by and through the administrative head of the Arkansas State Police, Col. Bill Bryant so that they court may enter an injunction against Col. Bill Bryant ordering him to order employees of the Arkansas State Police to unblock Drew Tanner from participation in the Official Arkansas State Police Facebook page so that he may continue commenting and seeing posts.

92. Employees of the Arkansas State Police (Separate Defendants Mike Kennedy and Elizabeth Chapman) who while acting under the color of law as employees of the Arkansas State Police, banned the Plaintiff from participation in a government owned and controlled Facebook page, which violated the Plaintiff's state constitutional rights for exercising his freedom of speech outlined in the Arkansas Constitution, Article II, Section 6.

93. Drew Tanner's prior comments are protected speech and Drew is entitled to participate in the Arkansas State Police Facebook page.

94. This cause of action is within this Court's jurisdiction pursuant to the doctrine of pendant jurisdiction.

95. This count is brought under the Arkansas Civil Rights Act, A.C.A. § 16-123-105, 16-123-108, and 16-123-107(b), as made available under the Arkansas Constitution, Article II, Section 6.

96. In September 2016, Separate Defendant Mike Kennedy ordered that Andrew James Tanner be blocked or "banned" from participation in the official Arkansas State Police Facebook page after Drew continued to post negative comments about employees of the Arkansas State Police on the page.

97. Drew Tanner's comments are protected speech.

98. Screenshots of some of those comments and conversations with the administrators are attached as Plaintiff's Exhibit 1 which is fully incorporated as if stated herein.

99. At no time during Drew's commenting did the Arkansas State Police have "policies and procedures" or "terms and conditions" in visible on the page for using the Arkansas State Police Facebook page, however terms and conditions were developed, written, and published sometime after Drew was blocked from participation in the page in September 2016.

**Count 9:**

100.    Every paragraph in this complaint is incorporated as though fully stated herein.

101.    This count is brought against Separate Defendant the State of Arkansas, by and through the administrative head of the Arkansas State Police, Col. Bill Bryant.

102.    Employees of the Arkansas State Police while acting under the color of law as employees of the Arkansas State Police, hid Drew's Comment Number 1 on the official Arkansas State Police Facebook Page, which violated the Plaintiff's state constitutional rights for exercising his freedom of speech outlined in the Arkansas Constitution, Article II, Section 6.

103.    This cause of action is within this Court's jurisdiction pursuant to the doctrine of pendant jurisdiction.

104.    This count is brought under the Arkansas Civil Rights Act, A.C.A. § 16-123-105, 16-123-108, and 16-123-107(b).

105.    Drew's Comment Number 1 was hidden from view, however the post by the Arkansas

State Police remained visible to everyone, except those who may be blocked from

participation in the page.

106.    Plaintiff requests injunctive relief to restore this hidden Comment Number 1, and

attorney's fees and costs.

**Count 10:**

107.    Every paragraph in this complaint is incorporated as though fully stated herein.

108.    This count is brought against Separate Defendant the State of Arkansas, by and through

the administrative head of the Arkansas State Police, Col. Bill Bryant.

109.    In February or March of 2016, Drew's Comment Number 2 was hidden from the Official

Arkansas State Police Facebook page.

110.    This was a violation of Drew's State Constitutional Free Speech Rights and is brought

under the Arkansas Civil Rights Act.

111.    Plaintiff requests injunctive relief to restore this hidden Comment Number 2, and

attorney's fees and costs.

**Count 11:**

112.    Every paragraph in this complaint is incorporated as though fully stated herein.

113.    This count is brought against Separate Defendant the State of Arkansas, by and through

the administrative head of the Arkansas State Police, Col. Bill Bryant.

114.    Employees of the Arkansas State Police (hid a comment from the Plaintiff on the official

Arkansas State Police Facebook Page, which violated the Plaintiff's state constitutional rights

for exercising his freedom of speech outlined in the Arkansas Constitution, Article II, Section

6.

115.    Drew's Comment Number 3 was hidden from the official Arkansas State Police

Facebook page.

116.    Plaintiff requests injunctive relief to restore this hidden comment about Trooper

Ziegenhorn, and attorney's fees and costs.

**Count 12:**

117.    Every paragraph in this complaint is incorporated as though fully stated herein.

118.    This count is brought against Separate Defendant the State of Arkansas, by and through

the administrative head of the Arkansas State Police, Col. Bill.

119.    Employees of the Arkansas State Police hid Drew's Comment Number 4 on the official

Arkansas State Police Facebook Page, which violated the Plaintiff's state constitutional rights

for exercising his freedom of speech outlined in the Arkansas Constitution, Article II, Section

6.

120.    Plaintiff requests injunctive relief to restore this hidden comment about Trooper

Ziegenhorn, and attorney's fees and costs.

**Count 13:**

121.    Every paragraph in this complaint is incorporated as though fully stated herein.

122.    This count is brought against Separate Defendant the State of Arkansas, by and through

the administrative head of the Arkansas State Police, Col. Bill Bryant.

123.    Employees of the Arkansas State Police acting under the color of law hid Drew's

Comment Number 5 on the official Arkansas State Police Facebook Page, which  violated

the Plaintiff's state constitutional rights for exercising his freedom of speech outlined in the

Arkansas Constitution, Article II, Section 6.

124.     Plaintiff requests injunctive relief to restore this hidden comment about Trooper Ziegenhorn, and attorney's fees and costs.

## Count 14:

125.     Every paragraph in this complaint is incorporated as though fully stated herein.

126.     This count is brought against Separate Defendant the State of Arkansas, by and through the administrative head of the Arkansas State Police, Col. Bill Bryant.

127.     Employees of the Arkansas State Police acting under the color of law hid Drew's Comment Number 6 from the official Arkansas State Police Facebook Page, which violated the Plaintiff's state constitutional rights for exercising his freedom of speech outlined in the Arkansas Constitution, Article II, Section 6.

128.     Plaintiff requests injunctive relief to restore this hidden comment about Trooper Ziegenhorn, and attorney's fees and costs.

## Counts 15 Through 42:

### *Individual Liability for Violations of Freedom of Speech Rights for Blocking Participation on a Government Facebook Page and Hiding of Facebook Comments*

## Count 15:

129.     Every paragraph in this complaint is incorporated as though fully stated herein.

130.     In September 2016, Separate Defendant Mike Kennedy ordered that Andrew James Tanner be blocked or "banned" from participation in the official Arkansas State Police Facebook page after Drew continued to post negative comments about employees of the Arkansas State Police on the page.

131.     This count is brought against Separate Defendant Mike Kennedy for violating Drew's rights by ordering that Drew be banned from participation in an official government Facebook page, as outlined under the First Amendment and Fourteenth Amendment to the

United States Constitution and this cause of action is within this Court's jurisdiction pursuant to and brought under 42 U.S.C. § 1983 and 1985.

132.    Drew Tanner had his Facebook comments hidden in February and September 2016 by the orders of Separate Defendant Mike Kennedy, and Drew was subsequently blocked from participating in the official ASP Facebook page due to additional orders given by Kennedy.

133.    Drew Tanner's comments were protected speech under the First Amendment.

134.    Drew's comments were Comments 1 through 6.

135.    Drew does not have many of his comments saved verbatim, as they were hidden from his view before he could get a screenshot of them because he did not realize they would be censored.

136.    In the midst of having his comments hidden, Mr. Tanner informed the person deleting the comments that what they were doing was illegal and provided links to news sources reporting several other successful lawsuits against police departments that had deleted comments.

137.    Screenshots of some of those comments and conversations with the administrators are attached as Plaintiff's Exhibit 1.

**Count 16:**

138.    Every paragraph in this complaint is incorporated as though fully stated herein.

139.    This count is brought against Separate Defendant Mike Kennedy for ordering that Drew Tanner's Comment Number 1 to a post on the official Arkansas State Police Facebook page be deleted, in violation of the Plaintiff's First and Fourteenth Amendment rights protected under the United States Constitution.

140.    This cause of action is within this Court's jurisdiction pursuant to and brought under 42 U.S.C. § 1983 and 1985.

**Count 17:**

141.    Every paragraph in this complaint is incorporated as though fully stated herein.

142.    This count is brought against Separate Defendant Mike Kennedy, for ordering that Drew Tanner's comment Comment Number 2 to a post on the official Arkansas State Police Facebook page be deleted in violation of the Plaintiff's First and Fourteenth Amendment rights protected under the United States Constitution.

**Count 18:**

143.    Every paragraph in this complaint is incorporated as though fully stated herein.

144.    This count is brought against Separate Defendant Mike Kennedy, for ordering that Drew Tanner's comment Comment Number 3 to a post on the official Arkansas State Police Facebook page be deleted, in violation of the Plaintiff's First and Fourteenth Amendment rights protected under the United States Constitution.

145.    This cause of action is within this Court's jurisdiction pursuant to and brought under 42 U.S.C. § 1983 and 1985.

**Count 19:**

146.    Every paragraph in this complaint is incorporated as though fully stated herein.

147.    This count is brought against Separate Defendant Mike Kennedy for ordering that Drew Tanner's comment Comment Number 4 to a post on the official Arkansas State Police Facebook page be deleted, in violation of the Plaintiff's First and Fourteenth Amendment rights protected under the United States Constitution.

148.    This cause of action is within this Court's jurisdiction pursuant to and brought under 42 U.S.C. § 1983 and 1985.

**Count 20:**

149.   Every paragraph in this complaint is incorporated as though fully stated herein.

150.   This count is brought against Separate Defendant Mike Kennedy for ordering that Drew Tanner's comment Comment Number 5 to a post on the official Arkansas State Police Facebook page be deleted, in violation of the Plaintiff's First and Fourteenth Amendment rights protected under the United States Constitution.

151.   This cause of action is within this Court's jurisdiction pursuant to and brought under 42 U.S.C. § 1983 and 1985.

**Count 21:**

152.   Every paragraph in this complaint is incorporated as though fully stated herein.

153.   This count is brought against Separate Defendant Mike Kennedy, for ordering that Drew Tanner's comment Comment Number 6 to a post on the official Arkansas State Police Facebook page be hidden, in violation of the Plaintiff's First and Fourteenth Amendment rights protected under the United States Constitution.

154.   This cause of action is within this Court's jurisdiction pursuant to and brought under 42 U.S.C. § 1983 and 1985.

**Count 22:**

155.   Every paragraph in this complaint is incorporated as though fully stated herein.

156.   This count is brought against Separate Defendant Mike Kennedy, for ordering that Drew Tanner's comment Comment Number 1 to a post on the official Arkansas State Police Facebook page be deleted, which violated the Plaintiff's state constitutional rights for exercising his freedom of speech outlined in the Arkansas Constitution, Article II, Section 6.

157.   Drew Tanner's prior comments were protected speech and Drew is entitled to participate in the Arkansas State Police Facebook page.

158.    This count is brought under the Arkansas Civil Rights Act, A.C.A. § 16-123-105, 16-123-108, and 16-123-107(b), as made available under the Arkansas Constitution, Article II,

**Count 23:**

159.    Every paragraph in this complaint is incorporated as though fully stated herein.

160.    This count is brought against Separate Defendant Mike Kennedy, for ordering that Drew Tanner's comment Comment Number 2 to a post on the official Arkansas State Police Facebook page be deleted, which violated the Plaintiff's state constitutional rights for exercising his freedom of speech outlined in the Arkansas Constitution, Article II, Section 6.

161.    This count is brought under the Arkansas Civil Rights Act, A.C.A. § 16-123-105, 16-123-108, and 16-123-107(b), as made available under the Arkansas Constitution, Article II, Section 6.

**Count 24:**

162.    Every paragraph in this complaint is incorporated as though fully stated herein.

163.    This count is brought against Separate Defendant Mike Kennedy, for ordering that "Drew Tanner's comment Comment Number 3 to a post on the official Arkansas State Police Facebook page be deleted, which violated the Plaintiff's state constitutional rights for exercising his freedom of speech outlined in the Arkansas Constitution, Article II, Section 6.

**Count 25:**

164.    Every paragraph in this complaint is incorporated as though fully stated herein.

165.    This count is brought against Separate Defendant Mike Kennedy, for ordering that Drew Tanner's comment Comment Number 4 to a post on the official Arkansas State Police Facebook page be deleted, which violated the Plaintiff's state constitutional rights for exercising his freedom of speech outlined in the Arkansas Constitution, Article II, Section 6.

166.     This count is brought under the Arkansas Civil Rights Act, A.C.A. § 16-123-105, 16-123-108, and 16-123-107(b), as made available under the Arkansas Constitution, Article II, Section 6.

**Count 26:**

167.     Every paragraph in this complaint is incorporated as though fully stated herein.

168.     This count is brought against Separate Defendant Mike Kennedy for ordering that Drew Tanner's comment Comment Number 5 to a post on the official Arkansas State Police Facebook page be deleted, which violated the Plaintiff's state constitutional rights for exercising his freedom of speech outlined in the Arkansas Constitution, Article II, Section 6.

169.     This count is brought under the Arkansas Civil Rights Act, A.C.A. § 16-123-105, 16-123-108, and 16-123-107(b), as made available under the Arkansas Constitution, Article II, Section 6.

**Count 27:**

170.     Every paragraph in this complaint is incorporated as though fully stated herein.

171.     This count is brought against Separate Defendant Mike Kennedy for ordering that Drew Tanner's comment Comment Number 6 to a post on the official Arkansas State Police Facebook page be deleted, which violated the Plaintiff's state constitutional rights for exercising his freedom of speech outlined in the Arkansas Constitution, Article II, Section 6.

172.     This cause of action is within this Court's jurisdiction pursuant to the doctrine of pendant jurisdiction.

173.     This count is brought under the Arkansas Civil Rights Act, A.C.A. § 16-123-105, 16-123-108, and 16-123-107(b), as made available under the Arkansas Constitution, Article II, Section 6.

**Count 28:**

174.   Every paragraph in this complaint is incorporated as though fully stated herein.

175.   In September 2016, Separate Elizabeth Chapman banned Andrew James Tanner from

participation in the official Arkansas State Police Facebook page after Drew continued to

post negative comments about employees of the Arkansas State Police on the page.

176.   This count is brought against Separate Defendant Elizabeth Chapman for violating

Drew's rights by banning him from participation in an official government Facebook page, as

outlined under the First Amendment and Fourteenth Amendment to the United States

Constitution and this cause of action is within this Court's jurisdiction pursuant to and

brought under 42 U.S.C. § 1983 and 1985.

177.   Drew Tanner's comments, Comment Number 1 through 6, were protected free speech.

**Count 29:**

178.   Every paragraph in this complaint is incorporated as though fully stated herein.

179.   This count is brought against Separate Defendant Elizabeth Chapman for hiding

Comment Number 1 in violation of the Plaintiff's First and Fourteenth Amendment rights

protected under the United States Constitution.

180.   This cause of action is within this Court's jurisdiction pursuant to and brought under 42

U.S.C. § 1983 and 1985.

**Count 30:**

181.   Every paragraph in this complaint is incorporated as though fully stated herein.

182.   This count is brought against Separate Defendant Elizabeth Chapman, for hiding a

comment that Drew Tanner made to a post on the official Arkansas State Police Facebook

page, Comment Number 2, in violation of the Plaintiff's First and Fourteenth Amendment rights protected under the United States Constitution.

183.  This cause of action is within this Court's jurisdiction pursuant to and brought under 42 U.S.C. § 1983 and 1985.

## Count 31:

184.  Every paragraph in this complaint is incorporated as though fully stated herein.

185.  This count is brought against Separate Defendant Elizabeth Chapman for hiding a comment that Drew Tanner made to a post on the official Arkansas State Police Facebook page, Comment Number 3, in violation of the Plaintiff's First and Fourteenth Amendment rights protected under the United States Constitution.

186.  This cause of action is within this Court's jurisdiction pursuant to and brought under 42 U.S.C. § 1983 and 1985.

## Count 32:

187.  Every paragraph in this complaint is incorporated as though fully stated herein.

188.  This count is brought against Separate Defendant Elizabeth Chapman for hiding a comment that Drew Tanner made to a post on the official Arkansas State Police Facebook page, Comment Number 4, in violation of the Plaintiff's First and Fourteenth Amendment rights protected under the United States Constitution.

189.  This cause of action is within this Court's jurisdiction pursuant to and brought under 42 U.S.C. § 1983 and 1985.

## Count 33:

190.  Every paragraph in this complaint is incorporated as though fully stated herein.

191.    This count is brought against Separate Defendant Elizabeth Chapman for hiding a

comment that Drew Tanner made to a post on the official Arkansas State Police Facebook

page, Comment Number 5, in violation of the Plaintiff's First and Fourteenth Amendment

rights protected under the United States Constitution.

192.    This cause of action is within this Court's jurisdiction pursuant to and brought under 42

U.S.C. § 1983 and 1985.

**Count 34:**

193.    Every paragraph in this complaint is incorporated as though fully stated herein.

194.    This count is brought against Separate Defendant Elizabeth Chapman for hiding a

comment that Drew Tanner made to a post on the official Arkansas State Police Facebook

page, Comment Number 6, in violation of the Plaintiff's First and Fourteenth Amendment

rights protected under the United States Constitution.

195.    This cause of action is within this Court's jurisdiction pursuant to and brought under 42

U.S.C. § 1983 and 1985.

**Count 35:**

196.    Every paragraph in this complaint is incorporated as though fully stated herein.

197.    This count is brought against Separate Defendant Elizabeth Chapman for banning Drew

Tanner from the official Arkansas State Police Facebook page, which violated the Plaintiff's

state constitutional rights for exercising his freedom of speech outlined in the Arkansas

Constitution, Article II, Section 6.

198.    Drew Tanner's prior comments were protected speech and Drew is entitled to participate

in the Arkansas State Police Facebook page.

199.   This cause of action is within this Court's jurisdiction pursuant to the doctrine of pendant jurisdiction.

200.   This count is brought under the Arkansas Civil Rights Act, A.C.A. § 16-123-105, 16-123-108, and 16-123-107(b), as made available under the Arkansas Constitution, Article II, Section 6.

**Count 36:**

201.   Every paragraph in this complaint is incorporated as though fully stated herein.

202.   This count is brought against Separate Defendant Elizabeth Chapman for hiding a comment that Drew Tanner made to a post on the official Arkansas State Police Facebook page, Comment Number 1, which violated the Plaintiff's state constitutional rights for exercising his freedom of speech outlined in the Arkansas Constitution, Article II, Section 6.

203.   This count is brought under the Arkansas Civil Rights Act, A.C.A. § 16-123-105, 16-123-108, and 16-123-107(b), as made available under the Arkansas Constitution, Article II, Section 6.

**Count 37:**

204.   Every paragraph in this complaint is incorporated as though fully stated herein.

205.   This count is brought against Separate Defendant Elizabeth Chapman for hiding a comment that Drew Tanner made to a post on the official Arkansas State Police Facebook page, Comment Number 2, which violated the Plaintiff's state constitutional rights for exercising his freedom of speech outlined in the Arkansas Constitution, Article II, Section 6.

206.   This count is brought under the Arkansas Civil Rights Act, A.C.A. § 16-123-105, 16-123-108, and 16-123-107(b), as made available under the Arkansas Constitution, Article II, Section 6.

**Count 38:**

207.    Every paragraph in this complaint is incorporated as though fully stated herein.

208.    This count is brought against Separate Defendant Elizabeth Chapman for hiding a comment that Drew Tanner made to a post on the official Arkansas State Police Facebook page, Comment Number 3, which violated the Plaintiff's state constitutional rights for exercising his freedom of speech outlined in the Arkansas Constitution, Article II, Section 6.

209.    This count is brought under the Arkansas Civil Rights Act, A.C.A. § 16-123-105, 16-123-108, and 16-123-107(b), as made available under the Arkansas Constitution, Article II, Section 6.

**Count 39:**

210.    Every paragraph in this complaint is incorporated as though fully stated herein.

211.    This count is brought against Separate Defendant Elizabeth Chapman for hiding a comment that Drew Tanner made to a post on the official Arkansas State Police Facebook page, Comment Number 4, which violated the Plaintiff's state constitutional rights for exercising his freedom of speech outlined in the Arkansas Constitution, Article II, Section 6.

212.    This count is brought under the Arkansas Civil Rights Act, A.C.A. § 16-123-105, 16-123-108, and 16-123-107(b), as made available under the Arkansas Constitution, Article II, Section 6.

**Count 40:**

213.    Every paragraph in this complaint is incorporated as though fully stated herein.

214.    This count is brought against Separate Defendant Elizabeth Chapman for hiding a comment that Drew Tanner made to a post on the official Arkansas State Police Facebook

page, Comment Number 5, which violated the Plaintiff's state constitutional rights for exercising his freedom of speech outlined in the Arkansas Constitution, Article II, Section 6.

215.    This count is brought under the Arkansas Civil Rights Act, A.C.A. § 16-123-105, 16-123-108, and 16-123-107(b), as made available under the Arkansas Constitution, Article II, Section 6.

### Count 41:

216.    Every paragraph in this complaint is incorporated as though fully stated herein.

217.    This count is brought against Separate Defendant Elizabeth Chapman for hiding a comment that Drew Tanner made to a post on the official Arkansas State Police Facebook page, Comment Number 6, which violated the Plaintiff's state constitutional rights for exercising his freedom of speech outlined in the Arkansas Constitution, Article II, Section 6.

218.    This count is brought under the Arkansas Civil Rights Act, A.C.A. § 16-123-105, 16-123-108, and 16-123-107(b), as made available under the Arkansas Constitution, Article II, Section 6.

### Counts 42 to 43

### *RIGHT TO REDRESS AND FREEDOM OF SPEECH RETALIATION CLAIMS AGAINST ZIEGENHORN*

### Count 42:

219.    Every paragraph in this complaint is incorporated as though fully stated herein.

220.    This count is brought against Separate Defendant Ziegenhorn, who retaliated against the Plaintiff after the Plaintiff exercised his right to freedom of speech and to petition the government for a redress of grievances.

221.    After Drew Tanner's interaction with Separate Defendant Ziegenhorn on November 29th, 2014, Mr. Tanner called Arkansas State Police employees to inquire about filing a citizen complaint against Ziegenhorn.

222.    In response to Mr. Tanner's inquiries into filing official complaints against Trooper Ziegenhorn, Ziegenhorn unlawfully detained and searched Mr. Tanner, and instituted criminal proceedings against Mr. Tanner.

223.    Article II Section 6 of the Arkansas Constitution protects Mr. Tanner's freedom to speak out about and complain about the actions of government employees. Mr. Ziegenhorn's actions regarding Mr. Tanner violated Mr. Tanner's rights.

224.    This cause of action is within this Court's jurisdiction because of pendent jurisdiction.

225.    This was a violation of his statutory rights under A.C.A. § 16-123-105, 16-123-108, and 16-123-107(b), to not be wrongfully deprived of any rights by another who is working under color of any statute, ordinance, regulation, custom, or usage of a political subdivision of the State of Arkansas, and to not be retaliated against for exercising rights.

**Count 43:**

226.    Every paragraph in this complaint is incorporated as though fully stated herein.

227.    This count is brought against Separate Defendant Ziegenhorn, who retaliated against the Plaintiff after the Plaintiff exercised his right to freedom of speech and to petition the government for a redress of grievances.

228.    After Drew Tanner's interaction with Separate Defendant Ziegenhorn on November 29th, 2014, Mr. Tanner called Arkansas State Police employees to inquire about filing a citizen complaint against Ziegenhorn.

229.    In response to Mr. Tanner's inquiries into filing official complaints against Trooper Ziegenhorn, Ziegenhorn unlawfully detained and searched Mr. Tanner, and instituted criminal proceedings against Mr. Tanner.

230.    The First and Fourteenth Amendment to the United States Constitution protects Mr. Tanner's freedom to speak out about and complain about the actions of government employees. Mr. Ziegenhorn's actions regarding Mr. Tanner violated Mr. Tanner's rights.

231.    This was made actionable under U.S.C. § 1983 and 1985.

### Counts 44 To 49

### *VIOLATION OF DREW'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES BY DEFENDANT ZEIGENHORN*

### Count 44:

232.    Every paragraph in this complaint is incorporated as though fully stated herein.

233.    This count is brought against Separate Defendant Ziegenhorn for causing Mr. Tanner to be unlawfully detained.

234.    During a November 29th, 2014 incident Drew Tanner was detained by Ziegenhorn without reasonable suspicion or probable cause that a crime had been or was about to be committed.

235.    On November 29th, 2014, Andrew Tanner was unlawfully detained and questioned without reasonable suspicion or without probable cause by Trooper Ziegenhorn who was acting under the color of law.

236.    Trooper Ziegenhorn's actions violated the Plaintiff's state Constitutional rights under Article II Section 5 of the Arkansas Constitution. This is a viable cause of action under A.C.A. § 16-123-105, 107, and 108, which the court may exercise pendant jurisdiction over.

### Count 45:

***Violation of Federal Right to be Free from Unreasonable Searches and Seizures***

237.    Every paragraph in this complaint is incorporated as though fully stated herein.

238.    This count is brought against Separate Defendant Ziegenhorn for causing Mr. Tanner to be unlawfully detained.

239.    During the November 29th, 2014 incident Drew Tanner was detained solely because he openly possessed a firearm.

240.    On November 29th, 2014 Andrew Tanner was unlawfully detained and questioned without reasonable suspicion or without probable cause by Trooper Ziegenhorn who was acting under the color of law.

241.    Trooper Ziegenhorn's actions during this November 29th, 2014 incident violated the Plaintiff's 4th and 14th amendment rights  to the United States Constitution to be free from unlawful and unreasonable seizures, arrests, and detentions. This is a viable cause of action under 42 U.S.C. § 1983 and 1985.

## Count 46:

***Violation of State Right to be Free from Unreasonable Searches and Seizures***

242.    Every paragraph in this complaint is incorporated as though fully stated herein.

243.    This count is brought against Separate Defendant Ziegenhorn for causing Mr. Tanner to be unlawfully detained on December 3rd, 2014.

244.    During a December 3rd, 2014 incident Drew Tanner was detained without reasonable suspicion or probable cause that a crime had been or was about to be committed.

245.    At this time Andrew Tanner was unlawfully detained, arrested, and searched without reasonable suspicion or without probable cause by Trooper Ziegenhorn who was acting under the color of law in his full uniform.

246.    Trooper Ziegenhorn's actions violated the Plaintiff's state Constitutional rights under Article II Section 5 of the Arkansas Constitution. This is a viable cause of action under A.C.A. § 16-123-105, 107, and 108, which the court may exercise pendant jurisdiction over.

### Count 47:

***Violation of Federal Right to be Free from Unreasonable Searches and Seizures***

247.    Every paragraph in this complaint is incorporated as though fully stated herein.

248.    This count is brought against Separate Defendant Ziegenhorn for causing Mr. Tanner to be unlawfully detained.

249.    During the December 3rd, 2014 incident Drew Tanner was detained by Ziegenhorn solely for the reason that he may have possessed a firearm and initially refusing to answer whether or not he was carrying a firearm.

250.    On December 3rd, 2014 Andrew Tanner was unlawfully detained, arrested, and searched without reasonable suspicion or without probable cause.

251.    Trooper Ziegenhorn's actions during violated the Plaintiff's 4th and 14th amendment rights to the United States Constitution to be free from unlawful and unreasonable seizures, arrests, and detentions. This is a viable cause of action under 42 U.S.C. § 1983 and 1985.

### Count 48:

***Violation of State Right to be Free from Unreasonable Searches and Seizures***

252.    Every paragraph in this complaint is incorporated as though fully stated herein.

253.    This count is brought against Separate Defendant Ziegenhorn for causing Mr. Tanner to be unlawfully detained.

254.    On January 17th of 2015 Andrew Tanner was unlawfully detained, arrested, and searched without reasonable suspicion or without probable cause by the Searcy Police while they were

executing a misleading warrant that was requested by Trooper Ziegenhorn for the November 29th, 2014 incident between Mr. Tanner and Ziegenhorn. Once Mr. Tanner was arrested, he spent several hours in jail, had to bond out, and had to hire an attorney to defend himself from the baseless charge of "Obstructing Governmental Operations."

255.     Trooper Ziegenhorn's actions violated the Plaintiff's state Constitutional rights under Article II Section 5 of the Arkansas Constitution. This is a viable cause of action under A.C.A. § 16-123-105, 107, and 108, which the court may exercise pendant jurisdiction over.

## Count 49:

### *Violation of Federal Right to be Free from Unreasonable Searches and Seizures*

256.     Every paragraph in this complaint is incorporated as though fully stated herein.

257.     This count is brought against Separate Defendant Ziegenhorn for causing Mr. Tanner to be unlawfully detained.

258.     On January 17th of 2015 Andrew Tanner was unlawfully detained, arrested, and searched without reasonable suspicion or without probable cause by the Searcy Police while they were executing a misleading warrant that was requested by Trooper Ziegenhorn for the November 29th, 2014 incident between Mr. Tanner and Ziegenhorn. Once Mr. Tanner was arrested, he spent several hours in jail, had to bond out, and had to hire an attorney to defend himself from the baseless charge of "Obstructing Governmental Operations."

259.     Trooper Ziegenhorn's actions during violated the Plaintiff's 4th and 14th amendment rights to the United States Constitution to be free from unlawful and unreasonable seizures, arrests, and detentions. This is a viable cause of action under 42 U.S.C. § 1983 and 1985.

## Counts 50 To 51

### *Right to Bear Arms Violations Against Ziegenhorn*

**Count 54:**

260.    Every paragraph in this complaint is incorporated as though fully stated herein.

261.    This count is brought against Separate Defendant Ziegenhorn for retaliating against Mr. Tanner merely because he exercised his right to bear arms at a Wal-Mart in Searcy on November 29th, 2014, causing Mr. Tanner to become unlawfully detained, questioned, and later chilling Mr. Tanner's right to bear arms when Mr. Tanner opted not to attend an event whilst armed out of concern that he may be arrested for doing so.

262.    During a November 29th, 2014 incident Drew Tanner was detained by Ziegenhorn without reasonable suspicion or probable cause that a crime had been or was about to be committed. The only reason that Mr. Tanner was detained and questioned at this time by Ziegenhorn was because he was openly carrying a firearm.

263.    Defendant Ziegenhorn then perjured himself on the stand during Drew's state district court trial and in official reports regarding the incident, claiming that Mr. Tanner reached his hand down toward his gun during their interaction.

264.    Later, Mr. Tanner attended an event to support Mr. Richard Chambless, and because of this November 29th, 2014 incident with Mr. Ziegenhorn, Tanner did not carry a firearm on his person out of concern that he would be arrested for doing so.

265.    Trooper Ziegenhorn's actions violated the Plaintiff's state Constitutional rights under Article II Section 5 of the Arkansas Constitution. This is a viable cause of action under A.C.A. § 16-123-105, 107, and 108, which the court may exercise pendant jurisdiction over.

**Count 52:**

266.    Every paragraph in this complaint is incorporated as though fully stated herein.

267.    This count is brought against Separate Defendant Ziegenhorn for retaliating against Mr. Tanner merely because he exercised his right to bear arms at a Wal-Mart in Searcy on November 29th, 2014, causing Mr. Tanner to become unlawfully detained, questioned, and later chilling Mr. Tanner's right to bear arms when Mr. Tanner opted not to attend an event whilst armed out of concern that he may be arrested for doing so.

268.    During a November 29th, 2014 incident Drew Tanner was detained by Ziegenhorn without reasonable suspicion or probable cause that a crime had been or was about to be committed. The only reason that Mr. Tanner was detained and questioned at this time by Ziegenhorn was because he was openly carrying a firearm.

269.    Mr. Ziegenhorn acted under color of law by identifying himself as State Police, and later flashed an Arkansas State Police badge during this incident, although he was in plain clothes.

270.    Defendant Ziegenhorn then perjured himself on the stand during Drew's state district court trial and in official reports regarding the incident, claiming that Mr. Tanner reached his hand down toward his gun during their interaction.

271.    Later, Mr. Tanner attended an event to support Mr. Richard Chambless, and because of this November 29th, 2014 incident with Mr. Ziegenhorn, Tanner did not carry a firearm on his person out of concern that he would be arrested for doing so.

272.    Trooper Ziegenhorn's actions during this November 29th, 2014 incident violated the Plaintiff's 2nd and 14th amendment rights to the United States Constitution. This is a viable cause of action under 42 U.S.C. § 1983 and 1985.

## Counts 53 to 59

### *FOIA Violations*

## Count 53

273.    Every paragraph in this complaint is incorporated as though fully stated herein. Plaintiff brings this action, an appeal from the denial of rights pursuant to the Arkansas Freedom of Information Act of 1967, as amended, Ark. Code Ann. § 25-19-101 et seq. ("FOIA").

274.    This count is against Defendant State of Arkansas through The Arkansas State Police because of the actions of its Public Information Officer Bill Sadler in denying a FOIA request from Drew Tanner on November 21st, 2016.

275.    William "Bill" Sadler is employed as the Public Information Officer of the Arkansas State Police. He is the custodian of the records at issue in this FOIA action.

276.    This Court has pendent, collateral, and supplemental jurisdiction over the subject matter of this suit and the parties herein.

277.    Defendant Sadler received and denied seven (7) freedom of information act requests from Plaintiff Tanner, in violation of Arkansas law.

278.    Those Freedom of Information Act Requests and their denials are attached as Plaintiff's Exhibit 3 and fully incorporated herein.

279.    The First FOIA request was dated Nov. 21, 2016 and requested all reports for Drew's second incident with Trooper Ziegenhorn.

280.    Some of the items requested that the Plaintiff knows exist that were not disclosed are a narrative of Ziegenhorn's interactions with the Plaintiff, and various emails.

## Count 54:

### *Arkansas Freedom of Information Act Violation 2*

281.    Every paragraph in this complaint is incorporated as though fully stated herein. Plaintiff brings this action, an appeal from the denial of rights pursuant to the Arkansas Freedom of Information Act of 1967, as amended, Ark. Code Ann. § 25-19-101 et seq. ("FOIA").

282.    This count is against Defendant State of Arkansas through The Arkansas State Police because of the actions of its Public Information Officer Bill Sadler in denying a FOIA request from Drew Tanner on December 3rd, 2016.

283.    This Court has pendent, collateral, and supplemental jurisdiction over the subject matter of this suit and the parties herein.

284.    Drew's Second FOIA request dated Dec. 3, 2016 requested all emails sent by Ziegenhorn between Nov 29, 2014 and Dec 3, 2016.

285.    We know that several emails do exist. Bill Sadler demanded money in exchange to redact information from these emails, in violation of the FOIA statute as the requestor must pay for reasonable costs associated with gathering records however they do not have to pay for redaction costs.

### Count 55:

### *Arkansas Freedom of Information Act Violation 3*

286.    Every paragraph in this complaint is incorporated as though fully stated herein. Plaintiff brings this action, an appeal from the denial of rights pursuant to the Arkansas Freedom of Information Act of 1967, as amended, Ark. Code Ann. § 25-19-101 et seq. ("FOIA").

287.    This count is against Defendant State of Arkansas through The Arkansas State Police because of the actions of its Public Information Officer Bill Sadler, who denied a December 5th, 2016 FOIA request from Drew Tanner.

288.    This Court has pendent, collateral, and supplemental jurisdiction over the subject matter of this suit and the parties herein.

289.    The court may exercise pendent jurisdiction over this claim.

290.    The third FOIA request dated Dec. 5, 2016 requested all reports regarding the second

Tanner-Ziegenhorn incident on December 3, 2014, emails regarding the incident, and a

request for the official Facebook policies and procedures regarding the official Facebook

group for the ASP.

291.    Some of the items requested that the Plaintiff knows exist that were "terms and

conditions" of the Arkansas State Police Facebook page and various emails.

**Count 56:**

***Arkansas Freedom of Information Act Violation 4***

292.    Every paragraph in this complaint is incorporated as though fully stated herein. Plaintiff

brings this action, an appeal from the denial of rights pursuant to the Arkansas Freedom of

Information Act of 1967, as amended, Ark. Code Ann. § 25-19-101 et seq. ("FOIA").

293.    This count is against Defendant State of Arkansas through The Arkansas State Police

because of the actions of its Public Information Officer Bill Sadler, for his denial of a FOIA

request from Drew Tanner dated Dec. 7, 2016.

294.    This Court has pendent, collateral, and supplemental jurisdiction over the subject matter

of this suit and the parties herein.

295.    Fourth FOIA request dated Dec. 7, 2016 - this was the same request as Dec 5, 2016 but

for a different date range.

296.    Some of the items requested that the Plaintiff knows exist that were not disclosed are

Dashcam videos of traffic stops, radio and dispatch logs, a factual narrative of Ziegenhorn's

interactions with the Plaintiff, and various emails.

**Count 57:**

*Arkansas Freedom of Information Act Violation 5*

297.    Every paragraph in this complaint is incorporated as though fully stated herein. Plaintiff brings this action, an appeal from the denial of rights pursuant to the Arkansas Freedom of Information Act of 1967, as amended, Ark. Code Ann. § 25-19-101 et seq. ("FOIA").

298.    This count is against Defendant State of Arkansas through The Arkansas State Police because of the actions of its Public Information Officer Bill Sadler who denied a January 20th, 2017 FOIA request from Drew Tanner.

299.    This Court has pendent, collateral, and supplemental jurisdiction over the subject matter of this suit and the parties herein.

300.    The fifth FOIA request dated Jan. 20, 2017 asked for any reports involving the Arkansas State Police and Mr. Tanner.

**Count 58:**

*Arkansas Freedom of Information Act Violation 6*

301.    Every paragraph in this complaint is incorporated as though fully stated herein. Plaintiff brings this action, an appeal from the denial of rights pursuant to the Arkansas Freedom of Information Act of 1967, as amended, Ark. Code Ann. § 25-19-101 et seq. ("FOIA").

302.    This count is against Defendant State of Arkansas through The Arkansas State Police because of the actions of its Public Information Officer Bill Sadler, because of his denial of a January 27th, 2017 FOIA request from Mr. Tanner.

303.    This Court has pendent, collateral, and supplemental jurisdiction over the subject matter of this suit and the parties herein.

304.    The court may exercise pendent jurisdiction over this claim.

305.    Sixth FOIA request dated Jan. 27, 2017 - All communications regarding Mr. Tanner's requests for public records.

306.    Some of the items requested that the Plaintiff knows exist that were not disclosed are Dashcam videos of traffic stops, radio and dispatch logs, a factual narrative of Ziegenhorn's interactions with the Plaintiff, and various emails.

### Count 59:

### *Arkansas Freedom of Information Act Violation 7*

307.    Every paragraph in this complaint is incorporated as though fully stated herein. Plaintiff brings this action, an appeal from the denial of rights pursuant to the Arkansas Freedom of Information Act of 1967, as amended, Ark. Code Ann. § 25-19-101 et seq. ("FOIA").

308.    This count is against Defendant State of Arkansas through The Arkansas State Police because of the actions of its Public Information Officer Bill Sadler, because of his denial of a November 21st, 2017 FOIA request from Mr. Tanner.

309.    This Court has pendent, collateral, and supplemental jurisdiction over the subject matter of this suit and the parties herein.

310.    Seventh FOIA request dated Nov. 21st, 2017 - seeking all of Trooper Ziegenhorn emails from November 29th, 2014 to November 21st, 2017.

311.    Some of the items requested that the Plaintiff knows exist that were not disclosed are Dashcam videos of traffic stops, radio and dispatch logs, a factual narrative of Ziegenhorn's interactions with the Plaintiff, and various emails.

### Count 60:

*Individual Capacity Federal Civil Rights Claims Against Separate Defendant Sadler for*
*Denying Drew Tanner's FOIA Requests in Violation of the 14th Amendment*

312.    Every paragraph in this complaint is incorporated as though fully stated herein.

313.    This count is brought against Separate Defendant Bill Sadler in his individual capacity

for denying some of Drew's FOIA requests, in violation of Drew's Equal Protection Rights

under the 14th amendment.

314.    Mr. Tanner had a right to almost all the information he requested, and Mr. Sadler had a

duty to provide that information, yet refused to do so.

315.    This count is brought under U.S.C. 1983 and 1985.

**Count 61:**

316.    Every paragraph in this complaint is incorporated as though fully stated herein.

317.    This count is brought against Separate Defendant Bill Sadler in his individual capacity

for conspiring to violate Mr. Tanner's rights.

318.    The Defendant, Bill Sadler, conspired with John and Jane Does to deprive Drew of his

rights, a cause of action viable under 42 U.S. Code § 1985.

319.    By denying Drew's FOIA requests, Bill Sadler used his position in government to stifle

Drew's attempt to seek redress against Trooper Ziegenhorn, the State of Arkansas, Elizabeth

Chapman, and Mike Foster. Without access to the FOIA records Drew could not inform the

public of Ziegenhorn's version of events, find out who had been deleting his Facebook

comments or who blocked him from Facebook, or obtain information Drew had a legal right

to obtain.

**320.**   By helping cover up for the illegalities of the agency and his coworkers, Mr. Sadler

became guilty of conspiracy to deprive Mr. Tanner of the rights that his coworkers had

deprived him of.

**Count 62:**

***Malicious Prosecution***

321.   Every paragraph in this complaint is incorporated as though fully stated herein.

322.   Separate Defendant Ziegenhorn committed the tort of Malicious Prosecution against

James Andrew Tanner when he filled out a misleading warrant for arrest on Mr. Tanner that

lacked probable cause. The warrant request omitted key facts of their November 29th, 2014

interaction and misrepresented others, causing the Plaintiff damages in the form of attorney's

fees, appeal fees, missed work, and other extemporaneous fees.

323.   Trooper Ziegenhorn pursued Mr. Tanner's criminal charges because of his dislike of Mr.

Tanner, in response to Mr. Tanner's official complaints lodged with Ziegenhorn's employer,

and Drew's refusal to obey Ziegenhorn, as well as other reasons.

324.   Mr. Tanner was found not guilty of all charges pursued by Ziegenhorn.

325.   Trooper Ziegenhorn was not even based out of the local Troop that had jurisdiction over

Searcy, Arkansas where these incidents occurred, Ziegenhorn stalked Mr. Tanner all the

way from his home base in Forrest City, Arkansas after they had an unsavory interaction.

326.   This is evidence that Trooper Ziegenhorn was using this process to harass Mr. Tanner.

327.   This Court has pendent jurisdiction over the state law subject matter of this suit and the

parties herein.

328.    The elements of Malicious Prosecution under Arkansas law are: (1) a proceeding

instituted or continued by the defendant against the plaintiff; (2) termination of the

proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4)

malice on the part of the defendant; and (5) damages.

329.    Defendant Ziegenhorn instituted and continued a proceeding against the Plaintiff, a

criminal prosecution for Obstructing Governmental Operations.

330.    The proceedings ended in Plaintiff's favor, a not guilty finding for Mr. Tanner.

331.    There was no probable cause for the proceedings that Defendant Ziegenhorn instigated

against Plaintiff; Mr. Tanner committed no crime, nor did he appear to do so.

332.    Defendant Ziegenhorn acted with malice, which can be inferred from Defendant

Ziegenhorn's attitude during the encounters with Drew as well as his stalking of the Plaintiff

after Plaintiff inquired about filing a complaint against Ziegenhorn, and all the lies

Ziegenhorn has made regarding Mr. Tanner.

333.    Plaintiff was damaged through having to pay attorney's fees and spend time in court, jail,

as well as other damages.

### Count 63:

#### *Abuse of Process*

334.    Every paragraph in this complaint is incorporated as though fully stated herein.

335.    Defendant Ziegenhorn committed the tort of Abuse of Process against James Andrew

Tanner when he filled out a misleading warrant for arrest that lacked probable cause and

omitted key facts of their interaction, as well as misrepresenting other aspects, and generally

lying about their interaction to the prosecutor, causing the Plaintiff damages in the form of attorney's fees, appeal fees, missed work, and other extemporaneous fees.

336.    Trooper Ziegenhorn pursued Mr. Tanner's criminal charges because of his dislike of Mr. Tanner, in response to Mr. Tanner's official complaints lodged with Ziegenhorn's employer, and other reasons. Mr. Tanner was found not guilty of all charges.

337.    As outlined in the Brief Statement of Facts, Ziegenhorn cursed out Mr. Tanner and made several misrepresentations of fact regarding their interactions. This can be found in paragraphs 11 through 15 of this complaint.

338.    This Court has pendent jurisdiction over the state law subject matter of this suit and the parties herein.

339.    Defendant instituted and continued a proceeding against the Plaintiff by requesting a warrant; the proceedings ended in Plaintiff's favor with a not guilty; there was no probable cause for the proceedings Defendant instigated against Plaintiff; Defendant acted with malice out of his dislike of the Plaintiff and Plaintiff was damaged by having to pay attorney's fees and other damages.

340.    The elements of Abuse of Process are: (1) damages; (2) that defendant set in motion a legal proceeding directed at plaintiff; (3) that the proceeding was used to accomplish an ulterior purpose for which it was not designed; (4) that defendant willfully used process in a manner not proper in the regular conduct of the proceeding; and (5) that defendant's acts were a proximate cause of plaintiff's damages. Plaintiff suffered damages; Defendant set in motion legal proceedings directed at Plaintiff; the Defendant acted retributively in instigating these proceedings against Plaintiff after Plaintiff's lodging official complaints against

Defendant Ziegenhorn; Defendant Ziegenhorn willfully used this process in a manner not proper in the regular conduct of the proceeding.

### Count 64:

### *Felony Tort Statute for Perjury by Ziegenhorn*

341.    Every paragraph in this complaint is incorporated as though fully stated herein.

342.    Defendant Ziegenhorn perjured himself in his testimony in White County District Court when describing the November 29th, 2014 incident with Drew Tanner and interactions with Drew generally, and allowed the prosecutor to rely on his sworn statements to pursue Mr. Tanner in White County Circuit Court.

343.    These false statements may be found in the Brief Statement of Facts, including but not limited to paragraphs 11 through 15.

344.    These perjurious statements cost Drew attorney's fees, appeal fees and costs, as well as lost wages and time.

345.    Perjury is a class C felony. See A.C.A. § 5-53-102.  "A person commits perjury if in an official proceeding he or she knowingly: (1) Makes a false material statement under an oath required or authorized by law... or (3) Makes a false unsworn declaration under the Uniform Unsworn Foreign Declarations Act, § 16-2-201 et seq."

346.    Victims of felonies may sue the perpetrator under A.C.A. § 16-118-107.

### *WHEREFORE, Plaintiffs pray for the following relief:*

347.    That a jury be empaneled to decide contested factual issues in this matter.

348.     Declaratory judgment that Defendant State of Arkansas' administration of their Facebook page and the policies governing its use violate the First Amendment of the United States Constitution.

349.     A permanent restraining order compelling Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, to restore Plaintiff's deleted posts; to permit Plaintiff to participate in the forum discussions; and restraining Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction from banning not only Plaintiff; but any person for political speech made on the ASP Facebook page and/or from removing protected speech from the Facebook page.

350.     Plaintiff requests injunctive relief compelling Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, to restore Plaintiff's deleted posts; to permit Plaintiffs to participate in the forum discussions; and restraining Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction from banning not only the Plaintiff but any person fur political speech made on the ASP Facebook page and/or from removing protected speech from the Facebook page.

351.     Such other and further relief including injunctive relief against all Defendants, as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

352.    Drew Tanner's attorney's fees and costs regarding his criminal defense, court

costs, appeal fees, certified copy fees, lost wages, emotional damages, pain and suffering,

nominal damages, costs, punitive damages, and other damages not heretofore calculated

or conceived.

353.    Attorney's fees, statutory fees and costs pursuant to 42 U.S.C. § 1988 and A.C.A.

§16-118-107 as well as the mandatory punitive damages in the Arkansas Civil Rights act

for retaliatory infringements.

Respectfully submitted,
James Andrew Tanner
*Plaintiff*

By: _____

William Whitfield Hyman, ARKBAR2013237
King Law Group, PLLC, Attorneys for Plaintiff
300N Sixth Street
Fort Smith Arkansas, 72901
P: (479) 782-1125 F: (479) 316-2252

## VERIFICATION

I, JAMES ANDREW TANNER, state on oath that I have read the above and foregoing
pleading, facts, exhibits, attachments, statements and allegations contained therein are
true and correct to the best of my knowledge and belief.

_____
JAMES ANDREW TANNER

Subscribed and sworn to before me, the undersigned Notary Public, on this ___ day of
September 20th, 2017.

_____
Notary
My Commission Expires: 2/10/2025

NATALIE S. KING
SEBASTIAN COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires Feb. 10 2025
Commission No. 12403334