SEBASTIAN COUNTY COURTS BUILDING
901 SOUTH "B" STREET
FORT SMITH, ARKANSAS 72901

TELEPHONE: (479) 782-4715
FACSIMILE: (479) 784-1527

STEPHEN TABOR
CIRCUIT JUDGE - DIVISION I
TWELFTH JUDICIAL DISTRICT

DEBI PETERS
TRIAL COURT ADMINISTRATOR

LAURENCE MARTIN
COURT REPORTER

April 10, 2017

Mr. W. Whitfield Hyman
King Law Group
(via email William.hyman@gmail.com)

Mr. Colin R. Jorgensen
Senior Assistant Attorney General
(via email colin.jorgensen@arkansasag.gov)
Ms. Jennifer L. Merritt
Assistant Attorney General
(via email jennifer.merritt@arkansasag.gov)

RE: CIV-2017-147 (I) William Whitfield Hyman vs. Bill Sadler, in his official Capacity as Public Information Officer for the Arkansas State Police

Dear Counsel:

Please find enclosed the Order Judge Tabor has prepared and signed in the above styled case following the hearing of March 3, 2017.

Thank you for your attention and cooperation in this matter.

Sincerely,

Debi Peters
Trial Court Administrator
dpeters@co.sebastian.ar.us

cc:   Hon. Denora Coomer, Circuit Clerk

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT
CIVIL DIVISIONS I

WILLIAM WHITFIELD HYMAN                                                    PLAINTIFF

VS.                           CASE NO. CV-2017-147

BILL SADLER, in his official capacity as
Public Information Officer for the Arkansas State Police            DEFENDANT

### ORDER

Comes now before the Court the above-styled matter for hearing upon Plaintiff's Complaint pursuant to the Arkansas Freedom of Information Act. Upon a review of the pleadings and a hearing of the matter, the Court for its Order finds:

There are two components to Plaintiff's Complaint. One deals with the production of dash cam videos related to several traffic stops. The other deals with aspects of a file dealing with complaints made against a particular state trooper. The issues are discussed in turn below.

### DASH CAM VIDEOS (Counts I, II, III, IV and VI)

Defendant claims the videos at issue are exempt from disclosure pursuant to A.C.A. 25-19-105(b)(6) which prevents production of records related to "undisclosed investigations by law enforcement agencies of suspected criminal activity." The term "undisclosed" has been

interpreted to mean "ongoing" *Martin v. Masteen,* 303 Ark. 656, 799 S.W.2d 540 (1990). As stated at the hearing the Court essentially has three options available in deciding the issue before it as it relates to the production of dash cam videos pursuant to FOIA requests. First, the Court can find that the current policy of the State Police that all investigations remain open and ongoing until a criminal case has been adjudicated is proper. Second, the Court can find that all criminal cases are closed the moment an arrest is made. Third, the Court can find that each case should be reviewed on an individual basis to determine if a particular investigation remains open. While bright-line rules are certainly easier to interpret, the Court is of the opinion a case-by-case analysis of such matters are required by law. The Arkansas Supreme Court in *Martin* stated "the trial court will have to decide, as a matter of fact in any such case, whether investigations are ongoing or not."

The only evidence presented at the hearing of the matter relevant to the status of the investigations at issue was the testimony of the defendant, Bill Sadler. His testimony revealed the only basis for failing to produce the requested videos was the blanket policy of the State Police that every investigation remains open pending adjudication. No officers or troopers testified regarding ongoing actions in any of the cases nor were there statements from any prosecutors that they had, or intended, to ask for additional investigation. It would seem to the Court that in any determination of whether an investigation remains ongoing, those are the sources who must be able to articulate the facts that justify the characterization of a case as open. While the cases were not necessarily "closed by arrest" as alleged by Plaintiff, the Court believes the rationale behind *Martin* requires some proof that an investigation remains open before denying a FOIA request. Therefore, the Court finds for Plaintiff as to Counts I, II, III, IV and VI

and hereby orders that the videos at issue be produced or made available for inspection and copying in accordance with the law.

### JAMES ANDREW TANNER

The Court is of the opinion, based on the evidence before it, that Defendant properly applied A.C.A. 25-19-105(c)(1) in response to Plaintiff's FOIA request. Therefore, Count V is hereby dismissed.

### A.C.A. 25-19-107 ANALYSIS

Plaintiff is the substantially prevailing party in this case as he has prevailed in five of six counts at issue. However, the Court will not assess attorney's fees because, in the Court's view, Defendant was substantially justified in his position. First, it cannot be said the law on the issue at bar is clear. The Court cannot say Defendant, who relied at least in part, on advice of counsel was unjustified in his interpretation of the FOIA statute and the exemption at issue. Second, Defendant took significant steps to direct Plaintiff on how he could otherwise obtain the videos at issue. In those cases where he represented persons involved in their criminal matters, Defendant rightly advised Plaintiff of his rights under discovery. Defendant also advised Plaintiff that if the prosecutor directed the release of the videos they would be produced. In the Court's opinion, this represented Defendant's respect for the local decision of whether an investigation remained open. Certainly Plaintiff was not obligated to follow Defendant's advice, but the Court will not discount Defendant's efforts at assistance.

IT IS SO ORDERED this 10th day of April, 2017.

STEPHEN TABOR
CIRCUIT JUDGE - DIVISION I