# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV-17-645

| | |
|---|---|
| WILLIAM WHITFIELD HYMAN<br>APPELLANT<br><br>V.<br><br>BILL SADLER, IN HIS OFFICIAL CAPACITY AS PUBLIC INFORMATION OFFICER FOR THE ARKANSAS STATE POLICE<br>APPELLEE | Opinion Delivered: February 7, 2018<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FCV-17-147]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>AFFIRMED |

### RITA W. GRUBER, Chief Judge

William Hyman appeals from the Sebastian County Circuit Court's order denying his request for information under the Arkansas Freedom of Information Act (FOIA).[1] Although Mr. Hyman prevailed on five counts of his six-count complaint, he contends that the circuit court clearly erred in denying his additional request for information by applying the employee-evaluation/job-performance exemption. Ark. Code Ann. § 25-19-105(c)(1) (Supp. 2017). He also argues that the circuit court erred in failing to award him attorney's fees. We affirm the circuit court's order.

On February 10, 2017, Mr. Hyman, a lawyer representing himself, filed a pro se complaint with six counts under FOIA to compel appellee Bill Sadler, in his official capacity as public information officer for the Arkansas State Police, to respond to his request for

---

[1] Ark. Code Ann. §§ 25-19-101 through -110 (Repl. 2015).

records. Five counts—Counts I, II, III, IV, and VI—alleged violations of FOIA for failure to provide dash-cam-surveillance videos of various clients. Count V was different, however, as Mr. Hyman contended that he had requested documents regarding an investigation into potential wrongdoing by Officer Ziegenhorn made as the result of a citizen's complaint by his client, Andrew James Tanner. Mr. Sadler denied the request pursuant to the employee-evaluation/job-performance exemption set forth in Ark. Code Ann. § 25-19-105(c)(1). Mr. Hyman initially requested any documents related to incidents regarding Mr. Tanner on dates in November and December 2014 at a Walmart in Searcy. When Mr. Sadler reported that there were no such documents,[2] Mr. Hyman requested "results of complaints from Andrew James Tanner to the Arkansas State Police about a Trooper Kurt Ziegenhorn made on or about November and December 2014." Because there was no decision to suspend or terminate Officer Ziegenhorn following this investigation, Mr. Sadler denied Mr. Hyman's request for the records. Mr. Hyman's complaint also requested that the circuit court find him to be the "substantially prevailing party" pursuant to Ark. Code Ann. § 25-19-107, which authorizes an award of attorney's fees in certain instances to a "plaintiff who has substantially prevailed" in a FOIA action.

At the hearing, Mr. Sadler testified regarding Count V that Mr. Tanner had filed a "Police-Citizen Complaint Form," which was introduced as plaintiff's exhibit R, pursuant to which Mr. Tanner alleged that Officer Ziegenhorn had, on two occasions, yelled and cursed at Mr. Tanner while pointing his finger in his face; searched Mr. Tanner without

---

[2] It was discovered that there were no reports because the incidents had occurred when the officer was off duty.

cause; placed him in handcuffs without cause; and confiscated his concealed-carry license without cause. Mr. Tanner averred in the complaint that this reflected a poor quality and a low standard on the Arkansas State Police. Mr. Hyman requested the "results" of Mr. Tanner's police-citizen complaint and all records pertaining thereto. Mr. Sadler testified that Officer Ziegenhorn had been off duty at the time of his "by-chance" encounters with Mr. Tanner at Walmart and had not arrested Mr. Tanner. He testified that any records pertaining to this complaint were "part of the internal affairs investigation" regarding Officer Ziegenhorn and thus were job-performance records. He said that the records did not form the basis for suspension or termination; therefore, they were not subject to release under FOIA.

The circuit court entered an order granting Mr. Hyman's requests for the dash-cam videos under Counts I, II, III, IV, and VI and ordered Mr. Sadler to produce them or make them available for inspection and copying. The court denied Mr. Hyman's request pursuant to Count V, finding that these records were exempt under the employee-evaluation/job-performance exemption. The court also denied attorney's fees, finding that although Mr. Hyman was the prevailing party, Mr. Sadler was substantially justified in his position. Mr. Hyman filed this appeal from the court's order.

In a FOIA case, the standard of review is whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Pulaski Cty. v. Ark. Democrat-Gazette, Inc.*, 371 Ark. 217, 264 S.W.3d 465 (2007). The issue of the applicability of FOIA is a question of statutory interpretation, which we review de novo, because it is

for this court to determine the meaning of a statute. *Hyman v. Sadler*, 2017 Ark. App. 292, at 5, 521 S.W.3d 167, 170.

For his first point on appeal, Mr. Hyman contends that the circuit court erred in applying the employee-evaluation/job-performance exemption to his request for information regarding Mr. Tanner's citizen complaint. He argues that this exception does not apply when, as here, there has been no suspension or termination proceeding. Moreover, he claims that even if there was such a proceeding, if there are records of a narrative by an employee, they must be disclosed.

The exemption at issue in this case provides specifically as follows:

> Notwithstanding subdivision (b)(12) of this section,[3] all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection *only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.*

Ark. Code Ann. § 25-19-105(c)(1) (emphasis added). Although the general policy in Arkansas is for all public records to be "open to inspection" under FOIA unless they are specifically exempted, the legislature has determined that the public interest in maintaining an effective public-employee-evaluation system and in the privacy interests of its employees requires that "employee evaluation or job performance records" be treated differently. *Thomas v. Hall*, 2012 Ark. 66, at 6–7, 399 S.W.3d 387, 391 (citing Act of Feb. 16, 1987, No. 49, 1987 Ark. Acts 113 and John J. Watkins & Richard Peltz, *The Arkansas Freedom of Information Act 205* (Ark. Law Press, 5th ed. 2009)). These records are subject to disclosure

---

[3]This exempts personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy.

only in certain circumstances. *Id.* Those circumstances occur, according to the statute, when there has been a final administrative resolution of any suspension or termination proceeding; a decision was made to suspend or terminate the employee; the records formed a basis for the decision; and there is a compelling public interest in disclosure of the records in question. Ark. Code Ann. § 25-19-105(c)(1); *see also* Op. Ark. Att'y Gen. No. 147 (1999). Our supreme court has approved of the following definition of employee-evaluation or job-performance records: "any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents." *Thomas*, 2012 Ark. 66, at 8–9, 399 S.W.3d at 392.

Here, Officer Ziegenhorn was off duty when he encountered Mr. Tanner and did not create a report of the encounters. Mr. Sadler testified that any documents pertaining to these encounters were "part of the internal affairs investigation" regarding Officer Ziegenhorn and that no suspension or termination resulted from the investigation. Thus, any documents were created at the behest of the Arkansas State Police to determine Officer Ziegenhorn's performance or lack thereof regarding these encounters with Mr. Tanner, and no suspension or termination resulted therefrom. We hold that the circuit court's finding that these documents were employee-evaluation or job-performance records was not clearly erroneous. And because they did not result in a suspension or termination, they were not subject to disclosure.

Mr. Hyman argues that the employee-evaluation/job-performance exemption is not applicable because there was no suspension or termination proceeding. It is unclear from

5

the testimony whether there was, in fact, a "proceeding," but Mr. Sadler testified that there was an internal investigation regarding Officer Ziegenhorn. Once records are deemed employee-evaluation or job-performance records, the statute provides that they are required to be disclosed "*only upon* final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee." Ark. Code Ann. § 25-19-105(c)(1) (emphasis added). Whether or not a proceeding was held, Mr. Sadler testified that no decision to suspend or terminate Officer Ziegenhorn was made following the investigation. Therefore, the records are simply not subject to disclosure under this provision. Finally, although Mr. Hyman argues that a contemporaneous narrative by Officer Ziegenhorn would not be exempt, there was no testimony or other evidence presented that Officer Ziegenhorn prepared any such report. There was testimony that Officer Ziegenhorn was not on duty when the encounters with Mr. Tanner occurred and that he did not arrest Mr. Tanner in either encounter. On this record, we cannot say that the circuit court clearly erred in finding that the records pertaining to this internal investigation were exempt.

For his second point on appeal, Mr. Hyman argues that the circuit court erred in failing to award him attorney's fees. Arkansas Code Annotated section 25-19-107(d) provides that the court shall assess reasonable attorney's fees against the defendant for a plaintiff "who has substantially prevailed" unless the court finds that the defendant's position "was substantially justified." In this case, the court found that Mr. Hyman had substantially prevailed, but it determined that the defendant was substantially justified in his position and thus did not award fees. We affirm the circuit court's decision but not for the reasons set

6

forth in its order. The statute does not allow the court to assess attorney's fees or litigation expenses against the State. In 2009, the legislature amended this statute so that only the Arkansas State Claims Commission may assess fees against the State to a prevailing plaintiff under FOIA. Subsection (e) of the statute now provides:

> (1) Notwithstanding subsection (d)(1) of this section, the court shall not assess reasonable attorney's fees or other litigation expenses reasonably incurred by a plaintiff against the State of Arkansas or a department, agency, or institution of the state.
>
> (2)(A) A plaintiff who substantially prevailed in an action under this section against the State of Arkansas or a department, agency, or institution of the state may file a claim with the Arkansas State Claims Commission to recover reasonable attorney's fees and other litigation expenses reasonably incurred.

Ark. Code Ann. § 25-19-107(e)(1), (2). We will affirm a circuit court when it reaches the right result for the wrong reason. *Middleton v. Lockhart*, 355 Ark. 434, 139 S.W.3d 500 (2003); *see also Bd. Of Trs. v. Andrews*, 2018 Ark. 12, ___ S.W.3d ___ (recognizing suits that subject the State to financial liability are barred by sovereign immunity).

Affirmed.

HARRISON and GLOVER, JJ., agree.