ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-May-26  14:28:40
60CV-15-3197
C06D05 : 8 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
FIFTH DIVISION

JAMES ANDREW TANNER                                              PETITIONER

v.                               60CV-15-3197

ARKANSAS STATE POLICE                                            RESPONDENTS

ORDER

James Andrew Tanner petitions the Court for judicial review of the Arkansas State Police's June 19, 2015 Order upholding the revocation of his Concealed Carry Handgun License ("CHCL"). The Court heard oral arguments on May 20, 2016; Christopher Ethridge appeared for Petitioner and Mary McCLaurin appeared for Respondent. For reasons set forth herein, the Court finds that the decision of the Arkansas State Police is supported by substantial evidence, and is therefore, affirmed.

Pursuant to Ark. Code Ann. §25-15-212, the Court may affirm the Arkansas State Police's decision or remand the case for further proceedings. It may reverse or modify the State Police's decision if Tanner's substantial rights have been prejudiced, or if the administrative findings, inferences, conclusions, or decisions are:

1. In violation of constitutional or statutory provisions;

2. In excess of the agency's statutory authority;

3. Made upon unlawful procedure;

4. Affected by other error or law;

5. Not supported by substantial evidence of record; or

6. Arbitrary, capricious, or characterized by abuse of discretion.

1

Discussion

Tanner held a valid Arkansas CHCL. On November 29, 2014, at approximately 10:50 p.m., while shopping at a Wal-Mart in Searcy, Arkansas, and carrying a handgun in an openly visible manner, Tanner was approached by Trooper Kurt Ziegenhorn. Trooper Ziegenhorn identified himself and demanded that Tanner provide identification. Tanner refused to do so, and proceeded to leave. On December 10, 2014, the Arkansas State Police revoked Tanner's CHCL. An administrative hearing was held on May 12, 2015, and on June 19, 2015, Colonel William J. Bryant, Director of Arkansas State Police, entered an order finding that Tanner openly carried a firearm, and failed to provide his identification to a law enforcement officer upon request. Bryant affirmed the decision to revoke Tanner's CHCL.

Substantial Evidence

The controlling issue presented by this appeal is whether the Arkansas State Police's revocation of Tanner's CHCL was proper under the Arkansas Concealed Handgun Carry License Rules (the "CHCL Rules") promulgated pursuant to A.C.A. § 5-73-317 and § 12-8-104. The CHCL Rules state, in pertinent part:

> 1.2 (h) "Concealed" means to cover from observation so as to prevent public view.
>
> 1.5 Exemptions – Authorized under other laws
> Any person legally authorized to carry a firearm under any Arkansas or federal law other than ACA § 5-73-301 et seq is not bound by the Arkansas Concealed Handgun Carry License law or rules.
>
> 3.2 Contact with law enforcement
> (a) While in possession of a concealed handgun, the licensee shall present the original license for inspection, along with an official form of photo identification, upon request for identification by any law enforcement officer.
> (b) In any official contact with law enforcement, if the licensee is in possession of a handgun, when the officer asks the licensee for

2

> identification (driver's license, or personal information, such as name and date of birth), the licensee shall notify the officer that he or she holds a concealed handgun carry license and that he or she has a handgun in his or her possession.
>
> 7.0 Failure to comply with concealed handgun carry license restrictions
> Failure to comply with the Rules is a ground(s) for suspension and/or revocation of the Arkansas concealed handgun carry license.

The State Police's decision to revoke Tanner's CHCL is supported by substantial evidence, and is not arbitrary nor capricious. First, Tanner does not refute that while in possession of a CHCL, he carried a handgun in a public place. Tanner's weapon was not concealed; it was not covered from observation so as to prevent public view. There is substantial evidence in the record to support the State Police's decision to revoke Tanner's CHCL based on this violation alone. Second, Tanner refused to provide identification when requested by a law enforcement officer, and instead proceeded to leave the scene – yet another violation of the CHCL Rules for which there is substantial evidence in the record to support revocation of Tanner's CHCL.

Tanner contends that the CHCL Rules or laws do not state that a person issued a CHCL must carry a firearm concealed just because they have a CHCL. Tanner bases his argument on an incorrect interpretation of A.C.A. § 5-73-315(a) which provides, "any licensee possessing a valid license issued pursuant to this subchapter *may* carry a concealed handgun." (Emphasis added).

The basic rule of statutory construction is to give effect to the intent of the General Assembly. *Baptist Health v. Murphy,* 2010 Ark. 358, 373 S.W.3d 269 (2014). The Court must first construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* If the language of the statute is plain and unambiguous, conveying a clear and definite meaning, the Court does not resort to the rules of statutory

3

construction. *Id.* However, if there is an ambiguity, the Court looks to the legislative history of the statute and other factors, such as the language used and the subject matter involved. *Id.* The Court must strive to reconcile statutory provisions relating to the same subject to make them sensible, consistent, and harmonious. *Id.*

The language of A.C.A. § 5-73-315(a) is very clear. A person who holds a CHCL may carry a concealed handgun. The statute does not give individuals with CHCLs the choice of whether to carry concealed or open. Tanner's interpretation is nonsensical, and nullifies the purpose of concealed carry laws, rules, regulations, and the inherent purpose of a CHCL.

Moreover, the title of A.C.A. § 5-73-315 is "Authority to carry concealed handgun – Identification of licensee." This statute only applies to individuals who possess a CHCL, and provides those individuals with instructions pertaining to identification. A.C.A. § 5-73-315 goes on to state:

> (b) The licensee shall:
> (1) Carry the license, or an electronic copy of the license in an acceptable electronic format, together with valid identification, at any time when the licensee is carrying a concealed handgun; and
> (2) Display both the license, or an electronic copy of the license in an acceptable electronic format, and proper identification upon demand by a law enforcement officer.

Tanner contends that during the incident in question he was exempt from CHCL Rules because he was legally authorized to carry a firearm under A.C.A. § 5-73-120, which provides, in pertinent part:

> (a) A person commits the offense of carrying a weapon if he or she possesses a handgun, knife, or club on or about his or her person, in a vehicle occupied by him or her, or otherwise readily available for use with a purpose to attempt to unlawfully employ the handgun, knife, or club as a weapon against a person.
>
> (b) As used in this section:

(2) "Handgun" means any firearm with a barrel length of less than twelve inches (12") that is designed, made, or adapted to be fired with one (1) hand;

(c) *It is permissible to carry a weapon under this section if at the time of the act of carrying the weapon:*
(1) The person is in his or her own dwelling or place of business or on property in which he or she has a possessory or proprietary interest;
(2) The person is a law enforcement officer, correctional officer, or member of the armed forces acting in the course and scope of his or her official duties;
(3) The person is assisting a law enforcement officer, correctional officer, or member of the armed forces acting in the course and scope of his or her official duties pursuant to the direction or request of the law enforcement officer, correctional officer, or member of the armed forces;
(4) The person is carrying a weapon when upon a journey, unless the journey is through a commercial airport when presenting at the security checkpoint in the airport or is in the person's checked baggage and is not a lawfully declared weapon;
(5) The person is a registered commissioned security guard acting in the course and scope of his or her duties;
(6) The person is hunting game with a handgun that may be hunted with a handgun under rules and regulations of the Arkansas State Game and Fish Commission or is en route to or from a hunting area for the purpose of hunting game with a handgun;
(7) The person is a certified law enforcement officer;
(8) *The person is in possession of a concealed handgun and has a valid license to carry a concealed handgun under § 5-73-301 et seq., or recognized under § 5-73-321 and is not in a prohibited place as defined by § 5-73-306;*
(9) The person is a prosecuting attorney or deputy prosecuting attorney carrying a firearm under § 16-21-147; or
(10) The person is in possession of a handgun and is a retired law enforcement officer with a valid concealed carry authorization issued under federal or state law.

(d) Carrying a weapon is a Class A misdemeanor.

(Emphasis added).

Carrying a handgun on or about one's person, or otherwise readily available for use with a purpose to attempt to unlawfully employ the handgun as a weapon against a person is a Class A misdemeanor. A.C.A. § 5-73-120(c)(1) – (10) provides an exhaustive list of instances when it is

5

*permissible* to carry a weapon under this section. Counsel for Tanner acknowledged during oral argument that Tanner did not meet any of the exceptions.

Tanner contends that A.C.A. § 5-73-120 makes it lawful to openly carry a weapon, in a vehicle, or otherwise readily available for use, so long as the person carrying the weapon does not intend to attempt to unlawfully employ the weapon against a person. Tanner asserts that the fact he was not arrested or charged with a crime further proves that he was free to walk up and down the aisles in Wal-Mart while openly carrying a handgun on his waist, in plain view.

Using Tanner's interpretation of the statute, anyone, at anytime, may openly carry a weapon, *unless* their intent in doing so is to use the weapon against another person. Tanner's interpretation of the statute is senseless.

Tanner was not legally authorized to openly carry a firearm under any Arkansas or federal law. A.C.A. § 5-73-120 criminalizes the action of carrying a weapon. The *actus reus* of the crime is "possessing a weapon," while the *mens rea* is the "purpose to attempt to unlawfully employ the weapon against a person." Subsection (c) of the statute provides the only ten (10) lawful conditions whereby a weapon, such as a firearm, may be carried in Arkansas.

The decision to arrest or charge someone with a crime is one for law enforcement and prosecutors. The proceedings below were not criminal proceedings. The only issue was whether Tanner violated the CHCL Rules. While Tanner may not have had the requisite *mens rea* to be guilty of the crime of carrying a weapon, the requisite *actus reus* was present – he possessed a weapon. Tanner was not permitted to carry a weapon under the statute because he did not meet any of the exceptions outlined in subsection (c). Although Tanner held a valid CHCL at the time of the incident, he cannot claim exemption under § 5-73-120(c)(8), as his handgun was not concealed.

Tanner argues that the CHCL Rules do not apply to a person openly carrying a firearm, and at the time of the incident in question, he was not governed by the CHCL Rules. He further argues that CHCL Rule 3.2(a), which requires CHCL licensees to provide identification when requested by a law enforcement officer, only applies when a person is carrying a concealed handgun. For the reasons discussed above, Tanner's arguments lack merit. CHCL Rule 3.2(b) provides that in any official contact with law enforcement, while the CHCL licensee is in possession of a handgun, the licensee shall provide identification, notify the officer that he holds a CHCL, and indicate that he has a handgun in his possession. Tanner's interaction with Trooper Ziegenhorn was an official contact with law enforcement. Tanner was in possession of a handgun. Tanner, plainly, did not comply with CHCL Rules by refusing Trooper Ziegenhorn's request to identify himself.

Finally, Tanner argues that at the time of the encounter, Trooper Ziegenhorn had no reasonable suspicion he was committing a crime, and therefore, had no authority to stop him or demand identification. Tanner argues that Trooper Ziegenhorn violated of Rule 3.1 of the Rules of Criminal Procedure, Amendment IV of the United States Constitution and Article 2, Section 15 of the Arkansas Constitution, which prohibit unreasonable searches and seizures.

The Court finds that Tanner's rights were not violated. The record shows that Trooper Ziegenhorn approached Tanner, who he initially thought was a fellow law enforcement officer, as Tanner was brandishing a weapon. Trooper Ziegenhorn initiated conversation, and during the conversation, Ziegenhorn identified himself and requested that Tanner do the same. Trooper Ziegenhorn testified that at that point, Tanner refused to identify himself, that his demeanor changed, he grew defensive and agitated, and that he moved his hand toward the handgun. Trooper Ziegenhorn clearly had reasonable suspicion to stop and detain Tanner. It is reasonable

that Trooper Ziegenhorn suspected that Tanner was in violation of A.C.A. §5-73-120 – the crime of carrying a weapon.

There is substantial evidence in the record to support the Arkansas State Police's decision to revoke Tanner's CHCL. Tanner's actions on the night of November 29, 2014, even when viewed independently, constitute clear violations of the CHCL Rules, and each violation, even standing alone is sufficient to justify revocation of Tanner's CHCL. The decision is AFFIRMED.

As the prevailing party, the State Police is entitled to recover the cost of preparation of the record pursuant to A.C.A. § 25-15-212(d)(2).

ORDERED, this ___ day of May, 2016

_____
Circuit Judge