IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JAMES ANDREW TANNER**                                                                 **PLAINTIFF**

v.            Case No. 4:17-CV-00780-DPM

**KURT ZIEGENHORN, ET AL.**                                                         **DEFENDANTS**

### ASP DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO ASP DEFENDANTS' MOTION TO DISMISS

Comes now the Arkansas State Police ("ASP") Defendants Colonel Bill Bryant, in his official capacity, William Sadler, in his individual capacity, and Kurt Ziegenhorn, in his individual capacity, by and through their attorneys, Attorney General Leslie Rutledge and Assistant Attorney General Reid P. Adkins, and for their reply to Plaintiff's Response to ASP Defendant's Motion to Dismiss (DE 50, 51), state the following:

### DISCUSSION

**I.    PLAINTIFF'S OFFICIAL CAPACITY CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT.**

The Court should dismiss the official capacity claims asserted against Colonel Bryant for failure to state sufficient facts to overcome his sovereign immunity from suit. In short, Plaintiff's Amended Complaint contains allegations against Colonel Bryant that are "[a] gallimaufry of labels, conclusions, formulaic recitations, naked assertions and the like [that] will not pass muster." *Christiansen v. West Branch Community Sch. Dist.*, 674 F.3d 927, 934 (8th Cir. 2012) (citing *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555-57 (2007)). Plaintiff offers no specific facts to support any deliberate indifference, failure to investigate, or failure to take corrective action by Colonel Bryant. *See Brown v. Mo. Dept. of Corrections*, 353 F.3d 1038, 1040 (8th Cir. 2004). Colonel Bryant denies he has violated Plaintiff's constitutional rights. Accordingly, Plaintiff's official capacity claims in the Amended Complaint against Colonel Bryant are barred by sovereign immunity and should be dismissed from this lawsuit.

**II. THE INDIVIDUAL CAPACITY CLAIMS AGAINST ASP DEFENDANTS SADLER AND ZIEGENHORN ARE BARRED BY QUALIFIED IMMUNITY.**

A. **The Complaint does Not State a Violation of Plaintiff's First Amendment Rights.**

Plaintiff's Amended Complaint failed to allege sufficient facts to show that ASP employees violated a clearly established First Amendment right in regard to ASP's Facebook page. Plaintiff alleges his First Amendment right was violated when his comments were deleted and he was subsequently banned from ASP's Facebook page in 2016. (DE 46). To overcome qualified immunity, Plaintiff asserts that "there need not be such a painfully specific case on point for Plaintiff to prevail." (DE 51, p. 6). However, the Supreme Court has repeatedly cautioned lower courts that clearly established law should not be defined at a high level of generality and existing precedent must have placed the constitutional question beyond debate. *See White v. Pauly*, 137 S.Ct. 548 (2017). Furthermore, the right must be established at the time of the conduct at issue. *See Saucier v. Katz*, 533 U.S. 194, 200 (2001).

In Plaintiff's response to ASP Defendants' MTD, Plaintiff heavily relied on *Brunham v. Ianni*, 119 F.3d 668 (8th Cir. 1997) to establish Plaintiff had a clearly established First Amendment right to ASP's Facebook page at the time of the conduct at issue. (DE 51, pp. 6-7). In *Brunham*, professors and students at a state university brought a § 1983 action against the chancellor alleging a violation of their First Amendment right when the chancellor ordered removal of photographs from a department display case. *Id*. As stated by Plaintiff in his response, it is true that the Court in *Brunham* found a long established, binding precedent totally supportive of the plaintiff's claims. *See Brunham*, 119 F.3d at 677.

However, this matter can be distinguished from *Brunham* because there is not a long established, binding precedent totally supportive of Plaintiff's claims. In 2017, the Supreme Court held that a North Carolina statute prohibiting sex offenders from accessing social networking websites altogether violated their First Amendment. *Packingham v. North Carolina*, 137 S.Ct. 1730, 1737 (2017). However, in *Packingham*, the Court stated "[t]he forces and directions of the Internet are so new, so protean, and so far reaching that courts must be conscious that what they say today might be obsolete tomorrow." *Id*. at 1736. The Court further stated "[t]his case is one of the first this Court has taken to address the relationship between the First Amendment and the modern Internet. As a result, the Court must exercise extreme caution before suggesting that the First Amendment provides scant protection for access to vast networks in that medium." *Id*. Justice Alito concurred and stated "[t]he Court is correct that we should be cautious in applying our free

speech precedents to the internet…Cyberspace is different from the physical world…we should proceed circumspectly, taking one step at a time." *Id.* at 1744.

The matter before this Court is much narrower than in *Packingham* because ASP Defendants have not prevented Plaintiff from accessing social networking websites altogether. Thus, Plaintiff's First Amendment claims against ASP Defendants should be dismissed because it is not clearly established that Plaintiff has a First Amendment right to post on ASP's Facebook page.

### B. Plaintiff Failed to State a Conspiracy to Interfere with his Civil Rights Under 42 U.S. § 1985.

Plaintiff failed to plead sufficient facts to state a claim of conspiracy to interfere with his civil rights under 42 U.S.C. § 1985. To prove a conspiracy claim under § 1985(3), Plaintiff must allege with particularity and specifically demonstrate with material facts that **defendants** reached an agreement. *Larson by Larson v. Miller*, 76 F.3d 1446, 1454 (1996) (emphasis added). This can be accomplished by pointing to some facts that would suggest defendants reached an understanding to violate his rights. *Id.* First, Plaintiff fails to state who ASP Defendant Sadler conspired with, but conclusively claims he conspired against Plaintiff. (DE 46, pp. 14-15). Secondly, Plaintiff fails to demonstrate that Sadler reached an agreement with any other defendant. *Id.*

Furthermore, Plaintiff continues to fail to prove a class-based invidiously discriminatory animus, which is required to prove a conspiracy claim under 42 U.S.C. § 1985(3). Under a § 1985(3) conspiracy claim, "[t]he 'purpose' element of the conspiracy requires that the plaintiff prove a class-based 'invidiously discriminatory

animus.'" *Miller*, 76 F.3d 1446, 1454 (1996) (quoting *City of Omaha Employees Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 652 (8th. Cir. 1989). Thus, Plaintiff failed to plead sufficient facts to prove the existence of a civil rights conspiracy under § 1985(3).

### C. Plaintiff Failed to State a Violation of His Fourth and Second Amendment Rights Against ASP Defendant Ziegenhorn.

1. Plaintiff's Fourth and Second Amendment Claims are barred by *res judicata* and collateral estoppel.

ASP Defendant Ziegenhorn maintains that he has met the burden that Plaintiff's Fourth and Second Amendment Claims are barred by *res judicata* and collateral estoppel and should be dismissed from this lawsuit. Plaintiff has had an opportunity to be heard on these claims through ASP's administrative adjudication regarding Plaintiff's Concealed Carry Handgun License ("CHCL") and the subsequent appeal of ASP's Order to the Pulaski County Circuit Court pursuant to the Arkansas Administrative Procedure Act ("APA"). (DE 33-4); *see James A. Tanner v. Ark. State Police*, No. 60CV-15-3197 (2016).

In the appeal to Circuit Court and pursuant to the APA, the court could have reversed or modified ASP's decision if Plaintiff's substantial rights were prejudiced, or if the administrative findings, inferences, conclusions, or decisions were in violation of constitutional or statutory provisions. (DE 33-4, p. 1); *see* Ark. Code Ann. § 25-15-212. Thus, the court could have reversed ASP's decision to revoke Plaintiff's CHCL if it was in violation of his Fourth or Second Amendment Rights.

On appeal, it is clear that Plaintiff argued ASP Defendant Ziegenhorn's actions violated his Fourth Amendment rights and Article 2, Section 15 of the Arkansas Constitution. (DE 33-4, p. 7). The court specifically made a finding that Plaitniff's rights were not violated and stated that "Ziegenhorn clearly had reasonable suspicion to stop and detain" Plaintiff on November 29, 2014. *Id.* Plaintiff argues that the court's finding was not essential to its decision. (DE 51, p. 11). However, the court could have reversed ASP's decision to revoke Plaintiff's CHCL if it found ASP Defendant Ziegenhorn's actions were in violation of a constitutional provision.

Furthermore, Plaintiff's Second Amendment claim and remaining Fourth Amendment claim as well as the corresponding state law constitutional claims should be barred by *res judicata*. The purpose of *res judicata* is to bar relitigation of claims that were actually litigated as well as claims that could have been litigated. *Jayel Corp. v. Cochran*, 366 Ark. 175, 178 (2006). First, Plaintiff argues Ziegenhorn's actions were the proximate cause for the revocation of Plaintiff's CHCL and the reason he did not carry a firearm on later dates, which is a violation of Plaintiff's Second Amendment rights. (DE 51, p. 19). At a minimum, this claim should be barred to the extent Plaintiff claims Ziegenhorn's actions were the proximate cause of the revocation of his CHCL and, therefore, violating his Second Amendment rights when his CHCL was revoked. Secondly, Plaintiff claims that ASP Defendant Ziegenhorn's actions on December 3, 2014, violated his Fourth Amendment rights when Ziegenhorn unreasonably detained, searched, and

confiscated Plaintiff's CHCL. Similarly, this claim should be barred, at a minimum, to the extent Plaintiff claims his Fourth Amendment rights were violated when his CHCL was confiscated by Ziegenhorn. These claims could have and should have been litigated during the CHCL administrative adjudication and the subsequent appeal to the Pulaski County Circuit Court.

For the above reasons, Plaintiff's Fourth and Second Amendment claims should be barred by *res judicata*.

> 2. <u>Plaintiff failed to state a violation of his Second Amendment rights</u>.

Assuming this Court determines Plaintiff's Second Amendment claim against ASP Defendant Ziegenhorn is not precluded under *res judicata*, Plaintiff continues to fail to plead sufficient facts to assert a plausible claim under the Second Amendment of the United States Constitution. Plaintiff argues that it is possible to show a state actor violated an individual's Second Amendment rights by depriving an individual of a specific firearm that he otherwise lawfully possessed for self-defense. *See Walters v. Wolf*, 660 F.3d 307, 318 (8th Cir. 2011). However, Plaintiff has failed to state facts showing ASP Defendant Ziegenhorn deprived him of a specific firearm and, thus, Plaintiff's Second Amendment claim against Ziegenhorn should be dismissed.

### III. THE STATE-LAW CLAIMS REFERENCED IN THE AMENDED COMPLAINT ARE BARRED BY STATUTORY IMMUNITY.

ASP Defendants maintain that any state-law claims alleged against them in the Amended Complaint are barred by statutory immunity under Ark. Code Ann. § 19-10-305(a) and should be dismissed with prejudice. For a plaintiff to overcome an

assertion of statutory immunity by a state employee, he must allege sufficient facts in his complaint to support a claim of malicious conduct. *E.g., Fuqua v. Flowers*, 341 Ark. 901, 905, 20 S.W.3d 388, 391 (2000). The Arkansas Supreme Court has defined malice as "an intent and disposition to do a wrongful act greatly injurious to another[,]" and "the intentional doing of a wrongful act without just cause or excuse, with an intent to inflict an injury or under circumstances that the law will imply an evil intent… A conscious violation of the law…which operates to the prejudice of another person. A condition of the mind showing a heart…fatally bent on mischief." *Id.* at 905-06, 20 S.W.3d at 391 (citations and internal quotation marks omitted); *see also Simons*, 369 Ark. 447, 452-53 (2007). "[A] bare allegation of willful and wanton conduct will not suffice to prove malice." *Simons*, 369 Ark. at 453 (citation omitted). Separate from the bare and conclusive claims of malicious conduct by ASP Defendants, Plaintiff's allegations do not support a claim of malicious conduct to overcome statutory immunity and therefore should be dismissed from this lawsuit.

## CONCLUSION

Plaintiff's claims against ASP Defendants Colonel Bryant, William Sadler, and Kurt Ziegenhorn are barred by sovereign, qualified, and statutory immunity. For the above reasons, this Court should dismiss the Amended Complaint in its entirety against ASP Defendants.

Respectfully Submitted,

LESLIE RUTLEDGE
Attorney General

By: *Reid P. Adkins*
Reid P. Adkins (2015216)
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Tel: (501) 682-1080
Fax: (501) 682-2591
reid.adkins@ArkansasAG.gov

William C. Bird III (2005149)
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Tel: (501) 682-1317
Fax: (501) 682-2591
william.bird@ArkansasAG.gov

*Attorneys for ASP Defendants*

## CERTIFICATE OF SERVICE

I, Reid P. Adkins, hereby certify that on April 17, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of the filing to any participants.

*Reid P. Adkins*
Reid P. Adkins