IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES ANDREW TANNER                                                    PLAINTIFF

v.              Case No. 4:17-CV-00780-DPM

KURT ZIEGENHORN, ET AL.                                               DEFENDANTS

### BRIEF IN SUPPORT OF MOTION TO DISMISS

The Amended Complaint filed by James A. Tanner ("Plaintiff") against the Arkansas State Police ("ASP") Defendants Elizabeth Chapman and Mike Kennedy, in their individual capacities, should be dismissed from this lawsuit based on qualified and statutory immunity. Plaintiff filed suit on November 27, 2017, (DE 1) and on March 12, 2019, he filed an Amended Complaint seeking relief in the form of declaratory, injunctive, and money damages against ASP Defendants (DE 46). Plaintiff alleges ASP Defendants violated his federal and state constitutional rights. Specifically, Plaintiff alleges ASP Defendants violated his First Amendment rights when his comments were hidden from the public's view and he was subsequently prohibited from participating on ASP's Facebook page. (DE 46, pp. 7-10). For the reasons stated below, this Court should dismiss the Amended Complaint as asserted against ASP Defendants in its entirety with prejudice under Fed. R. Civ. P. 12(b)(6).

### DISCUSSION

"To withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations to 'state a claim to relief that is plausible on its face.'" *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Sovereign immunity is a jurisdictional, threshold matter that is properly addressed under

Rule 12(b)(1). *See Lors v. Dean*, 746 F.3d 857, 861 (8th Cir. 2014). "[A]lthough a complaint need not contain 'detailed factual allegations,' it must contain facts with enough specificity 'to raise a right to relief above the speculative level.'" *United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. 678. Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant." *Raynor*, 690 F.3d at 955.

Lastly, in adjudicating Rule 12(b) motions, courts are not strictly limited to the four corners of complaints. *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1120 (8th Cir. 2011). "While courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally, consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matter of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned,' without converting the motion into one for summary judgment." *Miller v. Redwood Toxicoolgy Lab.*, 688 F.3d 928, 931, n.3 (8th Cir. 2012).

## I. THE INDIVIDUAL CAPACITY CLAIMS AGAINST ASP DEFENDANTS ARE BARRED BY QUALIFIED IMMUNITY.

Plaintiff's individual capacity claims against ASP Defendants are barred by the doctrine of qualified immunity. Government officials have qualified immunity from liability in their individual capacity unless the alleged conduct violates a clearly established constitutional or statutory right of which a reasonable official or officer in their position would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The applicability of qualified immunity is a question of law for the Court. *Nelson v. County of Wright*, 162 F.3d 986, 989 (8th Cir. 1998). "Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." *Saucier v. Katz*, 533 U.S. 194, 200 (2001).

When qualified immunity is raised as a defense in a § 1983 action, the Court generally first considers whether the facts alleged, taken in the light most favorable to the plaintiff, show that the officials' conduct violated a constitutional right. *Id.* at 201. If a constitutional violation can be made out on the facts alleged, then the Court considers whether the right was clearly established at the time of the conduct at issue. *Id.* For a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (citation and internal quotations omitted). In other words, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Id.*

The Supreme Court has repeatedly cautioned lower courts that "clearly established law" should not be defined at a high level of generality." *Id.* at 552 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). "As this Court explained decades ago, the clearly established law must be 'particularized' to the facts of the case." *Id.* (citing *Anderson v. Creighton*, 483 U.S. 635, 640

(1987)). In order to reject an official's qualified-immunity defense, the Court must "identify a case where an officer acting under similar circumstances as [the Defendants were] held to have violated" the Constitution. *Id*; se*e also Kisela v. Hughes*, 138 S. Ct. 1148 (2018); *District of Columbia v. Wesby*, 138 S. Ct. 577 (2018); and *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017).

Plaintiff's Amended Complaint fails to state facts to overcome ASP Defendants' qualified immunity from suit. This Court should dismiss this case with prejudice. According to the Amended Complaint, Plaintiff claims ASP Defendants violated his First Amendment right when they deleted or hid Plaintiff's comments from the public's view and prohibited him from participating on ASP's official Facebook page. (DE 46). Based on the facts that Plaintiff's comments have been deleted and he has been banned from ASP's official Facebook page as claimed, Plaintiff has failed to plead sufficient facts that show a violation of a clearly established constitutional right under the First Amendment. "[A]s an initial matter a speaker must seek access to public property or to private property dedicated to public use to evoke First Amendment concerns." *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 801 (1985). "[P]ublicly owned or operated property does not become a 'public forum' simply because members of the public are permitted to come and go at will." *Int'l Soc'y for Krishna consciousness, Inc., v. Lee*, 505 U.S. 672, 686 (1992) (quoting *U.S. v. Grace*, 461 U.S. 171, 177 (1983)). "[W]here the application of forum analysis would lead almost inexorably to closing of the forum, it is obvious that forum analysis is out of place." *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 479-80 (2009).

The government speech doctrine establishes that the government may advance its own speech without requiring viewpoint neutrality when the government itself is the speaker. *Id*. at 467; *Morgan v. Bevin*, 298 F.Supp.3d 1003, 1010-11 (E.D. Kent. 2018). Thus, the Free Speech

Clause restricts government regulation of private speech but it does not regulate government speech. *Summum*, 555 U.S. at 467. Further, government speech is one category of speech that falls outside the domain of forum analysis. *Walker v. Tex. Div., Sons of Confederate Veterans, Inc.*, 135 S.Ct. 2239, 2250 (2015). When the government is speaking on its own behalf, "the First Amendment strictures that attend the various types of government-established forums do not apply." *Id.* Additionally, private involvement in the formulation of the speech in question does not preclude the conclusion that it is government speech. *Summum*, 555 U.S. at 469. In assessing whether speech constitutes government speech as opposed to private speech, the Supreme Court has considered at least three factors: (1) whether government has historically used the speech in question to convey state messages; (2) whether that speech is "often closely identified in the public mind" with the government; (3) the extent to which government "maintains direct control over the messages conveyed." *Walker*, 135 S.Ct. at 2247-48.

There is "no constitutional right as members of the public to a government audience for their policy views." *Minn. State Bd. for Cmty. Colleges v. Knight*, 465 U.S. 271, 286 (1984). "Nothing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues." *Id.* at 285; *see also Smith v. Ark. State Highway Emp., Local 1315*, 441 U.S. 463, 466 (1979) (holding, in part, "the First Amendment does not impose any affirmative obligation on the government to listen [or] to respond.").

Applying the factors established in *Walker* to ASP's official Facebook page and its Facebook page policy, it is clear that ASP utilized and continues to utilize its Facebook page to convey its message to its constituents and it maintains direct control over that message. Plaintiff's Exhibit A to his original complaint shows ASP intended to convey a certain message

to its constituents through its official Facebook page, that Plaintiff's comments were not the message ASP sought to convey, and ASP maintained direct control over its message. Further, ASP's Facebook page policy specifically states:

> The purpose of the Arkansas State Police Facebook page is to permit authorized employees of the Department to provide the public with information concerning Arkansas State Police's mission, goals, programs, activities, events, news, stories, photographs, and videos and to disseminate other information and material intended to increase the awareness of and embrace respect for the Arkansas State Police and its members and employees. Please note that this a purposefully controlled online site established for this limited purpose, NOT A PUBLIC FORUM. (DE 1, p. 16).

ASP's Facebook page policy further states:

> ALL COMMENTS submitted/posted to this page are actively monitored and reviewed by the Arkansas State Police. The Arkansas State Police reserve[s] the right to restrict, remove, or delete any posting/comment that is contrary and/or inconsistent with the purpose of the page or in violation of the applicable terms and conditions. The Arkansas State Police Facebook page is not appropriate for and is not intended to accommodate comments unrelated to the purpose of the page or particular postings authorized by the Department. (DE 1, p. 16).

The act of deleting or hiding Plaintiff's comments and prohibiting him from participating in ASP's Facebook page is not a clearly established violation of Plaintiff's First Amendment rights. Nonetheless, ASP engages in government speech through its Facebook page, which is a category of speech that falls outside the domain of forum analysis. *See Walker*, 135 S.Ct. at 2250. Accordingly, Plaintiff's First Amendment rights have not been violated and there is no ongoing violation.

## II. THE STATE-LAW CLAIMS REFERENCED IN THE COMPLAINT ARE BARRED BY STATUTORY IMMUNITY.

In addition to the federal constitutional claims, the complaint further asserts allegations that ASP Defendants violated Plaintiff's state constitutional rights. To the extent Plaintiff asserts any state-law claim against ASP Defendants, this Court should reframe from exercising supplemental jurisdiction over those claims because Plaintiff has failed to state a federal claim.

Additionally, the state law claims are barred by statutory immunity under Ark. Code Ann. § 19-10-305(a) and should be dismissed with prejudice.

A district court may decline to exercise supplemental jurisdiction over a state law claim when the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Eighth Circuit has found that a district court had not erred in declining to exercise supplemental jurisdiction over state law claims after it granted summary judgment on the plaintiff's federal claims. *Thomas v. Dickel*, 213 F.3d 1023, 1026 (8th Cir. 2000). "As we pointed out…federal courts should 'exercise judicial restraint and avoid state law issues whenever possible.'" *Id*. (quoting *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990)).

Should this Court exercise jurisdiction over Plaintiff's state law claims, the Arkansas General Assembly has determined that "[o]fficers and employees of the State of Arkansas are immune from liability and from suit…for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment." Ark. Code Ann. § 19-10-305(a). The Arkansas Supreme Court has consistently held that "the immunity provided by section 19-10-305 is similar to that provided by the Supreme Court for federal civil-rights claims." *Simons v. Marshall*, 369 Ark. 447, 452-53 (2007); *see also Smith v. BRT*, 363 Ark. 126, 130-31 (2005); *Fegans v. Norris*, 351 Ark. 200 (2002). Accordingly, a state official has statutory immunity from state-law claims "if his actions did not violate clearly established principles of law for which a reasonable person would have knowledge." *Id*. at 452.

"More specifically, section 19-10-305(a) provides state employees with statutory immunity from civil liability for non-malicious acts occurring within the course of their employment." *Id*. For a Plaintiff to overcome an assertion of statutory immunity by a state

employee, he must allege sufficient facts in her complaint to support a claim of malicious conduct. *E.g., Fuqua v. Flowers*, 341 Ark. 901, 905 (2000). The Arkansas Supreme Court has defined malice as "an intent and disposition to do a wrongful act greatly injurious to another[,]" and "the intentional doing of a wrongful act without just cause or excuse, with an intent to inflict an injury or under circumstances that the law will imply an evil intent… A conscious violation of the law…which operates to the prejudice of another person. A condition of the mind showing a heart…fatally bent on mischief." *Id*. at 905-06 (citations and internal quotation marks omitted); *see also Simons*, 369 Ark. 447, 452-53 (2007). "[A] bare allegation of willful and wanton conduct will not suffice to prove malice." *Simons*, 369 Ark. at 453 (citation omitted).

In *Simons*, the plaintiff alleged that her rights were violated by an ASP trooper's use of excessive force, excessive groping, and assault and battery. *Id*. In pleading facts to support her claim, the plaintiff alleged that the defendant "grabbed and groped on" her breast and genitals in a sexual manner and then said "Don't you know I'm a man with a gun" when she retaliated and requested that he stop groping her. *Id*. at 454. The Supreme Court affirmed the dismissal of the complaint because "the conclusory facts" set forth did not "demonstrate either malice or a conscious violation of the law." *Id*. at 454.

This Court should follow *Simons* and dismiss any state-law claims in the Amended Complaint with prejudice. Plaintiff fails to allege facts sufficient to demonstrate Chapman and Kennedy consciously violated the law or acted with malice towards him. Additionally, the allegations contain nothing but Plaintiff's speculations and conclusions about Chapman and Kennedy's alleged conduct. Because the Amended Complaint failed to state facts indicating that ASP Defendants consciously violated the law and acted with malice, they are immune from any state-law claims asserted in Plaintiff's Amended Complaint.

## CONCLUSION

Plaintiff's claims against ASP Defendants Elizabeth Chapman and Mike Kennedy are barred by qualified and statutory immunity. The Court should dismiss the Amended Complaint as asserted against ASP Defendants in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully Submitted,

LESLIE RUTLEDGE
Attorney General

By: *Reid P. Adkins*
Reid P. Adkins (2015216)
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Tel: (501) 682-1080
Fax: (501) 682-2591
reid.adkins@ArkansasAG.gov

William C. Bird III (2005149)
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Tel: (501) 682-1317
Fax: (501) 682-2591
william.bird@ArkansasAG.gov

*Attorneys for ASP Defendants*

## CERTIFICATE OF SERVICE

I, Reid P. Adkins, hereby certify that on April 22, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of the filing to any participants.

*Reid P. Adkins*
Reid P. Adkins