IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JAMES ANDREW TANNER**                                                              **PLAINTIFF**

v.                  Case No. 4:17-CV-00780-DPM

**KURT ZIEGENHORN, ET AL.**                                       **DEFENDANTS**

<u>**ASP DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
TO ASP DEFENDANTS' MOTION TO DISMISS**</u>

Comes now the Arkansas State Police ("ASP") Defendants Mike Kennedy and Elizabeth Chapman, in their individual capacities, by and through their attorneys, Attorney General Leslie Rutledge and Assistant Attorney General Reid P. Adkins, and for their reply to Plaintiff's Response to ASP Defendant's Motion to Dismiss (DE 57, 58), state the following:

<u>**DISCUSSION**</u>

**I. THE INDIVIDUAL CAPACITY CLAIMS AGAINST ASP DEFENDANTS KENNEDY AND CHAPMAN ARE BARRED BY QUALIFIED IMMUNITY.**

Plaintiff's Amended Complaint failed to allege sufficient facts to show that ASP Defendants Kennedy and Chapman violated a clearly established First Amendment right in regard to ASP's Facebook page. Plaintiff alleges his First Amendment right was violated when his comments were deleted and he was subsequently banned from ASP's Facebook page in 2016. (DE 46). To overcome qualified immunity, Plaintiff asserts that "there need not be such a painfully specific case on point for Plaintiff to prevail." (DE 58, p. 10). However, the Supreme Court has repeatedly cautioned lower courts that clearly established law should not be defined at a high level of generality and existing precedent must have placed the constitutional question beyond debate. *See White v. Pauly*, 137 S.Ct. 548 (2017); *see also Ashcroft v. al-Kidd*, 563 U.S.

731, 742 (2011) (requiring, in the absence of controlling authority, "a robust consensus of cases of persuasive authority."). Furthermore, the right must be established at the time of the conduct at issue. *See Saucier v. Katz*, 533 U.S. 194, 200 (2001).

In Plaintiff's response to ASP Defendants' MTD, Plaintiff heavily relied on *Brunham v. Ianni*, 119 F.3d 668 (8th Cir. 1997) to establish Plaintiff had a clearly established First Amendment right to ASP's Facebook page at the time of the conduct at issue. (DE 58, pp. 9-12). In *Brunham*, professors and students at a state university brought a § 1983 action against the chancellor alleging a violation of their First Amendment right when the chancellor ordered removal of photographs from a department display case. *Id*. As stated by Plaintiff in his response, it is true that the Court in *Brunham* found a long established, binding precedent totally supportive of the plaintiff's claims. *See Brunham*, 119 F.3d at 677.

However, this matter can be distinguished from *Brunham* because there is not a long established, binding precedent totally supportive of Plaintiff's claims. In 2017, the Supreme Court held that a North Carolina statute prohibiting sex offenders from accessing social networking websites altogether violated their First Amendment. *Packingham v. North Carolina*, 137 S.Ct. 1730, 1737 (2017). However, in *Packingham*, the Court stated "[t]he forces and directions of the Internet are so new, so protean, and so far reaching that courts must be conscious that what they say today might be obsolete tomorrow." *Id*. at 1736. The Court further stated "[t]his case is one of the first this Court has taken to address the relationship between the First Amendment and the modern Internet. As a result, the Court must exercise extreme caution before suggesting that the First Amendment provides scant protection for access to vast networks in that medium." *Id*. Justice Alito concurred and stated "[t]he Court is correct that we should be cautious in applying our free speech precedents to the internet…Cyberspace is different from the

physical world…we should proceed circumspectly, taking one step at a time." *Id*. at 1744. The matter before this Court is much narrower than in *Packingham* because ASP Defendants have not prevented Plaintiff from accessing social networking websites altogether.

There simply was not any binding precedent at the relevant time that placed the challenged conduct beyond debate, particularly in the context of First Amendment claims concerning a government's use of social media. Plaintiff does cite to several Federal District Court cases that dealt with the issue. However, those cases would not collectively rise to a "robust consensus of cases of persuasive authority" at the relevant time in question.

Thus, Plaintiff's First Amendment claims against ASP Defendants should be dismissed because it was not clearly established that Plaintiff had a First Amendment right to post on ASP's Facebook page.

## CONCLUSION

Plaintiff's claims against ASP Defendants Mike Kennedy and Elizabeth Chapman are barred by qualified and statutory immunity. For the above reasons, this Court should dismiss the Amended Complaint in its entirety against ASP Defendants.

    Respectfully Submitted,

    LESLIE RUTLEDGE
    Attorney General

By: *Reid P. Adkins*
    Reid P. Adkins (2015216)
    Assistant Attorney General
    323 Center Street, Suite 200
    Little Rock, Arkansas  72201
    Tel:  (501) 682-1080
    Fax: (501) 682-2591
    reid.adkins@ArkansasAG.gov

        William C. Bird III (2005149)
        Assistant Attorney General
        323 Center Street, Suite 200
        Little Rock, Arkansas 72201
        Tel: (501) 682-1317
        Fax: (501) 682-2591
        william.bird@ArkansasAG.gov

*Attorneys for ASP Defendants*

## CERTIFICATE OF SERVICE

I, Reid P. Adkins, hereby certify that on May 10, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of the filing to any participants.

        *Reid P. Adkins*
        Reid P. Adkins