IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES ANDREW TANNER                                              PLAINTIFF

v.                              No. 4:17-cv-780-DPM

KURT ZIEGENHORN, in his individual
capacity; BILL BRYANT, Colonel, in his official
capacity as head of the Arkansas State Police;
BILL SADLER, in his individual capacity;
MIKE KENNEDY, Individually; and
ELIZABETH CHAPMAN, Individually                                DEFENDANTS

ORDER

**1.** After he amended his complaint several times, the Court directed James Tanner to file a concise fourth amended complaint. The Defendants have now moved to dismiss it. In the winter of 2014, Tanner twice encountered State Trooper Kurt Ziegenhorn at the Searcy Walmart. The encounters became confrontations, which centered on Tanner's openly carrying a handgun in the Walmart. He was arrested early the next year based on the two run-ins with Trooper Ziegenhorn. The State eventually revoked Tanner's license to carry. Tanner was also tried for obstructing governmental operations. He was acquitted. There's also been contention about Tanner's comments on the official Arkansas State Police Facebook page. That back and forth is the core of this lawsuit. Tanner alleges that several Defendants (in both their official and individual capacities) violated his federal constitutional rights. He's also pleaded claims under the Arkansas Constitution and

other Arkansas law. The Defendants say all Tanner's claims fail for various reasons; Tanner responds that all his claims are solid. Appendix A lists the many parties, the many claims, and the Court's rulings in this Order.

**2.** Tanner's principal claims are about the First Amendment. He pleads that Colonel Bill Bryant and his employees, Elizabeth Chapman and Mike Kennedy, violated his constitutional rights. He says that Kennedy ordered Chapman to delete Tanner's posts from the Arkansas State Police Facebook page. Tanner also claims that Chapman blocked him from posting on the page.

The interactive section of this Facebook page isn't government speech. *Davison v. Randall*, 912 F.3d 666, 686 (4th Cir. 2019). This part of the page is a forum, created by the State Police, where Facebook users can and do speak. Tanner posted six times on this page in 2016. Chapman deleted all his posts. The Court assumes, for purposes of Kennedy and Chapman's motion to dismiss, that these deletions infringed Tanner's free speech rights. The guiding law, though, wasn't clear enough then to subject Kennedy and Chapman to suit. State actors are entitled to qualified immunity unless they violate clearly established law. *Morgan v. Robinson*, 920 F.3d 521, 523 (8th Cir. 2019) (*en banc*). The "controlling authority" must place the constitutional question "beyond debate." *Hanson as Trustee for Layton v. Best*, 915 F.3d 543, 548 (8th Cir. 2019) (quotation omitted). The Supreme Court hasn't

addressed this type of First Amendment claim yet. Only recently have lower courts across the country done so. *E.g., Davison*, 912 F.3d at 666; *Robinson v. Hunt County, Texas*, 921 F.3d 440, 449–50 (5th Cir. 2019); *Campbell v. Reisch*, 367 F. Supp. 3d 987, 990–92 (W.D. Mo. 2019); *One Wisconsin Now v. Kremer*, 354 F. Supp. 3d 940, 953–56 (W.D. Wis. 2019). And the only guidance within the Eighth Circuit is the *Campbell* case, decided in 2019. This law isn't settled. No precedent informed Kennedy or Chapman in 2016 that deleting comments or blocking users from posting on the interactive part of a State agency's Facebook page violated free speech rights.

The official-capacity claims against Arkansas (through Colonel Bryant) go forward nonetheless. Tanner's request for injunctive relief isn't barred by sovereign immunity. *Calzone v. Hawley*, 866 F.3d 866, 869–70 (8th Cir. 2017). Tanner's pleading against Colonel Bryant is thin. But he mentions the "unconstitutional terms and conditions" of the Facebook page throughout his papers. № 46 at 5; № 51-2. Whether the State Police's Facebook policy violates the U.S. Constitution or the Arkansas Constitution is an open question, which the Court will answer in due course on a more complete record.

**3.** Tanner's First Amendment retaliation claims against Trooper Ziegenhorn are dismissed without prejudice. Tanner hasn't pleaded any facts showing that his complaint to the State Police about Trooper Ziegenhorn's actions during the November 2014 Walmart stop was a

substantial factor in, or but-for cause of, Tanner's 2015 arrest. *Kilpatrick v. King*, 499 F.3d 759, 767 (8th Cir. 2007).

**4.** Tanner makes several Fourth Amendment claims against Trooper Ziegenhorn. One fails; two proceed.

First, collateral estoppel bars Tanner from relitigating any Fourth Amendment claim based on his lost license to carry a concealed firearm and the November 2014 Walmart encounter. Tanner appealed the Arkansas State Police's decision to revoke his license to the Pulaski County Circuit Court. That Court affirmed the revocation. The Court held that Trooper Ziegenhorn did not violate Tanner's Fourth Amendment Rights. № 33-4 *at 7*. Under the Arkansas Administrative Procedure Act, a Circuit Court can reverse an administrative decision that violated petitioner's constitutional rights. ARK. CODE ANN. § 25-15-212(h)(1). The Fourth Amendment ruling was necessary in this earlier branch of the litigation. And Tanner had a full and fair opportunity to litigate this constitutional claim. *Crockett & Brown, P.A. v. Wilson*, 314 Ark. 578, 581, 864 S.W.2d 244, 246 (1993); *see also Bockman v. Arkansas State Medical Board*, 229 Ark. 143, 147, 313 S.W.2d 826, 829 (1958).

Second, Tanner has stated a false arrest claim about the December 2014 Walmart encounter. Tanner pleads these facts: Trooper Ziegenhorn approached him, seized him, and took him to his car for thirty minutes before letting him go. That's a plausible Fourth

Amendment violation. *United States v. Dixon*, 51 F.3d 1376, 1379 (8th Cir. 1995).

Third, Tanner says that Trooper Ziegenhorn applied for Tanner's arrest warrant with misleading information about the December 2014 encounter. Trooper Ziegenhorn wrote that Tanner falsely identified himself; Tanner says he didn't. № 46 at 14. A warrant based on a "deliberate falsehood" or "reckless disregard for the truth" violates the Fourth Amendment. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Tanner has therefore pleaded a plausible constitutional claim about the arrest warrant.

5. Tanner has failed to state a Second Amendment claim against Trooper Ziegenhorn. The Arkansas State Police revoked Tanner's Concealed Carry Handgun License based on the December 2014 Walmart encounter. № 33-4. "Lawful seizure and retention of firearms . . . does not violate the Second Amendment." *Rodgers v. Knight*, 781 F.3d 932, 941 (8th Cir. 2015). Tanner therefore hasn't pleaded sufficient facts showing that Trooper Ziegenhorn chilled his right to bear arms. *Moustakas v. Margolis*, 154 F. Supp. 3d 719, 732 (N.D. Ill. 2016), *aff'd in part*, 825 F.3d 843 (7th Cir. 2016).

6. Tanner also alleges that William Sadler conspired with others to violate his right to obtain information through the Arkansas Freedom of Information Act. 42 U.S.C. § 1985(3). Sadler is the Arkansas State Police's public information officer. Tanner "must show: (1) that

Amendment violation. *United States v. Dixon*, 51 F.3d 1376, 1379 (8th Cir. 1995).

Third, Tanner says that Trooper Ziegenhorn applied for Tanner's arrest warrant with misleading information about the December 2014 encounter. Trooper Ziegenhorn wrote that Tanner falsely identified himself; Tanner says he didn't. № 46 at 14. A warrant based on a "deliberate falsehood" or "reckless disregard for the truth" violates the Fourth Amendment. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Tanner has therefore pleaded a plausible constitutional claim about the arrest warrant.

5. Tanner has failed to state a Second Amendment claim against Trooper Ziegenhorn. The Arkansas State Police revoked Tanner's Concealed Carry Handgun License based on the December 2014 Walmart encounter. № 33-4. "Lawful seizure and retention of firearms . . . does not violate the Second Amendment." *Rodgers v. Knight*, 781 F.3d 932, 941 (8th Cir. 2015). Tanner therefore hasn't pleaded sufficient facts showing that Trooper Ziegenhorn chilled his right to bear arms. *Moustakas v. Margolis*, 154 F. Supp. 3d 719, 732 (N.D. Ill. 2016), *aff'd in part*, 825 F.3d 843 (7th Cir. 2016).

6. Tanner also alleges that William Sadler conspired with others to violate his right to obtain information through the Arkansas Freedom of Information Act. 42 U.S.C. § 1985(3). Sadler is the Arkansas State Police's public information officer. Tanner "must show: (1) that

[Sadler] conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured [Tanner]." *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008). Tanner hasn't stated a plausible conspiracy claim. He hasn't pleaded any overt act by a co-conspirator or that Sadler actually conspired with others.

**7.** Tanner also claims that Sadler violated the Arkansas Freedom of Information Act several times, which in turn violated the Fourteenth Amendment. *№ 51 at 16*. His complaint says that these claims are "an appeal from the denial of rights pursuant to Ark. Code Ann. § 25-19-101 et seq." *№ 46 at 17*. But these issues were already fully litigated in state court by Tanner's lawyer. *Hyman v. Sadler for Arkansas State Police*, 2018 Ark. App. 82, at 3–6, 539 S.W.3d 642, 643–45. *Res judicata*. Tanner cannot relitigate already decided claims. *Jayel Corporation v. Cochran*, 366 Ark. 175, 178–79, 234 S.W.3d 278, 281–82 (2006).

**8.** Tanner pleads three state-law claims against Trooper Ziegenhorn: malicious prosecution, abuse of process, and perjury under the felony tort statute.

First, the malicious prosecution claim survives. Trooper Ziegenhorn suggested that Tanner be prosecuted based on the Walmart encounters in 2014. Tanner was found not guilty in the White County Circuit Court of obstructing governmental operations. *№ 35-1 & 35-2*.

Tanner says that Trooper Ziegenhorn lacked probable cause to recommend this prosecution. Those facts satisfy Rule 12.

Second, Tanner's abuse of process claim fails as a matter of law. This tort requires that the criminal charge against Tanner was "used to extort or coerce." *Sundeen v. Kroger*, 355 Ark. 138, 147, 133 S.W.3d 393, 398–99 (2003); see also HOWARD W. BRILL & CHRISTIAN H. BRILL, 1 ARKANSAS LAW OF DAMAGES § 33:5 (6th ed. 2014). But Tanner hasn't pleaded any facts showing that Trooper Zeigenhorn used the state case to extort or coerce him. Tanner's malicious prosecution claim adequately covers the legal ground about the state charge.

Third, the perjury-based claim against Trooper Zeigenhorn under the felony tort statute also survives. This statute provides a civil remedy to anyone injured by another's criminal conduct. ARK. CODE ANN. § 16-118-107. Tanner says that Trooper Zeigenhorn committed perjury during his trial by stretching the truth about what happened during the Walmart encounters. Tanner has sufficiently stated this claim.

\* \* \*

The motion to dismiss by the State Police, Colonel Bryant, Sadler, and Trooper Zeigenhorn, № 47, is partly granted and partly denied. Chapman and Kennedy's motion, № 53, is granted. The Court directs Tanner to file a fifth and final amended complaint that includes only the surviving claims. It must include specific details about the State

Police's Facebook policy and the surviving Fourth Amendment and state-law claims against Trooper Zeigenhorn. It must also comply with Federal Rule of Civil Procedure 8(a); it should not exceed fifteen pages; and Tanner should attach any material exhibits.

Amended complaint due by 21 June 2019. A Second Amended Final Scheduling Order will issue.

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

31 May 2019

# Appendix A

| Party | Claims | Disposition |
|---|---|---|
| Bill Bryant | First Amendment, Official Capacity | Proceeds |
| Mike Kennedy | First Amendment, Individual Capacity | Dismissed with prejudice |
| Elizabeth Chapman | First Amendment, Individual Capacity | Dismissed with prejudice |
| Kurt Ziegenhorn | First Amendment Retaliation, Individual Capacity | Dismissed without prejudice |
| Kurt Ziegenhorn | Fourth Amendment, Individual Capacity; November 2014 | Dismissed with prejudice |
| Kurt Ziegenhorn | Fourth Amendment, Individual Capacity; December 2014 | Proceeds |
| Kurt Ziegenhorn | Fourth Amendment, Individual Capacity; False Information | Proceeds |
| Kurt Ziegenhorn | Second Amendment, Individual Capacity | Dismissed without prejudice |
| William Sadler | Conspiracy | Dismissed without prejudice |
| William Sadler | Fourteenth Amendment, Individual Capacity | Dismissed without prejudice |
| Kurt Ziegenhorn | Malicious Prosecution | Proceeds |
| Kurt Ziegenhorn | Abuse of Process | Dismissed without prejudice |
| Kurt Ziegenhorn | Felony Tort - Perjury | Proceeds |

Each echoing state law claim proceeds, or fails, like each federal claim.