IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES ANDREW TANNER PLAINTIFF

v. CASE NO. 4:17-CV-780-DPM

KURT ZIEGENHORN, et al. DEFENDANTS

**DEFENDANTS' ANSWER TO FIFTH AMENDED COMPLAINT**

Come now the Defendants, Kurt Ziegenhorn, individually, and Colonel Bill Bryant, in his official capacity, (referred to collectively as "Defendants"), by and through their attorneys, Arkansas Attorney General Leslie Rutledge and Senior Assistant Attorney General William C. Bird III and Assistant Attorney General Reid P. Adkins, and for their Answer to Plaintiff's Fifth Amended Complaint, state as follows:

1. Defendants admit Plaintiff has identified himself as a party to this matter.

2. Defendants admit the allegations contained in paragraph two (2) of the Complaint.

3. Defendants admit the allegations contained in paragraph three (3) of the Complaint.

4. Defendants admit Ziegenhorn is a defendant in this matter. However, Defendants deny the remaining allegations in paragraph four (4) of Plaintiff's Complaint and further deny Plaintiff is entitled to the relief requested.

5. Defendants admit this Court has subject matter jurisdiction over the claims at issue in this case, but assert this Court should decline to exercise supplemental jurisdiction over Plaintiff's malicious prosecution and perjury claims, as they are not so related to the underlying claims in this action so as to form part of the same case or controversy. 28 U.S.C. § 1367. Defendants further admit this Court has personal jurisdiction over the Defendants in this matter.

6. Defendants admit venue is proper.

7. Paragraph 7 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from the Defendants. To the extent paragraph 7 requires a response, Defendants deny each and every allegation contained therein.

8. Paragraph 8 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from the Defendants. To the extent paragraph 8 requires a response, Defendants deny each and every allegation contained therein.

9. Paragraph 9 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from the Defendants. To the extent paragraph 9 requires a response, Defendants deny each and every allegation contained therein.

10. Paragraph 10 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from the Defendants. To the

extent paragraph 10 requires a response, Defendants deny each and every allegation contained therein.

11. Paragraph 11 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from the Defendants. To the extent paragraph 11 requires a response, Defendants deny each and every allegation contained therein.

12. Defendants admit Plaintiff was prohibited from posting further comments on the ASP Facebook page due to violating the ASP Facebook page's terms and conditions. Defendants deny the remaining allegations contained in paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from the Defendants. To the extent paragraph 13 requires a response, Defendants deny each and every allegation contained therein.

14. Defendants admit ASP has an official Facebook page. To the extent a response is further required, Defendants are without sufficient information to admit or deny and, therefore, deny the same.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. The first sentence of paragraph 16 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from

the Defendants. To the extent a response is required, Defendants deny each and every allegation contained in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from the Defendants. To extent paragraph 17 requires a response, Defendants are without information sufficient to admit or deny the allegations set forth in paragraph 17, and consequently, Defendants deny each and every allegation contained therein.

18. Paragraph 18 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from the Defendants. To the extent paragraph 18 requires a response, Defendants deny each and every allegation contained therein.

19. Defendants admit Plaintiff had certain comments deleted or hidden from the ASP Facebook page and admits Plaintiff was prohibited from posting further comments on the ASP Facebook page due to violating the ASP Facebook page's terms and conditions. To the extent a response is further required for paragraph 19 of the Complaint, Defendants deny each and every allegation contained therein.

20. Paragraph 20 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from the Defendants. Additionally, Plaintiff's Exhibit 1 speaks for itself and does not require a response. To the extent paragraph 20 requires a response, Defendants deny each and every allegation contained therein.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint. Additionally, Plaintiff's Exhibit 2 speaks for itself and does not require a response. To the extent a response is further required in paragraph 21 of the Complaint, Defendants deny the same.

22. Paragraph 22 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from the Defendants. To the extent paragraph 22 requires a response, Defendants deny each and every allegation contained therein.

23. Paragraph 23 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from the Defendants. To the extent paragraph 23 requires a response, Defendants deny each and every allegation contained therein.

24. Paragraph 24 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from the Defendants. To the extent paragraph 24 requires a response, Defendants deny each and every allegation contained therein.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint. Additionally, Plaintiff's Exhibit 3 speaks for itself and does not require a response.

27. Paragraph 27 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from the Defendants. To the extent paragraph 27 requires a response, Defendants deny each and every allegation contained therein.

28. Defendants admit Plaintiff had certain comments deleted or hidden from the ASP Facebook page. To the extent a response is further required in paragraph 28 of the Complaint, Defendants deny the same.

29. Paragraph 29 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from the Defendants. To the extent paragraph 29 requires a response, Defendants deny each and every allegation contained therein.

30. Defendants admit Plaintiff had certain comments deleted or hidden from the ASP Facebook page. To the extent a response is further required in paragraph 30 of the Complaint, Defendants deny the same.

31. Defendants admit Plaintiff had certain comments deleted or hidden from the ASP Facebook page. To the extent a response is further required in paragraph 31 of the Complaint, Defendants deny the same.

32. Defendants admit Plaintiff had certain comments deleted or hidden from the ASP Facebook page and admits Plaintiff was prohibited from posting further comments on the ASP Facebook page due to violating the ASP Facebook page's terms and conditions. To the extent a response is further required for

paragraph 32 of the Complaint, Defendants deny each and every allegation contained therein.

33. Paragraph 33 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from the Defendants. To the extent paragraph 33 requires a response, Defendants deny each and every allegation contained therein.

34. Paragraph 34 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from the Defendants. To the extent paragraph 34 requires a response, Defendants deny each and every allegation contained therein.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. This Court has dismissed the claims against Defendant Ziegenhorn related to the November 2014 incident and, therefore, paragraph 39 does not require a response. (DE 60). To the extent paragraph 39 requires a response, Defendants deny each and every allegation contained therein.

40. This Court has dismissed the claims against Defendant Ziegenhorn related to the November 2014 incident and, therefore, paragraph 40 does not require a response. (DE 60). To the extent paragraph 40 requires a response, Defendants deny each and every allegation contained therein.

41. This Court has dismissed the claims against Defendant Ziegenhorn related to the November 2014 incident and, therefore, paragraph 41 does not require a response. (DE 60). To the extent paragraph 41 requires a response, Defendants deny each and every allegation contained therein.

42. This Court has dismissed the claims against Defendant Ziegenhorn related to the November 2014 incident and, therefore, paragraph 42 does not require a response. (DE 60). To the extent paragraph 42 requires a response, Defendants deny each and every allegation contained therein.

43. This Court has dismissed the claims against Defendant Ziegenhorn related to the November 2014 incident and, therefore, paragraph 43 does not require a response. (DE 60). To the extent paragraph 43 requires a response, Defendants deny each and every allegation contained therein.

44. This Court has dismissed the claims against Defendant Ziegenhorn related to the November 2014 incident and, therefore, paragraph 44 does not require a response. (DE 60). To the extent paragraph 44 requires a response, Defendants deny each and every allegation contained therein.

45. This Court has dismissed the claims against Defendant Ziegenhorn related to the November 2014 incident and, therefore, paragraph 45 does not

require a response. (DE 60). To the extent paragraph 45 requires a response, Defendants deny each and every allegation contained therein.

46. This Court has dismissed the claims against Defendant Ziegenhorn related to the November 2014 incident and, therefore, paragraph 46 does not require a response. (DE 60). To the extent paragraph 46 requires a response, Defendants deny each and every allegation contained therein.

47. Paragraph 47 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from the Defendants. Additionally, Exhibit 4 of the Complaint speaks for itself and does not require a response. To the extent paragraph 47 requires a response, Defendants deny each and every allegation contained therein.

48. Paragraph 48 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from the Defendants. To the extent paragraph 48 requires a response, Defendants are without information sufficient to admit or deny such allegations, and consequently, Defendants deny each and every allegation contained therein.

49. Defendants admit Ziegenhorn was wearing his ASP uniform and that he was at the Searcy Wal-Mart on December 3, 2014. Defendants deny any and all remaining allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint, except for the following:

a. Ziegenhorn recalls a conversation with the concealed carry division of ASP with regard to Plaintiff's Concealed Handgun Carry Licence.

b. Ziegenhorn asked Plaintiff if he was carrying a weapon.

c. Ziegenhorn placed Plaintiff in handcuffs while in the Searcy Wal-Mart.

d. Ziegenhorn escorted Plaintiff outside to Ziegenhorn's ASP patrol car.

e. Ziegenhorn requested to see Plaintiff's identification.

51. Defendants admit Ziegenhorn confiscated Plaintiff's Concealed Handgun Carry License on December 3, 2014. Defendants deny the remaining allegations contained in paragraph 51 of the Complaint.

52. Defendants admit Ziegenhorn submitted an affidavit of arrest against Plaintiff on December 3, 2014, at the District Court of White County, Arkansas. To the extent a response is further required to paragraph 52, Defendants deny the same.

53. Defendants admit a District Court Judge of Searcy District Court signed a warrant of arrest for Plaintiff on January 16, 2015, and admit that a warrant was executed by the Searcy Police Department on January 17, 2015. Defendants further admit Plaintiff was found not guilty of the offense of Obstruction of Governmental Operations by order of the Circuit Court of White County, Arkansas, dated November 17, 2015, in Case No. CR-2015-333. Defendants deny the remaining allegations contained in paragraph 53 of the Complaint.

54. The allegations in paragraph 54 of the Complaint contain legal conclusions of law and, therefore, no response is required. Additionally, Exhibit 5 of the Complaint speaks for itself and does not require a response. Defendants deny any and all remaining allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from the Defendants. To the extent paragraph 56 requires a response, Defendants deny each and every allegation contained therein.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from the Defendants. To the

extent paragraph 62 requires a response, Defendants deny each and every allegation contained therein.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from the Defendants. To the extent paragraph 65 requires a response, Defendants deny each and every allegation contained therein.

66. Paragraph 66 of the Complaint makes no allegations against the Defendants, and consequently, requires no response from the Defendants. To the extent paragraph 66 requires a response, Defendants deny each and every allegation contained therein.

67. Defendants deny Plaintiff is entitled to the relief set forth in the paragraphs numbered 87, 89, 90, and 91 of the prayer for relief section of the Complaint (pp. 14-15 of the Complaint).

68. Defendants deny any and all remaining allegations not specifically admitted herein and demand strict proof thereof.

69. In response to Exhibits 1 through 5 of the Complaint, Defendants state the documents speak for themselves and do not require a response. To the extent a

response is required to the Exhibits attached to the Complaint, Defendants deny the same.

70. Defendants affirmatively plead that they are immune from suit under sovereign immunity, qualified immunity and statutory immunity.

71. Defendants affirmatively plead that they acted in good faith in performing their duties.

72. Defendants affirmatively plead that Plaintiff's Complaint fails to state a cause of action for which relief can be granted.

73. Defendants affirmatively plead that Plaintiff cannot prove the elements of any claim raised in his Complaint.

74. Defendants affirmatively plead that they are entitled to entry of judgment as a matter of law as one or more claims raised by the Plaintiff may be barred by applicable statute of limitations.

75. Defendants affirmatively plead that Plaintiff is not entitled to damages or any other relief requested.

76. Defendants affirmatively plead that Plaintiff's complaint, or portions thereof, is barred by claim and/or issue preclusion.

77. Defendants affirmatively plead that Plaintiff's claim for punitive damages is prohibited by the U.S. and Arkansas Constitutions.

78. Defendants affirmatively plead that Plaintiff's complaint, or portions thereof, is barred by the doctrines of estoppel, laches and unclean hands.

79. Defendants affirmatively plead that Plaintiff's complaint, or portions thereof, is barred by the doctrines justification and waiver.

80. Defendants expressly reserve the right to amend this Answer and these affirmative defenses based upon further investigation and discovery.

WHEREFORE, having fully responded to Plaintiff's Amended Complaint, Defendants respectfully request that they be dismissed with prejudice and for all other just and proper relief to which Defendants are entitled.

Respectfully submitted,

LESLIE RUTLEDGE

Attorney General

By: William C. Bird III
Ark. Bar No. 2005149
Senior Assistant Attorney General
Reid P. Adkins
Ark. Bar No. 2015216
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-1317
Fax: (501) 682-2591
Email: william.bird@arkansasag.gov

*Attorneys for the Defendants*

**CERTIFICATE OF SERVICE**

I, William C. Bird III, Senior Assistant Attorney General, hereby certify that on July 5, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to any CM/ECF participants.

William C. Bird III