IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES A. TANNER                                                            PLAINTIFF

v.                      CASE NO. 4:17-CV-780-DPM

KURT ZIEGENHORN, ET AL.                               DEFENDANTS

**DEFENDANTS' MOTION IN LIMINE
AND MEMORANDUM BRIEF IN SUPPORT**

### I.     INTRODUCTION AND SUMMARY OF FACTS

On November 27, 2017, Plaintiff James A. Tanner ("Plaintiff") filed his complaint alleging that the Arkansas State Police Defendants violated his constitutional rights under the Federal Civil Rights Act and the Arkansas Civil Rights Act as well as several state-law claims. (DE 2). The Court granted in part and denied in part Defendants' motion to dismiss and directed Plaintiff to file an amended complaint that only included the surviving claims. (DE 60). On June 20, 2019, Plaintiff filed his Fifth Amended Complaint. (DE 61). Currently pending before this Court are motions for summary judgments on the surviving claims. (DE 76, 77, 78, 79, 80, 81). Therefore, the remaining issues for trial are whether: (1) ASP violated Plaintiff's First Amendment rights when ASP hide or deleted his comments made to ASP's Facebook Page and subsequently blocked him from ASP's Facebook Page; (2) Defendant Ziegenhorn violated his Fourth Amendment rights on December 3, 2014; (3) Defendant Ziegenhorn applied for a warrant with regard to the November 29, 2014, incident with false information; (4) Defendant Ziegenhorn maliciously prosecuted Plaintiff with regard to the November 29, 2014, incident; and (5) Defendant Ziegenhorn committed perjury when he allegedly stretched the truth at a criminal hearing against Plaintiff in the White County District Court.

1

A jury trial is scheduled in this lawsuit for November 2, 2020. (DE 87). After reviewing the pleadings filed in this case, along with the depositions, Defendants respectfully request the Court prohibit Plaintiff, his attorney, and his witnesses from mentioning or alluding to in any fashion whatsoever, directly or indirectly, the matters set forth herein. If counsel for Plaintiff should be of the opinion at any time during the trial that matters contained herein which the Court has ruled as inadmissible have become admissible or the Court's ruling unclear, it is requested that the Court order counsel to approach the bench for a discussion outside the hearing of the jury prior to mentioning such matters. Defendants also request that the Court order counsel for Plaintiff to make the Court's ruling on the matters contained herein known to Plaintiff and his witnesses so that the matters which the Court rules are inadmissible will not be inadvertently mentioned at trial.

## II.   ARGUMENT

1. <u>This Court Should Exclude Testimony And Evidence Relating To Claims No Longer At Issue Before The Court.</u>

The Court dismissed the following claims: (1) First Amendment claims against Mike Kennedy and Elizabeth Chapman, in their individual capacity; (2) First Amendment claim of retaliation against Defendant Ziegenhorn; (3) Fourth Amendment claim against Defendant Ziegenhorn regarding the November 29, 2014, incident; (4) Second Amendment claim against Defendant Ziegenhorn; (5) Fourteenth Amendment and conspiracy claim against William Sadler; and (5) abuse of process claim against Defendant Ziegenhorn. (DE 60). Any testimony or evidence of Plaintiff's allegations relating to these claims would mislead and confuse the jury, would waste time, and ultimately result of unfair prejudice. Fed. R. Evid. 401, 402, 403. Defendants request the Court prohibit Plaintiff, his attorney, and his witnesses from mentioning or alluding to these allegations in any fashion whatsoever, directly or indirectly.

2. <u>The Court Should Exclude Testimony of Witnesses That Do not Have Personal Knowledge About Facts of this case and Witnesses That Were Not Disclosed During the Course of Discovery.</u>

In his discovery responses, Plaintiff stated that the following will testify at the trial of this case: (1) Richard Tanner, Jr., Plaintiff's brother, because he witnessed Plaintiff's mental state following the incidents in 2014; (2) Coworkers of Defendant Ziegenhorn who may know facts about the case; (3) Kayce Bell who will provide an audio-visual mashup of the 911 call with the surveillance footage from Walmart for the November 29, 2014, incident; and (4) Al Broadbent. Any knowledge that Plaintiff's Brother and Defendant Ziegenhorn's coworkers have about this case came from Plaintiff and Ziegenhorn respectively, and is therefore, inadmissible hearsay. Further, the evidence does not support that Kayce Bell and Al Broadbent have any personal knowledge of the case. This Court, therefore, should exclude the testimony of the above individuals from introduction into evidence at the trial of this case.

3. <u>This Court Should Exclude Testimony of Any Court Staff of the White County District Court, Including the Clerk and the Judge, and Searcy Prosecutor.</u>

Defendants anticipate that Plaintiff may attempt to elicit testimony from the court staff of the White County District Court, including but not limited to the Clerk and Judge, and the local prosecutor, Buck Gibson. As to requiring a judge to testify, the Supreme Court has long recognized that "an examination of a judge would be destructive of the judicial responsibility." *United States v. Morgan*, 313 U.S. 409, 422 (1941). Additionally, the court staff of the White County District Court is entitled to quasi-judicial immunity for performing "'acts they are specifically required to do under court order or at a judge's discretion.'" *Martin v. Hendren*, 127 F.3d 720, 109 (8th Cir. 1997) (quoting *Robinson v. Freeze*, 15 F.3d 107, 109 (8th Cir. 1994)). Lastly, a prosecutor is entitled to absolute immunity for actions taken "within the scope of the duties of the prosecuting

3

attorney's office." *Hall v. Jones*, 2015 Ark. 2, at. 4. For these reasons, this Court should exclude any testimony from the court staff of White County District Court and local prosecutor.

    4. <u>This Court Should Exclude Testimony And Evidence Relating To Plaintiff's Allegation That Defendant Ziegenhorn Was Stalking Him.</u>

It is anticipated that Plaintiff may attempt to testify, elicit testimony from witnesses, and submit evidence alleging Defendant Ziegenhorn was stalking him on November 29, 2014, and December 3, 2014. For example, in his Fifth Amended Complaint, Plaintiff alleges Defendant Ziegenhorn was "stalking toward him" on November 29, 2014, and "stalked him" on December 3, 2014. (DE 61, ¶¶39, 50).

There is no evidence supporting Plaintiff's allegation of Defendant Ziegenhorn stalking him on the above dates. The allegation is mere speculation that is not supported by any evidence in the case. Other than Defendant Ziegenhorn's discovery responses and deposition testimony, Plaintiff does not know why Ziegenhorn was at Walmart on November 29, 2014, and December 3, 2014. It is not disputed that Defendant Ziegenhorn was at the Searcy Walmart on these dates. Thus, any testimony or evidence suggesting Defendant Ziegenhorn was stalking Plaintiff is inadmissible pursuant to Rules 401–404 of the Federal Rules of Civil Procedure. First, it is irrelevant evidence that is inadmissible under Rule 402 of the Federal Rules of Civil Procedure because it has no bearing on whether Defendant unreasonably searched and seized Plaintiff on December 3, 2014. Fed. R. Evid. 402. Second, even if the evidence had some type of probative value, it is inadmissible under Rule 403 because its probative value is largely outweighed by the prejudicial effect. Fed. R. Evid. 403.

    5. <u>This Court Should Exclude the Medical Records of Defendant Ziegenhorn's Minor Son.</u>

It is anticipated that Plaintiff may attempt to introduce the medical records of Defendant Ziegenhorn's minor son at trial. In his motion for summary judgment, Plaintiff claims the medical records show that Defendant Ziegenhorn did not drop of his son's glasses for repair at the Wal-Mart Vision Center on December 3, 2014. (DE 77, p. 19). However, according to the manager of the Wal-Mart Vision Center, the medical records show that the order was placed on December 6, 2014, not that Ziegenhorn arrived at the Wal-Mart Vision Center on that day. Runsick Depo., 34:13-35:12.

Even if the evidence had some type of probative value, it is inadmissible under Rule 403 because its probative value is largely outweighed by the prejudicial effect. Fed. R. Evid. 403. Any testimony or evidence of this claims would mislead and confuse the jury, would waste time, and ultimately result of unfair prejudice. Fed. R. Evid. 401, 402, 403. Defendants request the Court prohibit Plaintiff, his attorney, and his witnesses from mentioning or alluding to this evidence in any fashion whatsoever, directly or indirectly.

**6.** <u>This Court Should Exclude Evidence of "Other" Incidents, Complaints, Reports, or Internal Affairs Investigations and Comments to ASP's Facebook Page Because it is Inadmissible Under Rules 401–403 of the Federal Rules of Evidence and it is Improper Evidence of Other Bad Acts Pursuant to Rule 404 of the Federal Rules of Evidence.</u>

It is anticipated that Plaintiff may attempt to elicit testimony from witnesses as to any knowledge or submit evidence of other incidents regarding Defendant Ziegenhorn's previous actions. For example, in his Fifth Amended Complaint, Plaintiff alleges Defendant Ziegenhorn has a history of stalking and retaliatory behavior against a person that filed a complaint against him, a man named Al Brodbent." (DE 61, p. 11, ¶55). Al Broadbent testified that he knows "[a]bsolutely nothing" about this case in his deposition. Broadbent Depo., 7:23 – 8:8. Additionally, it is anticipated that Plaintiff may attempt to elicit testimony from witnesses as to any knowledge or submit evidence of comments on ASP's Facebook Page made by users other than Plaintiff. For

5

example, in his Fifth Amended Complaint, Plaintiff compares his deleted or hidden comments to other comments made by other users on the ASP Facebook Page. (DE 61, p. 4, ¶20).

The Court should enter an order, *in limine*, excluding all evidence and arguments regarding other incidents, reports, or investigations involving any of the Defendants, or comments on ASP's Facebook Page made from users other than Plaintiff. This type of evidence is inadmissible pursuant to Rules 401–404 of the Federal Rules of Civil Procedure. First, it is irrelevant evidence that is inadmissible under Rule 402 of the Federal Rules of Civil Procedure because any other alleged incidents have no bearing on whether Defendants violated Plaintiff's First and Fourth Amendment rights. Fed. R. Evid. 402. Second, even if the evidence had some type of probative value, it is inadmissible under Rule 403 because its probative value is largely outweighed by the prejudicial effect. Fed. R. Evid. 403. Third, the evidence is inadmissible evidence under Rule 404 of the Federal Rules of Civil Procedure. Plaintiff cannot use the evidence of other incidents to establish that Defendants acted in accordance with their "character." Fed. R. Evid. 404.

   7. <u>This Court Should Exclude The Arkansas State Police Policies And Procedures Manual And Any Related Or Similar Documents As Wholly Irrelevant To Any Issue In Dispute In This Lawsuit.</u>

The relevant issue at hand is whether Defendants violated Plaintiff's constitutional rights under the First and Fourth Amendment to the United States Constitution, not whether they violated Arkansas State Police ("ASP") policies. ASP Defendants do not contend this exclusion relates to ASP's Facebook Terms and Conditions because they are not part of ASP's policy and procedure manual, but are rather published on ASP's Facebook Page. The ASP policies and directives are the procedures by which employees perform various tasks as ASP employees. Those address internal operations within the ASP and are simply not relevant as to whether or not Defendants violated Plaintiff's constitutional rights.

8. This Court Should Exclude Evidence Of "Other" Disciplinary Actions or Alleged Prior Bad Acts Against Defendants Because It Is Irrelevant Evidence, Is Highly Prejudicial, And Relates To Other Acts.

Defendants anticipate that the Plaintiff will attempt to offer evidence of other disciplinary actions taken against Defendants during their employment with the Arkansas State Police. The admission of evidence regarding those disciplinary actions would violate Fed. R. Evid. 404(b), which provides, in pertinent part, that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Thus, the Court should prohibit the plaintiff from presenting this evidence in an effort to prove that Defendants used excessive force against Sanders.  Such a ruling would be supported by *Hopson v. Fredericksen*, 961 F.2d 1374, 1379 (8th Cir. 1992), in which the Eighth Circuit held that the trial court did not abuse its discretion in an excessive-force case by excluding evidence of prior allegations of abuse that had been made against the defendants.

Further, any mention of Defendants' alleged prior bad acts with the Arkansas State Police should be excluded under Fed. R. Evid. 404(b). In *United States v. Perkins,* 94 F.3d 429 (8th Cir. 1996), the Eighth Circuit established the following criteria to determine the admissibility of prior bad acts under Rule 404(b): (1) whether the evidence is relevant to a material issue raised at trial; (2) whether it is similar in kind and close in time to the incident at issue; (3) whether it is supported by sufficient evidence to warrant a finding by the jury that the individual committed the other act; and (4) whether the evidence should be excluded by Rule 403's balancing test. Any alleged prior bad acts, to include disciplinary actions, are not relevant to the sole material issue in this case and has no impact on the incident at issue. Moreover, such evidence fails Rule 403's balancing test and should be excluded.

9. This Court Should Exclude Evidence From the Wayback Machine or Any Other Evidence that Cannot Be Authenticated.

7

Defendants anticipate that Plaintiff will attempt to offer evidence from the Wayback Machine regarding ASP's Facebook Page. Federal Rule of Evidence 901(a) requires that before evidence is admitted, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Plaintiff will be unable to meet this burden with regard to any evidence offered from the Wayback Machine. Plaintiff should, further, be excluded from offering any evidence that cannot be authenticated in accordance with the Federal Rules of Civil Procedure. Thus, this Court should exclude any evidence offered by Plaintiff, his attorney, or witnesses that cannot be authenticated in accordance with the Federal Rules of Civil Procedure.

**10.** <u>This Court Should Exclude Any Evidence Not Produced During The Course Of Discovery.</u>

This Court should exclude any evidence not produced during the course of discovery. The late disclosure of evidence is, in and of itself, a basis for excluding exhibits.

**11.** <u>Suggestions or Allegations That Defendants Did Not Call Certain Witnesses To Testify For Any Reason Would be Misleading and Unfairly Prejudicial.</u>

Defendants also asks that Plaintiff's counsel be instructed not to attempt to suggest or infer that some witness or person was not called by Defendants to testify and/or to speculate as to why a witness or person was not called to testify. To allow such commentary is irrelevant, unduly prejudicial, and must be excluded. Fed. R. Evid. 401, 402, 403. If it has any relevance, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

### III.   CONCLUSION

For the reasons stated herein, Defendants respectfully request the Court exclude the evidence referenced above.

                Respectfully submitted,

                LESLIE RUTLEDGE
                Attorney General

By:    <u>Reid P. Adkins</u>
        Arkansas Bar No. 2015216
        Assistant Attorney General
        323 Center Street, Suite 200
        Little Rock, Arkansas 72201
        Telephone: (501) 683.1080
        Fax: (501) 682.2591
        reid.adkins@arkansasag.gov

        William C. Bird III (2005149)
        Assistant Attorney General
        323 Center Street, Suite 200
        Little Rock, Arkansas 72201
        Tel: (501) 682-1317
        Fax: (501) 682-2591
        william.bird@arkansasag.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

    I, Reid P. Adkins, Assistant Attorney General, hereby certify that on September 21, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to any CM/ECF participants.

                By: <u>Reid P. Adkins</u>