IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES ANDREW TANNER                                                            PLAINTIFF

vs.                          CASE NO. 4:17-cv-780-DPM

Ziegenhorn, et al.                                                             DEFENDANT

**PLAINTIFFS' MOTION IN LIMINE AND INCORPORATED BRIEF**

TO THE HONORABLE JUDGE D.P. MARSHALL, JR:

COMES NOW, James Andrew Tanner and files this **PLAINTIFFS' MOTION IN LIMINE** and would respectfully show unto this Honorable Court the following:

### I. INTRODUCTION

Before the voir dire examination of the jury panel, and out of the presence and hearing of the jury panel, Plaintiff makes this Motion in Limine. Plaintiff seeks to exclude matters that are inadmissible, irrelevant, or prejudicial in this case. Plaintiffs ask the Court to instruct Defendant, Defendants' counsel, Defendants' representatives, and all witnesses tendered by Defendants to refrain from, directly or indirectly, mentioning, referring or in any way alluding (by introducing evidence or otherwise), making any statement about, or asking any questions about the matters set forth below in the presence of prospective jurors, the jury panel, or the jury ultimately selected in this case.

Plaintiff asks the Court to instruct Defendants and all counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of the matters listed below without first obtaining a ruling from the court outside the presence and hearing of the jury, and to instruct Defendant and all counsel to warn and caution each witness to follow the same instructions.

The matters to which this Motion is addressed are either inadmissible or so highly (and unduly) prejudicial that, even though an objection were to be timely made and sustained, irreparable harm would be done to Plaintiffs which no jury instruction could cure. If any of these matters are directly or indirectly brought to the attention of the jury, Plaintiffs would be compelled to move for a mistrial. In an effort to avoid prejudice and possible mistrial, Plaintiffs urge this Motion in Limine.

Additionally, Plaintiff's counsel certifies that he has attempted to confer in good faith to reduce the number of contested motions in limine. Plaintiff's counsel emailed Defense Counsel a copy of these motions in limine (except number 45, which Defendant will certainly object to) before noon and called Defense Counsel's direct line twice and Defense Counsel's reception line once, leaving voicemails at both locations.

## II.  MOTION IN LIMINE

Plaintiffs hereby move on the following:

**Issue/Topic – Procedure:**

1.  ***Plaintiffs' Side.***  As Plaintiffs bear the burden of proof and burden of production in the case at bar and given the long-standing custom and practice widely followed and recognized in Arkansas state and federal courts, Plaintiffs shall sit at counsel's table closest to the jury.

2.  ***Witnesses Not Disclosed in Discovery.***  Any witness Defendant did not name in response to requests for disclosures or interrogatories, or any evidence requested by Plaintiffs but not produced by Defendant.

3.  ***Evidence Not Produced in Discovery.***  Any evidence, calling any witness, or offering any document in evidence, if the identity of such witness or the document has not been disclosed in response to a proper discovery request or documents that Defendants failed to produce in response to requests for discovery, court order, or failed to supplement in response to Plaintiff's discovery requests. If Defense has a good faith basis to urge that such a witness or document be received, counsel shall first approach the bench and secure a ruling thereon.

4.  ***Existence and Substance of Prior Discovery Responses.***  Any comment on Plaintiffs' original, supplemented, or amended versions of discovery, unless referring to Plaintiffs' last amended and last set of responses to Defendant's discovery propounded against Plaintiff.  F.R.E. 401, 402, and 403.

5.  ***Existence and Substance of Prior Discovery Responses – Other and/or Absent Parties.***  Any comment on Plaintiffs' original, supplemented, or amended versions of discovery, as to any other defendant in the case whom has been nonsuited, dismissed, and/or settled.  F.R.E. 401, 402, and 403.

6.     ***Plaintiffs' Pleading and Discovery Responses.***  Any statements or language contained in Plaintiff's pleadings or answers to interrogatories, requests for production or requests for admissions, unless such pleadings or answers have been properly introduced into evidence and proper foundation has been laid outside the presence of the jury.  F.R.E. 401, 402, and 403.

7.     ***Plaintiffs' Amended Pleadings.***  Any mention of the contents of any pleadings which have been superseded by the current pleadings on file in this case.  F.R.E. 401, 402, and 403.

8.     ***Failure to Call Witnesses Equally Available.***  Plaintiffs, their counsel and witnesses shall not mention or refer to the failure of Plaintiffs to call any witness equally available to another party.  F.R.E. 403.

9.     ***Requests for Stipulations.***  Any request or demand in the presence of the jury for a stipulation to any fact, or that counsel admit or deny any fact.  F.R.E. 403.

10.    ***Requests for Files.***  Any request or demand in the presence of the jury that Plaintiffs' counsel produce any document or thing, or that opposing counsel or any party or witness exhibit, turn over r allow examination of the contents of any file or briefcase.  However, counsel may demand to see a document used by a witness on the stand to refresh his/her recollection, or that a witness has used previously to refresh his/her recollection.  F.R.E. 403.

11.    ***Preservation of Exhibits and Demonstrative Aids.***  Defendants, their counsel, and witnesses shall be prohibited from altering, modifying, adding to, and writing on the exhibits, evidence, and demonstrative aids introduced or used by Plaintiffs, once preserved.

12.    ***Statements of Law.*** Before the court rules on the law applicable to this case, any statement of the law other than that regarding the burden of proof and the basic legal definitions that counsel believes to be applicable. However Plaintiff and Plaintiff's counsel will be allowed to speak about how the Defendant violated the Plaintiff's Constitutional and natural rights to free speech and to be free from unreasonable searches and seizures, as a matter of law.

13.    ***Motion in Limine.***  Any reference to the existence and/or filing of this Motion in Limine. Such references are inherently prejudicial and suggest that Defendants are attempting to conceal relevant evidence that is damaging to his case.  F.R.E. 401, 402, and 403.

14.    ***Introduction of Exhibits.*** That prior to introducing any Exhibit into evidence and before informing the jury of its existence, Defendant should tender each such Exhibit to the Court and Plaintiffs' counsel, outside the presence of the jury, to determine its relevance and suitability for introduction into evidence.

15.    ***Objections & Comments Made During Depositions Not Part of Question.*** Any reading and/or presentation of the comments, interjections or objections of counsel made in the course of a deposition. F.R.E. 401, 402, and 403.

**Issue/Topic – Parties & Witnesses:**

16.    ***Plaintiff's Witnesses Prior and Subsequent Crimes, if any.***  Any mention that Plaintiffs, Plaintiffs' family members, or Plaintiffs' witnesses were suspected of, arrested for, charged with, or convicted of any crime.  Evidence of criminal convictions is admissible for impeachment <u>only</u> if the crime was a felony or

involved moral turpitude and the trial court rules that the probative value outweighs the prejudicial effect. In this case, Plaintiff has not previously been convicted of any felonies or crimes involving moral turpitude. Defendant and their counsel shall make no reference to Plaintiffs or Plaintiff's witnesses criminal record unless defendants give prior notice of intent to use.  Same is also irrelevant and prejudicial.  F.R.E. 401, 402, 403, and 404.  Plaintiff's witness Al Brodbent has some sort of criminal history from about 50-60 years ago, and we ask that the Court prohibit the defendant from asking Mr. Brodbent about his prior convictions.

17. **Plaintiff's Prior and Other Drug Use.** Any testimony, argument, suggestion, or mention that Plaintiff allegedly used illegal drugs in the past, was under the influence of drugs at some other time, or tested positive for drugs before the incident in question. The matters of drug use, drug tests, and intoxication are beyond the common knowledge of the lay juror and would require expert testimony. F.R.E. 602, 702. What's more, it is irrelevant and prejudicial.  F.R.E. 401, 402, 403, and 404.

18. **Drug, Alcohol, or Other Acts of Bad Character – Plaintiff.**  No reference that any Plaintiff's or their witnesses have had a history of alcoholism/drug abuse or any reference to personal habits including social/ sexual habits. T.R.E. 401, 402, 403, and 404.

19. **Probable Testimony of an Absent Witness.**  Any mention of the probable testimony of a witness who is absent, unavailable, or not called or allowed to testify in this case.  Speculation, Lack of Personal Knowledge, Hearsay, and Prejudicial.  F.R.E. 602, 801, 802, 403.

20. **Personal Wealth & Financial Well-Being of Defendant.** Any mention that any party or witness is rich or poor, which is irrelevant and prejudicial. Any comment, inference, evidence, testimony, or document tending to suggest in any way that any award of damages in this case will adversely affect the financial condition, well-being, or future of Defendant or the jurors' cost of living.  F.R.E. 401, 402, and 403.

21. **Prior Suits or Claims.**  That Plaintiffs have been a party to any prior lawsuit, or has asserted any prior claim, or that any prior claim has been asserted against a party.  F.R.E. 401, 402, and 403.

**Issue/Topic – Improper Comment or Argument – Damages:**

22. **Settlement Negotiations & Statements Made During Settlement Negotiations.**  Any mention that the parties engaged in settlement negotiations.  And, any mention of any statement made by Plaintiffs during settlement negotiations. F.R.E. 401, 402, and 403.

23. **Settlement Award(s) and Attorney Fees.** No mention that Plaintiff have, will, or are entitled to receive monies through settlement of any Defendant previously named.  F.R.E. 401, 402, 403, and 408. Also, Plaintiff requests that the Defendant not be allowed to mention that Mr. Tanner is entitled to attorney fees or costs to be awarded by the court. The Plaintiff also requests that the Court not inform the jury that Mr. Tanner's attorney's fees will be dealt with by the court.

24. **Collateral Source and Other Benefits.**  Any mention that either Plaintiff received health, accident, or disability insurance.  Any mention that either Plaintiff received or did not receive unemployment benefits.  Any mention that either Plaintiff received contributions from family, friends, or her employer. Any reference to collateral sources, including group health-insurance benefits. And, any mention that either Plaintiff received contributions from family, friends, or her employer.  F.R.E. 401, 402, and 403.

Also See <u>Younts v. Baldor Elec. Co., Inc.</u>, 310 Ark. 86, 832 S.W.2d 832 (1992); <u>Vermillion v. Peterson</u>, 275 Ark. 367, 630 S.W.2d 30 (1982).

25. **Award Not Subject to Taxation.**  Plaintiff requests that the Defendant refrain from mentioning that Plaintiffs' recovery may or will not be subject to taxation.  F.R.E. 401, 402, and 403.

26. **Pre-existing and After inflicted Injuries.**  Any testimony or evidence regarding injuries either Plaintiff allegedly suffered before or after the injuries that are the subject of this suit, unless supported expert testimony and proffered by way of proper foundation outside the presence of the jury. F.R.E. 401, 402, and 403.

27. **Laws Effect on Award & Judgment Increase.** Any suggestion by Defendant, either directly or indirectly, that any recovery the Plaintiff may receive in this case in the way of damages awarded by a jury verdict may be subject to pre-judgment interest, post-judgment interest, and any other mention that Plaintiff's recovery may be increased or enhanced or decreased by operation of law.  Impermissible jury argument/instruction, F.R.E. 401, 402, and 403.

28. **Existence of Insurance, Indemnification, or Lack Thereof.**  Any mention that a defendant has or has no insurance or that a Plaintiff has or has no insurance, or that the State of Arkansas will or may pay for the damages in this case. F.R.E. 401, 402, 403, and 411.

29. **Social Cost of Award.**  Any argument or suggestion that an award of damages will affect insurance premiums, the price of any goods or services, cause police officers to perform worse at their jobs or quit, or increase the level of taxation.  F.R.E. 401, 402, and 403.

**Issue/Topic – Improper Comment or Argument – Misc.:**

30. **Personal Attacks.** Any personal attacks upon the integrity of Plaintiffs' counsel.  F.R.E. 401, 402, and 403.

31. **Counsel's Personal Opinion Regarding the Credibility of a Witness.**  Any comment from Defendant's attorney regarding his or her personal opinion about the credibility of any witness. Defendant, their counsel, and witnesses shall not make any inquiry of any witness concerning the credibility of the Plaintiffs or Plaintiffs' witness.  Opinions of witnesses as to the truthfulness or lack of truthfulness of another witness are generally not admissible in evidence. Further, the truthfulness or untruthfulness, veracity or lack of veracity, credibility or lack of credibility and honesty or dishonesty are improper inquiries for witnesses, including experts.  F.R.E. 401, 402, and 403.

32. **Counsel's Personal Opinion Regarding the Case.**  Any reference to Defendant's or opposing counsel's "personal opinions" regarding the case.  F.R.E. 401, 402, and 403.

33. **Existence of Contingency Fee.**  Any testimony or argument suggesting that plaintiff's attorney has a contingency fee in the suit offered by Defense counsel. F.R.E. 401, 402, and 403.

34. **Effect of Answers to Charge.**  Any comment by Defendant's attorney that informs the jury of the effect of its answers to the questions in the Jury Charge – Charge of the Court.

35. **"Lawyer-made or Lawyer-driven Litigation."**  No reference that Plaintiffs claims are in any way 'lawyer-made' lawsuits or claims. FRE 401, 402, and 403.

36.     **Retention of Attorney.**  No mention regarding the time or circumstances under which Plaintiffs employed their attorney. FRE 401, 402, and 403.

37.     ***"Bonus Monies", "Jackpot Justice", "Lawsuit Lottery", "Runaway Jury," etc.***  No suggestion by Defendants that Plaintiffs' lawsuit is sought for and/or punitive damages are "bonus monies" and similar inflammatory comments about the civil justice system, being a plaintiff, and awards to a plaintiff.  FRE 401, 402, and 403.

38.     ***"Get-Off Voir Dire Comments."***  Defendant prohibited from stating in voir dire that Plaintiff's objective is to "get you off the jury." FRE 401, 402, and 403.

39.     ***"Deep Pockets" Comment.***  Defendant be prohibited from stating that the only reason their being sued is because Defendant has 'deep pockets'. FRE 401, 402, and 403.

40.     ***"Compliance with Government Standards, Laws, Etc. Get Defendants Off."***  No mention that Defendants compliance with any government safety standards or regulation absolve them from liability in the instant case. FRE 401, 402, and 403.

41.     ***Improper Summary or Statement of Medical Records, Condition, or History.***  No mention of "your medical records indicate …", giving an oral summary of medical records, testifying about medical records, and making other misleading or prejudicial statements or remarks about medical records, without first giving the witness the opportunity to view the medical records and substantiate the same. F.R.E. 403 and 702.

42.     ***"9/11," "Last Line of Defense," etc.***  Any argument or suggestion to garner sympathy from the jury that "law enforcement runs into burning buildings, or runs in the line of fire, or kept the peace during the 9/11 attacks, or any other terrorist attack, or is the last line of defense between civilization and chaos," etc.  Said arguments are impermissible ploys for sympathy and are irrelevant and highly prejudicial.  F.R.E. 401, 402, and 403.

43.     **Defendant Ziegenhorn may not wear his trooper uniform.** If we end up going to trial, Defendant Ziegenhorn will have lost the shield of qualified immunity and his actions have thus been declared to have been illegal. The appearance of the Defendant in his uniform would place the Defendant in a position of authority and respect in the minds of the jurors that would cause them to place undue weight on his testimony.

44.     **May not minimize** Mr. Tanner's physical, mental, and emotional injuries or imply
that he did not suffer injury from Defendant Ziegenhorn's illegal, unwarranted arrest, search, and subsequent confinement. Defendant and defendant's attorneys, or any witnesses on his behalf, may not use terms to minimize the injuries Mr. Tanner suffered, including but not
limited to:
     i. Minimal/minimum/minor/small or other synonymous term when
     describing any mental or emotional anguish Mr. Tanner
     experienced.
     ii. Describing Defendant Ziegenhorn's interaction with Mr. Tanner as
     a minor or brief contact.
     iii. Minimizing the retaliatory nature of Defendant Ziegenhorn's arrest of
     Mr. Tanner.

45.   Finally, the Plaintiff requests that Defendants, their counsel, and their witnesses be prohibited from mentioning within earshot of the jury any other claims were brought or dismissed other than the ones that are before them.

## IV.   PRAYER

For these reasons, Plaintiffs ask the Court to instruct Defendants, their counsel and witnesses not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of the matters listed above without first obtaining a ruling from the court outside the presence and hearing of the jury.  Plaintiffs also pray for such other relief to which they have shown themselves justly entitled.

Respectfully submitted,

W. Whitfield Hyman
ATTORNEY FOR PLAINTIFF
Attorney for James Andrew Tanner
King Law Group, PLLC
300 N. Sixth Street
Fort Smith, AR 72901
901-413-2625 Phone; 479-316-2252 Fax
ABA# 2013-237
hyman@arkansaslawking.com

## CERTIFICATE OF SERVICE

I, W. Whitfield Hyman, hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record *via* ECF on this 21st day of September, 2020.