IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

CENTRAL DIVISION

JAMES ANDREW TANNER

PLAINTIFF

v. 4:17-CV-780-DPM

KURT ZIEGENHORN, ET AL.                                             DEFENDANTS

**PLAINTIFF'S TRIAL BRIEF**

Plaintiff brings his claims under the federal and state civil rights acts. Tanner claims his rights protected by the Arkansas Constitution and the Federal Constitution Fourth against unreasonable searches and seizures were violated by Trooper Ziegenhorn in his individual capacity when Ziegenhorn demanded Mr. Tanner's identification without cause and subsequently arrested Mr. Tanner without arguable probable cause on December 3rd, 2014. For this claim, Tanner seeks nominal damages, a declaratory judgment, actual damages, attorney's fees, costs of litigation, and punitive damages (under the state law claim). Pllaintiff further asserts his free speech rights protected under the First Amendment and Arkansas State Constitutional equivalent were violated when the Arkansas State Police hid or deleted certain comments he made on the ASP Facebook page and blocked him from posting on the ASP Facebook page. Plaintiff seeks the

following against Col. Bill Bryant in his official capacity: A declaratory judgment, injunctive relief, attorney's fee, and cost of litigation.

## LEGAL STANDARD

### Unreasonable Search and Seizure

"A warrantless arrest is consistent with the Fourth Amendment if it is supported by probable cause, and an officer is entitled to qualified immunity if there is at least 'arguable probable cause.' " Borgman v. Kedley, 646 F.3d 518, 522–23 (8th Cir. 2011) (quoting Walker v. City of Pine Bluff, 414 F.3d 989, 992 (8th Cir. 2005)). An officer possesses probable cause to effectuate a warrantless arrest "when the totality of the circumstances at the time of the arrest 'are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense.' " Id. at 523 (quoting Fisher v. Wal-Mart Stores, Inc. et al., 619 F.3d 811, 816 (8th Cir. 2010)). Arguable probable cause exists if Tanner's arrest "was based on an objectively reasonable—even if mistaken—belief that the arrest was based in probable cause." Ulrich v. Pope Cty., 715 F.3d 1054, 1059 (8th Cir. 2013). Arguable probable cause provides law enforcement officers in a qualified immunity analysis "an even wider berth for mistaken judgments" than the probable cause standard affords a reasonable person. Id. Analyzing whether arguable probable cause exists "necessarily includes consideration of probable cause." Id. In other words, Ziegenhorn is protected by qualified immunity if a

reasonable officer in his shoes would have reasonably believed, even if mistaken, based on objective facts, that Tanner was violating the disorderly conduct statute. Arkansas law on when an officer may detain someone is clear:

"[T]he officer may justifiably restrain an individual for a short period of time if they have an "articulable suspicion" that the person has committed or is about to commit a crime. The initially consensual encounter is transformed into a seizure when, considering all the circumstances, a reasonable person would believe that he is not free to leave. The final category is the full-scale arrest, which must be based on probable cause." Fowler v. State, 371 S.W.3d 677, 680–81 (Ark. 2010).

The "crime" Ziegenhorn claimed Tanner was allegedly about to commit was Disorderly Conduct. The relevant portions of the statute are as follows:

(a) A person commits the offense of disorderly conduct if, with the purpose to cause public inconvenience, annoyance, or alarm or recklessly creating a risk of public inconvenience, annoyance, or alarm, he or she:

(1) Engages in fighting or in violent, threatening, or tumultuous behavior;

(2) Makes unreasonable or excessive noise;

...(7) Creates a hazardous or physically offensive condition...

Ark. Code Ann. § 5-71-207.

Arkansas precedent declining to uphold a disorderly conduct charge is illustrative. In M.J. v. State, the Arkansas Court of Appeals held that 20 seconds of public shouting involving foul language did not establish disorderly conduct. 381 S.W.3d 880, 883–84 (Ark. Ct. App. 2011). The entire December interaction between Ziegenhorn and Tanner only lasted about 38 seconds before Ziegenhorn placed Tanner in cuffs.

The real reason Ziegenhorn arrested Tanner appears to be perfectly summarized by Ziegenhorn himself: "It appeared to me that Mr. Tanner shows cynicism towards law enforcement and authority. His refusal to comply, references to the constitution [sic], invoking silence in conversation, and his attempts to quote the law were repetitive." Ziegenhorn Memo about December 3rd, 2014 Arrest. What Ziegenhorn has inadvertently described, and subsequently punished, is an informed citizen invoking his rights.

## Free Speech Claims

Mr. Tanner made six Facebook comments on the Arkansas State Police Facebook page in February and March of 2016. To date, Arkansas State Employees have either deleted or hidden from view all of Mr. Tanner's comments on the ASP Facebook page. Ultimately, Mr. Tanner was blocked from any participation in the ASP Facebook page. Tanner has offered evidence (his own testimony, Defendant's responses to Requests for Production showing later dated

terms and conditions as the conditions in place at the time, and screenshots from the WayBack Machine)  to show that there were no "terms and conditions" available when he was making his comments. The "terms and conditions" appear to be unconstitutional on their face, as the goal of the Facebook page is to "enhance respect" for the Arkansas State Police, and many comments that violate the rules are not deleted. Prior to the close of discovery the Defendant stated that "all" of the reasons Drew's comments were deleted were because they were profane (legally they are not), and because they were "harassing." After the close of discovery, the Defendant has scrambled to include a host of other alleged rules violations, and the Plaintiff begs the court not to allow such a dramatic change from interrogatory answers.

In a limited public forum, the government may not engage in viewpoint discrimination. In one case the 8th Circuit held that a history department display case was a nonpublic (or "limited") forum by focusing on facts that the display case was under the University of Minnesota-Duluth's control, that UMD allowed members of the history club to use it upon request, and that the display case was dedicated to use of the UMD history department for disseminating information about the department. Burnham v. Ianni, 119 F.3d 668, 686–87 (8th Cir. 1997).  In Burnham, the Chancellor's qualified immunity was pierced for ordering that photographs depicting weapons be removed from a display case. Id. Although the

right of free speech is not absolute, the First Amendment generally prevents the government from proscribing speech of any kind simply because of disapproval of the ideas expressed. R.A.V. v. City of St. Paul, 505 U.S. 377, 382, 112 S.Ct. 2538, 2542–43, 120 L.Ed.2d 305 (1992).

## CONCLUSION

Plaintiff will be able to prove that his detention, arrest, and search was unreasonable and unlawful to the extent that there was not even arguable probable cause. Plaintiff will be able to prove that his comments complaining about the Arkansas State Police on the Arkansas State Police Facebook page were free speech protected by the Arkansas Constitution and the Federal Constitution. Plaintiff will also prove that the comments section of the ASP Facebook page was a limited public forum, that his comments were deleted because of viewpoint discrimination, and his comments were treated differently than others.

Respectfully submitted,

W. Whitfield Hyman

Plaintiff's Counsel

BAR#: 2013237,

King Law Group, PLLC, 300 N 6th Street, Fort Smith, Arkansas 72901 Phone: (901) 413-2625  Fax: (479) 316-2252

## **CERTIFICATE OF SERVICE**

I, W. Whitfield Hyman, do hereby certify that on October 1, 2020, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system, which shall send notice to the attorney of record for Defendant.