IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES ANDREW TANNER                                    PLAINTIFF

v.                                    No. 4:17-cv-780-DPM

KURT ZIEGENHORN, in his individual
capacity, and BILL BRYANT, Colonel,
in his official capacity as head of the
Arkansas State Police                                  DEFENDANTS

## ORDER

**1.** Trooper Ziegenhorn and Colonel Bryant's motion *in limine*, *Doc. 95*, is partly granted and partly denied.  The unopposed parts— paragraphs 3, 7, 10, and 11—are granted.  Here are the Court's rulings on the opposed parts:

- **Dismissed Claims**

Mostly granted.  The Court will allow a *limited* discussion of the November 2014 Wal-Mart encounter to provide necessary context for the December 2014 Wal-Mart encounter.  As agreed in principle, the Court will propose a stipulation.  The Court has reviewed the video clips and considered Tanner's request to use the screenshot of Trooper Ziegenhorn's face at the end of the November encounter.  Request denied.

- **Testimony of Richard Tanner Jr.**

Denied without prejudice.  Richard Tanner Jr.'s testimony would be relevant if the jury gets to damages.  The Court continues to think about the compensatory and punitive issues, and looks forward to the parties' papers.

- **Testimony of Trooper Ziegenhorn's coworkers**

Granted.  Trooper Ziegenhorn's co-workers' testimony is excluded.

- **Testimony of Kayce Bell**

Granted.  Bell's testimony is excluded.

- **Testimony of Al Brodbent**

Granted.  Brodbent's testimony is excluded;  the trial must focus on the December 2014 Wal-Mart encounter and Tanner's Facebook posts.

- **Tanner's "Stalking" Allegation**

Denied.

- **Medical Records of Trooper Ziegenhorn's Son**

Denied, with directions to redact carefully.

- **Other Incidents and Comments to Arkansas State Police's Facebook Page**

Partly denied and partly granted.  Evidence and testimony regarding other incidents, reports, or investigations involving Trooper Ziegenhorn or Colonel Bryant are excluded.  But the treatment of other

Facebook comments goes directly to the issue of viewpoint discrimination. Evidence and testimony about other Facebook comments will therefore be allowed.

- **Disciplinary Actions or Prior Bad Acts**

Granted.

- **Wayback Machine**

Denied without prejudice. Evidence from the Wayback Machine is admissible with the right foundation and proper authentication.

**2.** Tanner's motion *in limine*, *Doc. 96*, is partly granted and partly denied. The unopposed parts—paragraphs 2–3, 9–11, 13–20, and 22–40—are granted. Here are the Court's rulings on the opposed parts:

- **Seating**

Denied. The seating arrangements are first-come, first-served.

- **Prior Discovery Responses**

Denied without prejudice.

- **Pleadings**

Denied without prejudice and with directions. Evidence and testimony about the pleadings must be treated with caution to avoid discussion of claims and issues that have passed out of the case. Counsel must request a bench conference before using a pleading in front of the jury.

- **Failure to Call Witnesses**

Granted. The Court granted this unopposed request in Trooper Ziegenhorn and Colonel Bryant's motion *in limine*, and this door swings both ways.

- **Statement of Law**

Granted. Tanner and Tanner's counsel will not be allowed to state that Trooper Ziegenhorn violated his rights "as a matter of law."

- **Prior Suits or Claims**

Granted.

- **Statement of Medical Records**

Denied without prejudice, with two caveats. First, any testimony regarding Tanner's medical records requires an adequate foundation and must be relevant. Second, the testimony must comply with Federal Rule of Civil Procedure 26(a).

- **Trooper Uniform**

Denied. Trooper Ziegenhorn may wear his uniform, if he wishes, because he is still a Trooper. Plus, the qualified immunity issue remains open.

- **Minimization of Injuries**

Denied.

* * *

- 4 -

So Ordered.

D.P. Marshall Jr.
United States District Judge

21 October 2020