# (3) FINAL INSTRUCTIONS—LIABILITY PHASE

**1.**

Follow all the Court's instructions. Written and spoken instructions are equally important. And it doesn't make any difference when I gave an instruction. Follow them all.

**2.**

Your job is to decide what happened. Don't take anything I said or did as a suggestion about what your decision should be. You're the judges of the facts, not me.

**3.**

Don't decide the case based on sympathy, prejudice, or emotion. Decide based on the evidence, the law, and your common sense. Decide this case as a dispute between persons of equal worth. All persons are equal under the law.

**4.**

The evidence is the witnesses' testimony, the exhibits, any facts agreed by the parties, and any facts I've told you that you must accept as true. Anything the lawyers said (such as questions, statements, arguments, and objections) is not evidence. If I told you to disregard something, ignore it. If you saw or heard

something about this case outside the courtroom, ignore that, too. If I told you some evidence must be used only for a limited purpose, do so.

**5.**

Be careful evaluating each witness's credibility. Use your life experience, and your common sense, in deciding what testimony you believe.

**6.**

James Drew Tanner has the burden of proof in this case. He must prove the facts asserted by a preponderance of the evidence. That means he must prove that something is more likely true than not true. If the evidence is equally balanced, then Tanner has not carried his burden. Tanner need not prove anything beyond a reasonable doubt. That's the standard for a criminal case, not a civil case like this one.

**7.**

Tanner's first claim is that removing his comments and blocking him from interacting with the Arkansas State Police Facebook page violated his right to free speech under the United

States Constitution and the Arkansas Constitution. The first group of factual questions for you is about the Facebook page.

Tanner's second claim is that Trooper Ziegenhorn violated the United States Constitution and Arkansas Constitution when the Trooper arrested him and searched him at Wal-Mart. The federal and state Constitutions prohibit unreasonable searches and seizures. The second group of questions you must answer are about how Tanner and Ziegenhorn conducted themselves during the December 2014 Wal-Mart encounter.

Here are the questions you must answer:

- Were the terms and conditions for the Arkansas State Police Facebook page adopted before Tanner's first comment was deleted?

- Were the terms and conditions of the Arkansas State Police's Facebook page publicly available when Tanner posted his comments?

- Did the Arkansas State Police delete any of Tanner's Facebook comments because of the views expressed in the comments?

- Did the Arkansas State Police block Tanner from its Facebook page because of his views expressed in the comments or because of what he said in the private messages?

- Did Tanner raise his voice to an unreasonable or excessive volume during the Wal-Mart encounter?

- Was Tanner's voice at a level where it was attracting other people's attention during the Wal-Mart encounter?

- Did the encounter between Tanner and Trooper Ziegenhorn at Wal-Mart cause anyone to gather around them?

- Did Tanner's demeanor change during the Wal-Mart encounter?

- Did Tanner stiffen up his posture during the Wal-Mart encounter?

Remember, Tanner has the burden of proof on all these disputed facts. After you answer all these questions, the Court will answer some legal questions in the case. And then you may need to answer some more questions about any damages Tanner sustained. I'll give you more instructions about all of this if we get there.

**8.**

Here are some general rules for your deliberations.

*First*, choose a foreperson. She or he will preside over your deliberations, sign your verdicts, and speak for you here in Court.

*Second*, talk through the case in detail. Consider all the evidence. Discuss it fully with your fellow jurors. And listen attentively to others' views.

*Third*, make your own conscientious decision. Don't be afraid to change your mind if you're persuaded by the discussion. But don't make a decision simply because others think it is right. And don't agree just to get it done.

*Fourth*, try hard to reach agreement. Your verdicts must be unanimous.

*Fifth*, if you need to communicate with me during your deliberations, send me a note through the court security officer. One or more jurors must sign the note. But, do not tell me — or anyone — how your votes stand numerically.

*Sixth*, your verdicts will be your answers to questions.

*Seventh*, from this point forward, other than a note to the Court, do not communicate with any person other than your fellow jurors about the merits of the case.

## OATH

Court security officer, do you solemnly swear or affirm to keep this jury together in the jury room, not to permit any person to speak to or communicate with them about this case, nor to do so yourself unless by order of the Court or to ask whether they have agreed on a verdict, and return them into the courtroom when they have so agreed, or when otherwise ordered by the Court?

# SPECIAL VERDICT NO. 1

1. Were the terms and conditions for the Arkansas State Police Facebook page adopted before Tanner's first comment was deleted?

   _____ Yes

   _____ No

2. Were the terms and conditions of the Arkansas State Police's Facebook page publicly available when Tanner posted his comments?

   _____ Yes

   _____ No

3. Did the Arkansas State Police delete any of Tanner's comments because of the views expressed in the comments?

   _____ Yes

   _____ No

4. Did the Arkansas State Police block Tanner from its Facebook page *because of his views expressed in the comments* or *because of what he said in private messages*? (circle one)

_____  _____

Foreperson                                                                                      Date/time

# SPECIAL VERDICT NO. 2

1. Did Tanner raise his voice to an unreasonable or excessive volume during the Wal-Mart encounter?

    _____ Yes

    _____ No

2. Was Tanner's voice at a level where it was attracting other people's attention during the Wal-Mart encounter?

    _____ Yes

    _____ No

3. Did the encounter between Tanner and Trooper Ziegenhorn at Wal-Mart cause anyone to gather around them?

    _____ Yes

    _____ No

4. Did Tanner's demeanor change during the Wal-Mart encounter?

    _____ Yes

    _____ No

5. Did Tanner stiffen up his posture during the Wal-Mart encounter?

    _____ Yes

    _____ No

_____ _____

Foreperson                                                                 Date/time

Court's Special Verdicts                                      4:17-cv-780-DPM
8 July 2021                                                         *Tanner v. Ziegenhorn*

# FINAL INSTRUCTIONS — DAMAGES PHASE

**9.**

There are three kinds of possible damages you may award to Tanner against Trooper Ziegenhorn about the Wal-Mart encounter: compensatory, nominal, and punitive. I will handle all the legal issues about the Facebook page, including any damages issues.

**10.**

Compensatory damages means an amount of money that will fairly compensate Tanner for any damages he actually sustained, and is reasonably certain to sustain in the future, as a direct result of the December 2014 Wal-Mart encounter. You may award damages for his detention. Tanner must prove his compensatory damages by a preponderance of the evidence.

**11.**

Next, nominal damages. Based on your answers to the questions about the December 2014 Wal-Mart encounter, the Court has concluded that Trooper Ziegenhorn violated Tanner's constitutional rights to be free from unreasonable searches and seizures. If you conclude that Tanner has not proven that he sustained any compensatory damages, you must award him

nominal damages of $1.00. This award will recognize that a violation of his constitutional rights is an injury in and of itself.

**12.**

The third category of damages is punitive damages. You may, but are not required to, award Tanner an additional amount of money as punitive damages. To recover this kind of damages, Tanner must prove—by clear and convincing evidence—that Trooper Ziegenhorn acted with malice, or with such reckless disregard of the consequences that malice can be inferred, or that he intentionally pursued a course of conduct for the purpose of causing injury or damage.

The purpose of punitive damages is to punish Trooper Ziegenhorn for engaging in misconduct and to deter him and others from engaging in similar misconduct in the future.

If you decide to award punitive damages, you should consider the following circumstances in deciding the amount of punitive damages to award:

- How reprehensible Trooper Ziegenhorn's conduct was. You may consider whether the harm suffered by Tanner was physical or economic or both; whether there was

violence, deceit, intentional malice, reckless disregard for human health or safety;  and whether Trooper Ziegenhorn's conduct that harmed Tanner also posed a risk of harm to others;

- How much harm Trooper Ziegenhorn's wrongful conduct caused Tanner;  and

- What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Trooper Ziegenhorn's financial condition, to punish him for his wrongful conduct toward Tanner and to deter Trooper Ziegenhorn and others from similar wrongful conduct in the future.

The amount of any punitive damages awarded must bear a reasonable relationship to the harm caused to Tanner.

# SPECIAL VERDICT NO. 3

1. We find Drew Tanner's compensatory damages, as submitted in Instruction No. 10, to be:

    $_____.

**If your answer to Question 1 is "0", then you must award Tanner nominal damages of $1.00 in Question 2 and answer Question 3.**

**If your answer to Question 1 is greater than "0", skip Question 2 and answer Question 3.**

2. We find Tanner's nominal damages to be $_____, as submitted in Instruction No. 11.

3. We assess punitive damages against Trooper Ziegenhorn, as submitted in Instruction No. 12, of $_____.

_____                         _____
Foreperson                                                              Date/time

Court's Special Verdicts                                        4:17-cv-780-DPM
8 July 2021                                                         *Tanner v. Ziegenhorn*