## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**JAMES ANDREW TANNER**                                      **PLAINTIFF**

v.                              **No. 4:17-cv-780-DPM**

**KURT ZIEGENHORN, in his individual
capacity, and BILL BRYANT, Colonel,
in his official capacity as head of the
Arkansas State Police;  WILLIAM
SADLER,"Bill", in his individual capacity;
JOHN DOE 1–5, individually and in their
official capacity;  MIKE KENNEDY, individually;
and ELIZABETH CHAPMAN, individually**            **DEFENDANTS**

### JUDGMENT

1.     The Court resolved many of the federal and state claims against various defendants in pretrial Orders.   The Court enters judgment against James Andrew Tanner, and for the various defendants, as specified in the attached chart on all the claims dismissed with prejudice before trial.  The other listed claims that were not tried are dismissed without prejudice.

2.     The Court held a jury trial in Little Rock from 6 July 2021 to 8 July 2021 on Tanner's unresolved Fourth Amendment claims (and echoing Arkansas law claims) and his unresolved First Amendment claims (and echoing Arkansas law claims).   The eight-person jury returned three unanimous special verdicts, *Doc. 135*, which the Court

attaches and incorporates. The Court resolved the remaining issues of law and fact (with the parties' consent) on the speech issues in a Memorandum Opinion and Order.

**3.** Based on the jury's special verdicts 2 and 3, the Court enters judgment for James Andrew Tanner on his Fourth Amendment claim and echoing Arkansas law claim about the December 2014 Wal-Mart encounter against Kurt Ziegenhorn, in his individual capacity, for $1.00 in nominal damages, post-judgment interest at a rate of 0.09%, and a reasonable attorney's fee and costs as may be allowed on later timely motion, on these seizure claims. FED. R. CIV. P. 54(d); 28 U.S.C. § 1920; 42 U.S.C. § 1988.

**4.** Based on special verdict 1 and the Court's post-trial rulings, the Court enters judgment for James Andrew Tanner on his First Amendment claim and echoing Arkansas law claim against Colonel Bill Bryant, in his official capacity as head of the Arkansas State Police.

The Court declares:

- The State Police violated the First Amendment and article 2, section 6 of the Arkansas Constitution in blocking Tanner from the State Police's Facebook page based on Tanner's use of profanity in private messages to page administrators; and

- The State Police's use of Facebook's "strong" profanity filter, and its inclusion of the words "pig", "pigs", "copper", and

"jerk", violate the First Amendment and article 2, section 6 of the Arkansas Constitution.

The Court orders Colonel Bryant to unblock Tanner from the State Police's Facebook page.  The Court further orders Colonel Bryant to develop and implement a narrower approach to filtering comments on the State Police's Facebook page.  This narrower approach must not engage in any viewpoint discrimination.   Tanner is entitled to a reasonable attorney's fee, and costs as may later be allowed on timely motion, on these free speech claims.  FED. R. CIV. P. 54(d);  28 U.S.C. § 1920;  42 U.S.C. § 1988.

**5.**     The Court encourages the parties to confer and attempt to resolve the attorney's fees and costs issues.  Tanner's deadline for filing any motion seeking those items is 29 October 2021.

_DPMarshall Jr._

D.P. Marshall Jr.
United States District Judge

_30 September 2021_

| Party | Claims | Disposition |
|---|---|---|
| Bill Bryant | First Amendment, Official Capacity | Proceeded to trial |
| Mike Kennedy | First Amendment, Individual Capacity | Dismissed with prejudice |
| Elizabeth Chapman | First Amendment, Individual Capacity | Dismissed with prejudice |
| Kurt Ziegenhorn | First Amendment Retaliation, Individual Capacity | Dismissed without prejudice |
| Kurt Ziegenhorn | Fourth Amendment, Individual Capacity; November 2014 | Dismissed with prejudice |
| Kurt Ziegenhorn | Fourth Amendment, Individual Capacity; December 2014 | Proceeded to trial |
| Kurt Ziegenhorn | Fourth Amendment, Individual Capacity; False Information | Dismissed with prejudice |
| Kurt Ziegenhorn | Second Amendment, Individual Capacity | Dismissed without prejudice |
| William Sadler | Conspiracy | Dismissed without prejudice |
| William Sadler | Fourteenth Amendment, Individual Capacity | Dismissed without prejudice |
| Kurt Ziegenhorn | Malicious Prosecution | Dismissed with prejudice |
| Kurt Ziegenhorn | Abuse of Process | Dismissed without prejudice |
| Kurt Ziegenhorn | Felony Tort - Perjury | Dismissed with prejudice |

Each echoing state law claim proceeded, or failed, in the same way as each federal claim.

# SPECIAL VERDICT NO. 1

FILED

JUL 8 2021

IN OPEN COURT
TAMMY H. DOWNS
By:_____ DEPUTY CLERK

1. Were the terms and conditions for the Arkansas State Police Facebook page adopted before Tanner's first comment was deleted?

    __X__ Yes

    _____ No

2. Were the terms and conditions of the Arkansas State Police's Facebook page publicly available when Tanner posted his comments?

    __X__ Yes

    _____ No

3. Did the Arkansas State Police delete any of Tanner's comments because of the views expressed in the comments?

    _____ Yes

    __X__ No

4. Did the Arkansas State Police block Tanner from its Facebook page *because of his views expressed in the comments* or *because of what he said in private messages?* (circle one)


Robin Smith
_____
Foreperson

7-8-21          4:02
_____
Date/time

Court's Special Verdicts
8 July 2021

4:17-cv-780-DPM
*Tanner v. Ziegenhorn*

## SPECIAL VERDICT NO. 2

1. Did Tanner raise his voice to an unreasonable or excessive volume during the Wal-Mart encounter?

    _____ Yes

    ___X___ No

2. Was Tanner's voice at a level where it was attracting other people's attention during the Wal-Mart encounter?

    ___X___ Yes

    _____ No

3. Did the encounter between Tanner and Trooper Ziegenhorn at Wal-Mart cause anyone to gather around them?

    _____ Yes

    ___X___ No

4. Did Tanner's demeanor change during the Wal-Mart encounter?

    ___X___ Yes

    _____ No

5. Did Tanner stiffen up his posture during the Wal-Mart encounter?

    ___X___ Yes

    _____ No

Robin Smith
_____
Foreperson

7-8-21    4:02
_____
Date/time

Court's Special Verdicts
8 July 2021

4:17-cv-780-DPM
*Tanner v. Ziegenhorn*

U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
FILED

JUL   8 2021

IN OPEN COURT
TAMMY H. DOWNS
By:

## SPECIAL VERDICT NO. 3

1.  We find Drew Tanner's compensatory damages, as submitted
    in Instruction No. 10, to be:

    $_____0_____.

U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
**FILED**

JUL  8 2021

By_____

If your answer to Question 1 is "0", then you must award Tanner
nominal damages of $1.00 in Question 2 and answer Question 3.

If your answer to Question 1 is greater than "0", skip Question 2
and answer Question 3.

2.  We find Tanner's nominal damages to be $____1.00____,    as
    submitted in Instruction No. 11.

3.  We assess punitive damages against Trooper Ziegenhorn, as
    submitted in Instruction No. 12, of $____0____.

_____Robin Smith_____
Foreperson

_____7-8-21_____ _____5:53 pm_____
Date/time

Court's Special Verdicts
8 July 2021

4:17-cv-780-DPM
*Tanner v. Ziegenhorn*