IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES ANDREW TANNER                                                         PLAINTIFF

v.                          No. 4:17-cv-780-DPM

KURT ZIEGENHORN, in his individual
capacity, and BILL BRYANT, Colonel,
in his official capacity as head of the
Arkansas State Police                                                       DEFENDANTS

ORDER

Tanner's motion for attorney's fees and costs, *Doc. 144*, is granted as specified and otherwise denied. He is entitled to $33.986.31 as a reasonable attorney's fee and costs. *Hensley v. Eckerhart*, 461 U.S. 424, 433–40 (1983); *Quigley v. Winter*, 598 F.3d 938, 956–59 (8th Cir. 2010). Here is how and why the Court made its decision.

The Court awards most of Tanner's expenses, though not in the way requested. The filing fee and copies, a total of $990.94, are recoverable as costs. 28 U.S.C. § 1920(1) & (4). The other things, a total of $2,995.37, though unchallenged, are not recoverable as costs. But, they are the kind of expenses routinely billed as out-of-pocket expenses and will be awarded as part of a reasonable fee. *Hernandez v. Bridgestone Americas Tire Operations, LLC*, 831 F.3d 940, 949 (8th Cir. 2016).

As the parties recognize, Tanner's success on the merits of his many claims was limited. Early on, there was much pleading and repleading. This diffuse approach was not the most efficient one. Two of Tanner's thirteen federal claims (and echoing state claims) went to trial. The Court's initial perception was that the First Amendment issues were the core of the case. *Doc. 60.* But Tanner did little discovery on them; they did not come into clear focus until trial; and the proof necessitated extensive post-trial briefing. All this ended up taking more time than it should have. Tanner prevailed on his tried claims. He received nominal damages, a declaration that the State Police's Facebook administration had violated the Constitution, and an injunction requiring a fix. The last two things are significant achievements. The Court notes, and has considered, counsel's post-trial work, the later-recorded lawyer/client electronic communication, and counsel's efforts on this motion.

The Court appreciates counsel's reductions, but a deeper cut is necessary. One hundred fifty hours is a reasonable number of hours worked for the results achieved. Counsel's requested rate is too high in the Court's experience for this kind of work in the Eastern District of Arkansas by a lawyer with his level of experience. $200 an hour is a reasonable rate. The math is $200/hour x 150 hours = $30,000. On top of that, the Court adds as part of a reasonable fee the $2,995.37 in out-of-pocket expenses that don't qualify as costs.

The Court awards Tanner $32,995.37 for attorney's fees, plus $990.94 in costs, for a total of $33.986.31.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

19 January 2022